# EXHIBIT A



**Royal Bank of Canada**
Commercial Financial Services
1 Place Ville Marie, Mezzanine 1
Montreal, Quebec  H3B 3B5
Transit: 01511
Tel.: 514 874-3726
Fax: 514 874-4986

January 31, 2013

**Delhi-Solac Inc.**
25 John-F.-Kennedy Street
St-Jérôme, Quebec
J7Y 4B4

ROYAL BANK OF CANADA (the **"Bank"**) hereby confirms the credit facilities described below (the **"Credit Facilities"**) subject to the terms and conditions set forth below and in the attached Terms & Conditions and Schedules (collectively the **"Agreement"**). This Agreement amends and restates without novation the existing agreement dated August 24, 2010 and any amendments thereto. Any amount owing by the Borrower to the Bank under such previous agreement is deemed to be a Borrowing under this Agreement. Any and all security that has been delivered to the Bank and is set forth as Security below, shall remain in full force and effect, is expressly reserved by the Bank and shall apply in respect of all obligations of the Borrower under the Credit Facilities. Unless otherwise provided, all dollar amounts are in Canadian currency.

The Bank reserves all of its rights and remedies at any time and from time to time in connection with any or all breaches, defaults or events of default now existing or hereafter arising under this Agreement or any other agreement delivered to the Bank, and whether known or unknown, and this Agreement shall not be construed as a waiver of any such breach, default or events of default.

<u>**BORROWER**</u>

Delhi-Solac Inc. (the **"Borrower"**).

<u>**CREDIT FACILITIES**</u>

**Facility (1):**  $4,500,000 revolving demand facility by way of:

a)  RBP based loans (**"RBP Loans"**);

| Revolve in increments of: | $5,000 | Minimum retained balance: | $0.00 |
|---|---|---|---|
| Revolved by: | Bank | Interest rate (per annum): | RBP + 1.75% |

b)  RBUSBR based loans in US currency (**"RBUSBR Loans"**);

| Revolve in increments of: | $5,000 | Minimum retained balance: | $0.00 |
|---|---|---|---|
| Revolved by: | Bank | Interest rate (per annum): | RBUSBR + 1.75% |

---

® Registered Trademark of Royal Bank of Canada

SRF No.: 630 060 390

Delhi-Solac Inc.                                        - 2 -                                    January 31, 2013

c)   Bankers' Acceptances (**"BAs"**);

| Acceptance fee (per annum): | 3.25% |
|---|---|

d)   Letters of Credit in Canadian currency or US currency (**"LCs"**);

> Fees to be advised on a transaction-by-transaction basis. Fees and drawings to be charged to Borrower's accounts.

e)   Letters of Guarantee in Canadian currency or US currency (**"LGs"**). [1]

> Fees to be advised on a transaction-by-transaction basis. Fees and drawings to be charged to Borrower's accounts.  Minimum fee of $100 in the currency of issue.

[1] **The total of all LGs must not exceed $200,000 at any time.**

## Availability

The Borrower may borrow, convert, repay and reborrow up to the amount of this facility provided this facility is made available at the sole discretion of the Bank and the Bank may cancel or restrict the availability of any unutilized portion at any time and from time to time without notice.

Borrowings outstanding under this facility must not exceed at any time the aggregate of the following, less Potential Prior-Ranking Claims (the **"Borrowing Limit"**):

a)   an amount of $500,000 until the earlier of (i) the registration date of the security agreement and filing under Uniform Commercial Code (UCC) in North Carolina, as outlined under **SECURITY** section, paragraph g), and (ii) February 28, 2013;

b)   75% of Good Canadian/US Accounts Receivable;

c)   to a maximum of $2,500,000, 50% of the lesser of cost or net realizable value of Unencumbered Inventory.

## Repayment

Notwithstanding compliance with the covenants and all other terms and conditions of this Agreement, and regardless of the maturities of any outstanding instruments or contracts, Borrowings under this facility are repayable on demand.

## General Account

The Borrower shall establish current accounts with the Bank in each of Canadian currency and US currency (each a **"General Account"**) for the conduct of the Borrower's day-to-day banking business. The Borrower authorizes the Bank daily or otherwise as and when determined by the Bank, to ascertain the balance of each General Account and:

a)   if such position is a debit balance the Bank may, subject to the revolving increment amount and minimum retained balance specified in this Agreement, make available a Borrowing by way of RBP Loans, or RBUSBR Loans as applicable, under this facility;

b)   if such position is a credit balance, where the facility is indicated to be Bank revolved, the Bank may, subject to the revolving increment amount and minimum retained balance specified in this Agreement, apply the amount of such credit balance or any part as a repayment of any Borrowings outstanding by way of RBP Loans, or RBUSBR Loans as applicable, under this facility.

## OTHER FACILITIES

The Credit Facilities are in addition to the following facilities (the **"Other Facilities"**). The Other Facilities will be governed by this Agreement and separate agreements between the Borrower and the Bank. In the event of a conflict between this Agreement and any such separate agreement, the terms of the separate agreement will govern.

    a)    VISA Business to a maximum amount of $60,000;

    b)    Foreign Exchange Forward Contracts outstanding at any time and from time to time.

## FEES

| **One Time Fees:** | **Monthly Fees:** |
|---|---|
| Payable upon acceptance of this Agreement or as agreed upon between the Borrower and the Bank. | Payable in arrears on the same day of each month. |
| Temporary accommodation fee:   $250. | Monthly management fee:   $125. |

## SECURITY

Security for the Borrowings and all other obligations of the Borrower to the Bank (collectively, the **"Security"**), shall include:

    a)    Assignment under section 427 of the *Bank Act* (Canada) constituting a first ranking security interest on raw materials, goods in process and finished products of the Borrower;

    b)    General security agreement signed by the Borrower constituting a first ranking security interest in all personal property of the Borrower, duly registered in the Province of Ontario;

    c)    Movable hypothec of $9,710,000 signed by the Borrower constituting a first ranking security interest on the universality of all present and future assets, corporeal and incorporeal;

    d)    Movable hypothec – all present and future obligations – of $5,060,000 signed by the Borrower constituting a first ranking security interest on the universality of all present and future accounts receivable and inventory of the Borrower;

    e)    Charge / Mortgage of Land of $9,700,000 signed by the Borrower constituting a first ranking security interest on the property located at 65 Waverly Street, Delhi, Ontario;

    f)    Subordination of claims of $2,500,000 signed by Janren Securities Inc., accompanied by a directors' resolution;

    g)    Guaranty and subordination agreement (form 90055) in the amount of $6,500,000 signed by Solaris Industries, Inc., accompanied by an independent legal advice and supported by a security agreement and filing under Uniform Commercial Code (UCC) constituting a first ranking security interest on all present and future accounts receivable and inventory of Solaris Industries, Inc., to be registered in the state of North Carolina;

    h)    Certificate of insurance evidencing fire and other perils coverage on the assets of the Borrower, showing the Bank as loss payee as its interests may appear.

## FINANCIAL COVENANTS

In the event that the Borrower changes accounting standards, accounting principles and/or the application of accounting principles during the term of this Agreement, all financial covenants shall be calculated using the accounting standards and principles applicable at the time this Agreement was entered into.

Without affecting or limiting the right of the Bank to terminate or demand payment of, or cancel or restrict availability of any unutilized portion of any demand or other discretionary facility, the Borrower covenants and agrees with the Bank that the Borrower will maintain:

> to be measured as at the end of each fiscal quarter:

    i)     a ratio of Total Liabilities to Tangible Net Worth of not greater than 2.50:1;

> to be measured as at the end of each fiscal year:

    ii)    Fixed Charge Coverage of not less than 1.25:1.

## REPORTING REQUIREMENTS

The Borrower will provide the following to the Bank:

a)    monthly Borrowing Limit Certificate including reports described therein, substantially in the form of Schedule "G" signed on behalf of the Borrower by any one of the Chief Executive Officer, the Vice-President Finance, the Treasurer, the Comptroller, the Chief Accountant or any other employee of the Borrower holding equivalent office, within 20 days of each month-end;

b)    quarterly internally prepared financial statements of the Borrower within 30 days of each fiscal quarter-end;

c)    quarterly internally prepared financial statements, on a non-consolidated basis, of Solaris Industries, Inc. within 30 days of each fiscal quarter-end;

d)    quarterly Compliance Certificate, substantially in the form of Schedule "H" signed by an authorized signing officer of the Borrower, within 30 days of each fiscal quarter-end, certifying compliance with this Agreement including the financial covenants set forth in the Agreement;

e)    annual audited financial statements, on a non-consolidated basis, of the Borrower within 120 days of each fiscal year-end;

f)    annual review engagement financial statements, on a consolidated basis, of the Borrower within 120 days of each fiscal year-end;

g)    annual review engagement financial statements, on a non-consolidated basis, of Solaris Industries, Inc. within 120 days of each fiscal year-end;

h)    annual budget of the Borrower, on a consolidated and non-consolidated basis, within 120 days of each fiscal year-end; and

i)    such other financial and operating statements and reports as and when the Bank may reasonably require.

Delhi-Solac Inc.                                   - 5 -                                   January 31, 2013

## CONDITIONS PRECEDENT

In no event will the Credit Facilities or any part thereof be available unless the Bank has received:

  a)    a duly executed copy of this Agreement;

  b)    the Security provided for herein, registered, as required, to the satisfaction of the Bank;

  c)    such financial and other information or documents relating to the Borrower or any Guarantor if applicable as the Bank may reasonably require; and

  d)    such other authorizations, approvals, opinions and documentation as the Bank may reasonably require.

  Additionally:

  e)    all documentation to be received by the Bank shall be in form and substance satisfactory to the Bank.

## GOVERNING LAW JURISDICTION

Province of Quebec.

## OTHER REQUIREMENTS

The Borrower covenants and agrees with the Bank that:

  a)    the Borrower will not make any loans to affiliated companies or other related parties without the prior written consent of the Bank;

  b)    the Borrower will not pay any dividends without the prior written consent of the Bank;

  c)    total advances to Solaris Industries, Inc. should not exceed $4,000,000 reducing to $3,000,000 on March 31, 2013, without the prior written consent of the Bank. Advances are described as loans, advances, investments and accounts receivable exceeding 90 days.

## ACCEPTANCE

This Agreement is open for acceptance until **March 1, 2013**, after which date it will be null and void, unless extended in writing by the Bank.

**ROYAL BANK OF CANADA**

Geneviève Arpin
Senior Account Manager

Delhi-Solac Inc.                                    - 6 -                                    January 31, 2013

We acknowledge and accept the terms and conditions of this Agreement
on this ___11___ day of ___February___, 2013.

**DELHI-SOLAC INC.**

Per: _____
Name: _____
Title: _____

Per: _____
Name: _____
Title: _____

I/We have the authority to bind the Borrower.

/lb

Attachments:

Terms and Conditions

Schedules:

- Definitions
- Calculation and Payment of Interest and Fees
- Notice Requirements
- Additional Borrowing Conditions
- Borrowing Limit Certificate
- Compliance Certificate
- RBC Covarity Dashboard Terms and Conditions.

## TERMS AND CONDITIONS

The Bank is requested by the Borrower to make the Credit Facilities available to the Borrower in the manner and at the rates and times specified in this Agreement. Terms defined elsewhere in this Agreement and not otherwise defined in the Terms and Conditions below or the Schedules attached hereto have the meaning given to such terms as so defined. In consideration of the Bank making the Credit Facilities available, the Borrower agrees, and if the Borrower is comprised of more than one Person, such Persons jointly and severally agree, or in Quebec solidarily agree with the Bank as follows:

### REPAYMENT

Amounts outstanding under the Credit Facilities, together with interest, shall become due in the manner and at the rates and times specified in this Agreement and shall be paid in the currency of the Borrowing. Unless the Bank otherwise agrees, any payment hereunder must be made in money which is legal tender at the time of payment. In the case of a demand facility of any kind, the Borrower shall repay all principal sums outstanding under such facility upon demand including, without limitation, an amount equal to the face amount of all LCs, LGs, and BAs which are unmatured or unexpired, which amount shall be held by the Bank as security for the Borrower's obligations to the Bank in respect of such Borrowings. Where any Borrowings are repayable by scheduled blended payments, such payments shall be applied, firstly, to interest due, and the balance, if any, shall be applied to principal outstanding. If any such payment is insufficient to pay all interest then due, the unpaid balance of such interest will be added to such Borrowing, will bear interest at the same rate, and will be payable on demand or on the date specified herein, as the case may be. Borrowings repayable by way of scheduled payments of principal and interest shall be so repaid with any balance of such Borrowings being due and payable as and when specified in this Agreement. The Borrower shall ensure that the maturities of instruments or contracts selected by the Borrower when making Borrowings will be such so as to enable the Borrower to meet its repayment obligations. For any Borrowings that are repayable by scheduled payments, if the scheduled payment date is changed then the Maturity Date of the applicable Borrowings shall automatically be amended accordingly.

In the case of any reducing term loan and/or reducing term facility (**"Reducing Term Loan/Facility"**), provided that nothing contained in this paragraph shall confer any right of renewal or extension upon the Borrower, the Borrower and the Bank agree that, at the Bank's option, the Bank may provide a letter (**"Renewal Letter"**) to the Borrower setting out the terms upon which the Bank is prepared to extend the Reducing Term Loan/Facility. In the event that the Bank provides a Renewal Letter to the Borrower and the Reducing Term Loan/Facility is not repaid on or before the Maturity Date of the applicable Reducing Term Loan/Facility, then at the Bank's option the Reducing Term Loan/Facility shall be automatically renewed on the terms set out in the Renewal Letter and the terms of this Agreement shall be amended accordingly.

### PREPAYMENT

Where Borrowings are by way of RBP Loans or RBUSBR Loans, the Borrower may prepay such Borrowings in whole or in part without fee or premium.

### EVIDENCE OF INDEBTEDNESS

The Bank shall maintain accounts and records (the **"Accounts"**) evidencing the Borrowings made available to the Borrower by the Bank under this Agreement. The Bank shall record the principal amount of such Borrowings, the payment of principal and interest on account of the Borrowings, and all other amounts becoming due to the Bank under this Agreement. The Accounts constitute, in the absence of manifest error, conclusive evidence of the indebtedness of the Borrower to the Bank pursuant to this Agreement. The Borrower authorizes and directs the Bank to automatically debit, by mechanical, electronic or manual means, any bank account of the Borrower for all amounts payable under this Agreement, including, but not limited to, the repayment of principal and the payment of interest, fees and all charges for the keeping of such bank accounts.

Delhi-Solac Inc.                                    - 8 -                                    January 31, 2013

## GENERAL COVENANTS

Without affecting or limiting the right of the Bank to terminate or demand payment of, or cancel or restrict availability of any unutilized portion of, any demand or other discretionary facility, the Borrower covenants and agrees with the Bank that the Borrower:

a) will pay all sums of money when due under the terms of this Agreement;

b) will immediately advise the Bank of any event which constitutes or which, with notice, lapse of time or both, would constitute a breach of any covenant or other term or condition of this Agreement or any Security;

c) will file all material tax returns which are or will be required to be filed by it, pay or make provision for payment of all material taxes (including interest and penalties) and Potential Prior-Ranking Claims, which are or will become due and payable and provide adequate reserves for the payment of any tax, the payment of which is being contested;

d) will give the Bank 30 days prior notice in writing of any intended change in its ownership structure and it will not make or facilitate any such changes without the prior written consent of the Bank;

e) will comply with all Applicable Laws, including, without limitation, all Environmental Laws;

f) will immediately advise the Bank of any action requests or violation notices received concerning the Borrower and hold the Bank harmless from and against any losses, costs or expenses which the Bank may suffer or incur for any environment related liabilities existent now or in the future with respect to the Borrower;

g) will deliver to the Bank such financial and other information as the Bank may reasonably request from time to time, including, but not limited to, the reports and other information set out under Reporting Requirements;

h) will immediately advise the Bank of any unfavourable change in its financial position which may adversely affect its ability to pay or perform its obligations in accordance with the terms of this Agreement;

i) will keep its assets fully insured against such perils and in such manner as would be customarily insured by Persons carrying on a similar business or owning similar assets and, in addition, for any buildings located in areas prone to flood and/or earthquake, will insure and keep fully insured such buildings against such perils;

j) except for Permitted Encumbrances, will not, without the prior written consent of the Bank, grant, create, assume or suffer to exist any mortgage, charge, lien, pledge, security interest or other encumbrance affecting any of its properties, assets or other rights;

k) will not, without the prior written consent of the Bank, sell, transfer, convey, lease or otherwise dispose of any of its properties or assets other than in the ordinary course of business and on commercially reasonable terms;

l) will not, without the prior written consent of the Bank, guarantee or otherwise provide for, on a direct, indirect or contingent basis, the payment of any monies or performance of any obligations by any other Person, except as may be provided for herein;

m) will not, without the prior written consent of the Bank, merge, amalgamate, or otherwise enter into any other form of business combination with any other Person;

n) will permit the Bank or its representatives, from time to time, i) to visit and inspect the Borrower's premises, properties and assets and examine and obtain copies of the Borrower's records or other information, ii) to collect information from any entity regarding any Potential Prior-Ranking Claims and iii) to discuss the Borrower's affairs with the auditors, counsel and other professional advisers of the Borrower. The Borrower hereby authorizes and directs any such third party to provide to the Bank or its representatives all such information, records or documentation requested by the Bank; and

o) will not use the proceeds of any Credit Facility for the benefit or on behalf of any Person other than the Borrower.

## EXPENSES, ETC.

The Borrower agrees to pay the Bank all fees, as stipulated in this Agreement. The Borrower also agrees to pay all fees (including legal fees), costs and expenses incurred by the Bank in connection with preparation, negotiation and documentation of this Agreement and any Security and the operation, enforcement or termination of this Agreement and the Security. The Borrower shall indemnify and hold the Bank harmless against any loss, cost or expense incurred by the Bank if any facility under the Credit Facilities is repaid or prepaid other than on its Maturity Date. The determination by the Bank of such loss, cost or expense shall be conclusive and binding for all purposes and shall include, without limitation, any loss incurred by the Bank in liquidating or redeploying deposits acquired to make or maintain any facility.

## GENERAL INDEMNITY

The Borrower hereby agrees to indemnify and hold the Bank and its directors, officers, employees and agents harmless from and against any and all claims, suits, actions, demands, debts, damages, costs, losses, obligations, judgements, charges, expenses and liabilities of any nature which are suffered, incurred or sustained by, imposed on or asserted against any such Person as a result of, in connection with or arising out of i) any breach of any term or condition of this Agreement or any Security or any other agreement delivered to the Bank by the Borrower or any Guarantor if applicable, ii) the Bank acting upon instructions given or agreements made by electronic transmission of any type, iii) the presence of Contaminants at, on or under or the discharge or likely discharge of Contaminants from, any properties now or previously used by the Borrower or any Guarantor and iv) the breach of or non compliance with any Applicable Law by the Borrower or any Guarantor.

## AMENDMENTS AND WAIVERS

No amendment or waiver of any provision of this Agreement will be effective unless it is in writing, signed by the Borrower and the Bank. No failure or delay, on the part of the Bank, in exercising any right or power hereunder or under any Security or any other agreement delivered to the Bank shall operate as a waiver thereof. Any amendments requested by the Borrower will require review and agreement by the Bank and its counsel. Costs related to this review will be for the Borrower's account.

## SUCCESSORS AND ASSIGNS

This Agreement shall extend to and be binding upon the parties hereto and their respective heirs, executors, administrators, successors and permitted assigns. The Borrower shall not be entitled to assign or transfer any rights or obligations hereunder, without the consent in writing of the Bank. The Bank may assign or transfer all or any part of its rights and obligations under this Agreement to any Person. The Bank may disclose to potential or actual assignees or transferees confidential information regarding the Borrower and any Guarantor if applicable, (including, any such information provided by the Borrower, and any Guarantor if applicable, to the Bank) and shall not be liable for any such disclosure.

## GAAP

Unless otherwise provided, all accounting terms used in this Agreement shall be interpreted in accordance with Canadian Generally Accepted Accounting Principles, as appropriate, for publicly accountable enterprises, private enterprises, not-for-profit organizations, pension plans and in accordance, as appropriate, with Public Sector Accounting Standards for government organizations in effect from time to time, applied on a consistent basis from period to period. All financial statements and/or reports shall be prepared using one of the above bases of presentation, as appropriate. Except for the transition of accounting standards in Canada, any change in accounting principles or the application of accounting principles is only permitted with the prior written consent of the Bank.

## SEVERABILITY

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement and such invalid provision shall be deemed to be severable.

## GOVERNING LAW

This Agreement shall be construed in accordance with and governed by the laws of the Province identified in the Governing Law Jurisdiction section of this Agreement and the laws of Canada applicable therein. The Borrower irrevocably submits to the non-exclusive jurisdiction of the courts of such Province and acknowledges the competence of such courts and irrevocably agrees to be bound by a judgment of any such court.

## DEFAULT BY LAPSE OF TIME

The mere lapse of time fixed for performing an obligation shall have the effect of putting the Borrower, or a Guarantor if applicable, in default thereof.

## SET-OFF

The Bank is authorized (but not obligated), at any time and without notice, to apply any credit balance (whether or not then due) in any account in the name of the Borrower, or to which the Borrower is beneficially entitled (in any currency) at any branch or agency of the Bank in or towards satisfaction of the indebtedness of the Borrower due to the Bank under the Credit Facilities and the other obligations of the Borrower under this Agreement. For that purpose, the Bank is irrevocably authorized to use all or any part of any such credit balance to buy such other currencies as may be necessary to effect such application.

## NOTICES

Any notice or demand to be given by the Bank shall be given in writing by way of a letter addressed to the Borrower. If the letter is sent by telecopier, it shall be deemed received on the date of transmission, provided such transmission is sent prior to 5:00 p.m. on a day on which the Borrower's business is open for normal business, and otherwise on the next such day. If the letter is sent by ordinary mail to the address of the Borrower, it shall be deemed received on the date falling five (5) days following the date of the letter, unless the letter is hand-delivered to the Borrower, in which case the letter shall be deemed to be received on the date of delivery. The Borrower must advise the Bank at once about any changes in the Borrower's address.

## CONSENT OF DISCLOSURE

The Borrower hereby grants permission to any Person having information in such Person's possession relating to any Potential Prior-Ranking Claim, to release such information to the Bank (upon its written request), solely for the purpose of assisting the Bank to evaluate the financial condition of the Borrower.

Delhi-Solac Inc. - 11 - January 31, 2013

## NON-MERGER

The provisions of this Agreement shall not merge with any Security provided to the Bank, but shall continue in full force for the benefit of the parties hereto.

## JOINT AND SEVERAL

Where more than one Person is liable as Borrower or Guarantor if applicable for any obligation under this Agreement, then the liability of each such Person for such obligation is joint and several (in Quebec, solidarily) with each other such Person.

## LIFE AND DISABILITY INSURANCE

The Borrower acknowledges that the Bank has offered it insurance on the Borrowings under Business Loan Insurance Plan Policy 51000 ("Policy") issued by Sun Life Assurance Company of Canada to the Bank and the Borrower hereby waives this offer or acknowledges it is ineligible for this offer and acknowledges that Borrowings are not insured under the Policy as at the date of acceptance of this Agreement.

If there are any discrepancies between the insurance information above, and the Business Loan Insurance Plan documents regarding the Borrowings, the Business Loan Insurance Plan documents govern.

## COUNTERPART EXECUTION

This Agreement may be executed in any number of counterparts and by different parties in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together constitute one and the same instrument.

## ELECTRONIC MAIL AND FAX TRANSMISSION

The Bank is entitled to rely on any agreement, document or instrument provided to the Bank by the Borrower or any Guarantor as applicable, by way of electronic mail or fax transmission as though it were an originally signed document. The Bank is further entitled to assume that any communication from the Borrower received by electronic mail or fax transmission is a reliable communication from the Borrower.

## ELECTRONIC IMAGING

The parties hereto agree that, at any time, the Bank may convert paper records of this Agreement and all other documentation delivered to the Bank (each, a "Paper Record") into electronic images (each, an "Electronic Image") as part of the Bank's normal business practices. The parties agree that each such Electronic Image shall be considered as an authoritative copy of the Paper Record and shall be legally binding on the parties and admissible in any legal, administrative or other proceeding as conclusive evidence of the contents of such document in the same manner as the original Paper Record.

Delhi-Solac Inc.                                      - 12 -                                      January 31, 2013

## REPRESENTATIONS AND WARRANTIES

The Borrower, represents and warrants to the Bank that:

a) if it is a corporation, it is duly incorporated, validly existing and duly registered or qualified to carry on business in each jurisdiction in which its business or assets are located;

b) the execution, delivery and performance by it of this Agreement have been duly authorized by all necessary actions and do not violate its constating documents or any Applicable Laws or agreements to which it is subject or by which it is bound;

c) no event has occurred which constitutes, or which, with notice, lapse of time, or both, would constitute, a breach of any covenant or other term or condition of this Agreement or any Security or any other agreement delivered to the Bank;

d) there is no claim, action, prosecution or other proceeding of any kind pending or threatened against it or any of its assets or properties before any court or administrative agency which relates to any non-compliance with any Environmental Laws which, if adversely determined, might have a material adverse effect upon its financial condition or operations or its ability to perform its obligations under this Agreement or any Security, and there are no circumstances of which it is aware which might give rise to any such proceeding which it has not fully disclosed to the Bank; and

e) it has good and marketable title to all of its properties and assets, free and clear of any encumbrances, other than as may be provided for herein.

Representations and warranties are deemed to be repeated as at the time of each Borrowing hereunder.

## LANGUAGE

The parties hereto have expressly requested that this Agreement and all related documents, including notices, be drawn up in the English language. Les parties ont expressément demandé que la présente convention et tous les documents y afférents, y compris les avis, soient rédigés en langue anglaise.

## WHOLE AGREEMENT

This Agreement and any documents or instruments referred to in, or delivered pursuant to, or in connection with, this Agreement constitute the whole and entire agreement between the Borrower and the Bank with respect to the Credit Facilities.

## EXCHANGE RATE FLUCTUATIONS

If, for any reason, the amount of Borrowings outstanding under any facility, when converted to the Equivalent Amount in Canadian currency, exceeds the amount available under such facility, the Borrower shall immediately repay such excess or shall secure such excess to the satisfaction of the Bank.

## INCREASED COSTS

The Borrower shall reimburse the Bank for any additional cost or reduction in income arising as a result of (i) the imposition of, or increase in, taxes on payments due to the Bank hereunder (other than taxes on the overall net income of the Bank), (ii) the imposition of, or increase in, any reserve or other similar requirement, (iii) the imposition of, or change in, any other condition affecting the Credit Facilities imposed by any Applicable Law or the interpretation thereof.

## JUDGEMENT CURRENCY

If for the purpose of obtaining judgement in any court in any jurisdiction with respect to this Agreement, it is necessary to convert into the currency of such jurisdiction (the **"Judgement Currency"**) any amount due hereunder in any currency other than the Judgement Currency, then conversion shall be made at the rate of exchange prevailing on the Business Day before the day on which judgement is given. For this purpose "rate of exchange" means the rate at which the Bank would, on the relevant date, be prepared to sell a similar amount of such currency in the Toronto foreign exchange market, against the Judgement Currency, in accordance with normal banking procedures.

In the event that there is a change in the rate of exchange prevailing between the Business Day before the day on which judgement is given and the date of payment of the amount due, the Borrower will, on the date of payment, pay such additional amounts as may be necessary to ensure that the amount paid on such date is the amount in the Judgement Currency which, when converted at the rate of exchange prevailing on the date of payment, is the amount then due under this Agreement in such other currency together with interest at RBP and expenses (including legal fees on a solicitor and client basis). Any additional amount due from the Borrower under this section will be due as a separate debt and shall not be affected by judgement being obtained for any other sums due under or in respect of this Agreement.

`Schedule "A" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank.

## DEFINITIONS

For the purpose of this Agreement, the following terms and phrases shall have the following meanings:

**"Applicable Laws"** means, with respect to any Person, property, transaction or event, all present or future applicable laws, statutes, regulations, rules, orders, codes, treaties, conventions, judgements, awards, determinations and decrees of any governmental, regulatory, fiscal or monetary body or court of competent jurisdiction in any applicable jurisdiction;

**"Bankers' Acceptance"** or **"BA"** means a bill of exchange, including a depository bill issued in accordance with the Depository Bills and Notes Act (Canada), drawn on the Bank by, and payable to the order of, the Borrower which have been accepted by the Bank;

**"Borrowing"** means each use of a Credit Facility and all such usages outstanding at any time are "Borrowings";

**"Business Day"** means a day, excluding Saturday, Sunday and any other day which shall be a legal holiday or a day on which banking institutions are closed throughout Canada, and when used in connection with a BA, a "Business Day" also excludes any day which shall be a legal holiday or a day on which banking institutions are closed in Toronto, Ontario or in the province where the Borrower's accounts are maintained;

**"Canadian/US Accounts Receivable"** means trade accounts receivable of the Borrower and Solaris Industries, Inc. (up to $6,500,000 in USD for Solaris Industries, Inc.) owing by Persons whose chief operating activities are located in the US or Canada;

**"Capital Expenditures"** means, for any fiscal period, any amounts accrued or paid in respect of any purchase or other acquisition for value of capital assets and, for greater certainty, excludes amounts expended in respect of the normal repair and maintenance of capital assets utilized in the ordinary course of business;

**"Contaminant"** includes, without limitation, any pollutant, dangerous substance, liquid waste, industrial waste, hazardous material, hazardous substance or contaminant including any of the foregoing as defined in any Environmental Law;

**"Corporate Distributions"** means any payments to any shareholder, director or officer of the Borrower, or to any associate or holder of subordinated debt of the Borrower, or to any shareholder, director or officer of any associate or holder of subordinated debt of the Borrower, including, without limitation, bonuses, dividends, interest, salaries or repayment of debt or making of loans to any such Person, but excluding salaries to officers or other employees in the ordinary course of business.

**"EBITDA"** means, for any fiscal period, net income from continuing operations (excluding extraordinary gains or losses) plus, to the extent deducted in determining net income, Interest Expense and income taxes accrued during, and depreciation, depletion and amortization expenses deducted for, the period;

**"Environmental Activity"** means any activity, event or circumstance in respect of a Contaminant, including, without limitation, its storage, use, holding, collection, purchase, accumulation, assessment, generation, manufacture, construction, processing, treatment, stabilization, disposition, handling or transportation, or its Release into the natural environment, including movement through or in the air, soil, surface water or groundwater;

**"Environmental Laws"** means all Applicable Laws relating to the environment or occupational health and safety, or any Environmental Activity;

**"Equity"** means the total of share capital, (excluding preferred shares redeemable within one year) contributed surplus and retained earnings plus Postponed Debt;

**"Equivalent Amount"** means, with respect to an amount of any currency, the amount of any other currency required to purchase that amount of the first mentioned currency through the Bank in Toronto, in accordance with normal banking procedures;

**"Fixed Charges"** means, for any fiscal period, the total of Interest Expense, scheduled principal payments in respect of Funded Debt, payments under operating leases and Corporate Distributions;

**"Fixed Charge Coverage"** means, for any fiscal period, the ratio of EBITDA plus payments under operating leases less cash income taxes and Unfunded Capital Expenditures to Fixed Charges;

**"Funded Debt"** means, at any time for the fiscal period then ended, all obligations for borrowed money which bears interest or to which interest is imputed plus, without duplication, all obligations for the deferred payment of the purchase of property, all capital lease obligations and all indebtedness secured by purchase money security interests, but excluding Postponed Debt;

**"Good Canadian/US Accounts Receivable"** means Canadian/US Accounts Receivable excluding (i) the entire amount of accounts, any portion of which is outstanding more than 90 days after billing date, provided that the under 90 day portion may be included where the over 90 day portion is less than 10% of the amount of accounts, or where the Bank has designated such portion as nevertheless good, (ii) all amounts due from any affiliate, (iii) bad or doubtful accounts, (iv) accounts subject to any security interest or other encumbrance ranking or capable of ranking in priority to the Bank's security, (v) the amount of all holdbacks, contra accounts or rights of set-off on the part of any account debtor, (vi) those trade accounts receivable included elsewhere in the Borrowing Limit calculation, or (vii) any accounts which the Bank has previously advised to be ineligible;

**"Guarantor"** means any Person who has guaranteed the obligations of the Borrower under this Agreement;

**"Interest Expense"** means, for any fiscal period, the aggregate cost of advances of credit outstanding during that period including, without limitation, interest charges, capitalized interest, the interest component of capital leases, fees payable in respect of letters of credit and letters of guarantee and discounts incurred and fees payable in respect of bankers' acceptances;

**"Letter of Credit"** or **"LC"** means a documentary credit issued by the Bank on behalf of the Borrower for the purpose of paying suppliers of goods;

**"Letter of Guarantee"** or **"LG"** means a documentary credit issued by the Bank on behalf of the Borrower for the purpose of providing security to a third party that the Borrower or a person designated by the Borrower will perform a contractual obligation owed to such third party;

**"Maturity Date"** means the date on which a facility is due and payable in full;

- 3 -                                                                                          Schedule "A"

**"Permitted Encumbrances"** means, in respect of the Borrower:

a) liens arising by operation of law for amounts not yet due or delinquent, minor encumbrances on real property such as easements and rights of way which do not materially detract from the value of such property, and security given to municipalities and similar public authorities when required by such authorities in connection with the operations of the Borrower in the ordinary course of business; and

b) Security granted in favour of the Bank;

**"Person"** includes an individual, a partnership, a joint venture, a trust, an unincorporated organization, a company, a corporation, an association, a government or any department or agency thereof including Canada Revenue Agency, and any other incorporated or unincorporated entity;

**"Postponed Debt"** means indebtedness that is fully postponed and subordinated, both as to principal and interest, on terms satisfactory to the Bank, to the obligations owing to the Bank hereunder;

**"Potential Prior-Ranking Claims"** means all amounts owing or required to be paid, where the failure to pay any such amount could give rise to a claim pursuant to any law, statute, regulation or otherwise, which ranks or is capable of ranking in priority to the Security or otherwise in priority to any claim by the Bank for repayment of any amounts owing under this Agreement;

**"RBP"** and **"Royal Bank Prime"** each means the annual rate of interest announced by the Bank from time to time as being a reference rate then in effect for determining interest rates on commercial loans made in Canadian currency in Canada;

**"RBUSBR"** and **"Royal Bank US Base Rate"** each means the annual rate of interest announced by the Bank from time to time as a reference rate then in effect for determining interest rates on commercial loans made in US currency in Canada;

**"Release"** includes discharge, spray, inject, inoculate, abandon, deposit, spill, leak, seep, pour, emit, empty, throw, dump, place and exhaust, and when used as a noun has a similar meaning;

**"Tangible Net Worth"** means the total of Equity less intangible assets, prepaids, software, deferred charges, leasehold improvements, deferred tax credits and all advances, loans, accounts receivable from related companies and investments to related parties. For the purpose hereof, intangibles are assets lacking physical substance;

**"Total Liabilities"** means all liabilities (including all LCs and LGs), exclusive of deferred tax liabilities and Postponed Debt;

**"Unencumbered Inventory"** means inventory of the Borrower which is not subject to any security interest or other encumbrance or any other right or claim which ranks or is capable of ranking in priority to the Bank's security including, without limitation, rights of unpaid suppliers under the *Bankruptcy and Insolvency Act,* Canada, to repossess inventory within 30 days after delivery and rights of unpaid farmers, fishermen and aquaculturalists in respect of any unpaid amounts for products sold and delivered within the previous 15 days, under the *Bankruptcy and Insolvency Act,* Canada;

**"Unfunded Capital Expenditures"** means Capital Expenditures not funded by either bank debt or equity proceeds;

**"US"** means United States of America.

Schedule "B" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank.

## CALCULATION AND PAYMENT OF INTEREST AND FEES

### LIMIT ON INTEREST
The Borrower shall not be obligated to pay any interest, fees or costs under or in connection with this Agreement in excess of what is permitted by Applicable Law.

### OVERDUE PAYMENTS
Any amount that is not paid when due hereunder shall, unless interest is otherwise payable in respect thereof in accordance with the terms of this Agreement or the instrument or contract governing same, bear interest until paid at the rate of RBP plus 5% per annum or, in the case of an amount in US currency if applicable, RBUSBR plus 5% per annum.  Such interest on overdue amounts shall be computed daily, compounded monthly and shall be payable both before and after any or all of default, maturity date, demand and judgement.

### EQUIVALENT YEARLY RATES
The annual rates of interest or fees to which the rates calculated in accordance with this Agreement are equivalent, are the rates so calculated multiplied by the actual number of days in the calendar year in which such calculation is made and divided by 365.

### TIME AND PLACE OF PAYMENT
Amounts payable by the Borrower hereunder shall be paid at such place as the Bank may advise from time to time in the applicable currency.  Amounts due on a day other than a Business Day shall be deemed to be due on the Business Day next following such day.  Interest and fees payable under this Agreement are payable both before and after any or all of default, maturity date, demand and judgement.

### RBP LOANS AND RBUSBR LOANS
The Borrower shall pay interest on each RBP Loan and RBUSBR Loan, monthly in arrears, on the 21st day of each month or such other day as may be agreed to between the Borrower and the Bank.  Such interest will be calculated monthly and will accrue daily on the basis of the actual number of days elapsed and a year of 365 days and shall be paid in the currency of the applicable Borrowing.

### LETTER OF CREDIT FEES
The Borrower shall pay a LC fee on the date of issuance of any LC calculated on the face amount of the LC issued, based upon the number of days in the term and a year of 365 days. If applicable, fees for LCs issued in US currency shall be paid in US currency and fees for LCs issued in any other approved currency shall be paid in Canadian currency.

### LETTER OF GUARANTEE FEES
The Borrower shall pay LG fees in advance on a quarterly basis calculated on the face amount of the LG issued and based on the number of days in the upcoming quarter or remaining term thereof and a year of 365 days. LG fees are non-refundable. If applicable, fees for LGs issued in US currency shall be paid in US currency and fees for LGs issued in any other approved currency shall be paid in Canadian currency.

### BANKERS ACCEPTANCES
The Borrower shall pay an acceptance fee in advance on the date of issue of each BA at the applicable rate provided for in this Agreement.  Acceptance fees shall be calculated on the face amount of the BA issued and based upon the number of days in the term thereof and a year of 365 days.

Schedule "C" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank.

## NOTICE REQUIREMENTS

**Notice Requirements for BAs:**

| Amount | Prior Notice |
|---|---|
| Up to but not including $50,000,000 | By 10:00 a.m. Eastern Standard Time on the day of Borrowing. |
| $50,000,000 and over | By 12:00 p.m. Eastern Standard Time, 1 Business Day prior to the day of Borrowing. |

Schedule "D" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank.

## ADDITIONAL BORROWING CONDITIONS

### BAs:

Borrowings made by way of BAs will be subject to the following terms and conditions:

a) BAs shall be issued and mature on a Business Day and shall be issued in minimum face amounts of $ 500 000 or such larger amounts which are in whole multiples of $1,000 for terms of not less than 30 and not more than 180 days unless otherwise agreed to in writing between the Borrower and the Bank;

b) the Bank may, in its sole discretion, refuse to accept the Borrower's drafts or limit the amount of any BA issue at any time;

c) notwithstanding any other provision of this Agreement, the Borrower shall indemnify the Bank against any loss, cost or expense incurred by the Bank if any BA is repaid, prepaid, converted or cancelled other than on the maturity date of such BA;

d) any BA issued under a term facility must have a maturity on or before the Maturity Date of the term facility, unless otherwise agreed by the Bank; and

e) prior to the issue of any BA the Borrower shall execute the Bank's standard form of undertaking and agreement in respect of BAs. If there is any inconsistency at any time between the terms of this Agreement and the terms of the Bank's standard form of undertaking and agreement, the terms of this Agreement shall govern.

### LCs or LGs:

Borrowings made by way of LCs or LGs will be subject to the following terms and conditions:

a) each LC and LG shall expire on a Business Day and shall have a term of not more than 365 days;

b) at least 2 Business Days prior to the issue of an LC or LG, the Borrower shall execute a duly authorized application with respect to such LC or LG and each LC and LG shall be governed by the terms and conditions of the relevant application for such contract;

c) an LC or LG may not be revoked prior to its expiry date unless the consent of the beneficiary of the LC or LG has been obtained;

d) any LC or LG issued under a term facility must have an expiry date on or before the Maturity Date of the term facility, unless otherwise agreed by the Bank; and

e) if there is any inconsistency at any time between the terms of this Agreement and the terms of the application for LC or LG, the terms of the application for LC or LG shall govern.

-2-                                                                                      Schedule "D"

**FEF Contracts**

**"Foreign Exchange Forward Contract"** or **"FEF Contract"** means a currency exchange transaction or agreement or any option with respect to any such transaction now existing or hereafter entered into between the Borrower and the Bank;

At the Borrower's request, the Bank may agree to enter into FEF Contracts with the Borrower from time to time. The Borrower acknowledges that the Bank makes no formal commitment herein to enter into any FEF Contract and the Bank may, at any time and at all times, in its sole and absolute discretion, accept or reject any request by the Borrower to enter into a FEF Contract. If the Bank does enter into a FEF Contract with the Borrower, it will do so subject to the following:

a) the Borrower shall promptly issue or countersign and return a confirmation or acknowledgement of the terms of each such FEF Contract as required by the Bank;

b) the Borrower shall, if required by the Bank, promptly enter into a Foreign Exchange and Options Master Agreement or such other agreement in form and substance satisfactory to the Bank to govern the FEF Contract(s);

c) in the event of demand for payment under the Agreement of which this schedule forms a part, the Bank may terminate all or any FEF Contracts. If the agreement governing any FEF Contract does not contain provisions governing termination, any such termination shall be effected in accordance with customary market practice. The Bank's determination of amounts owing under any terminated FEF Contract shall be conclusive in the absence of manifest error. The Bank shall apply any amount owing by the Bank to the Borrower on termination of any FEF Contract against the Borrower's obligations to the Bank under the Agreement and any amount owing to the Bank by the Borrower on such termination shall be added to the Borrower's obligations to the Bank under the Agreement and secured by the Security;

d) the Borrower shall pay all required fees in connection with any FEF Contracts and indemnify and hold the Bank harmless against any loss, cost or expense incurred by the Bank in relation to any FEF Contract;

e) any rights of the Bank herein in respect of any FEF Contract are in addition to and not in limitation of or substitution for any rights of the Bank under any agreement governing such FEF Contract. In the event that there is any inconsistency at any time between the terms hereof and any agreement governing such FEF Contract, the terms of such agreement shall prevail; and

f) in addition to any security which may be held at any time in respect of any FEF Contract, upon request by the Bank from time to time, the Borrower will deliver to the Bank such security as is acceptable to the Bank as continuing collateral security for the Borrower's obligations to the Bank in respect of FEF Contracts.

Schedule "G" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank.

### BORROWING LIMIT CERTIFICATE

I, _____, representing the Borrower hereby certify as of _____ :

1. I am familiar with and have examined the provisions of the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank and have made reasonable investigations of corporate records and inquiries of other officers and senior personnel of the Borrower. Terms defined in the Agreement have the same meanings where used in this certificate.

2. The Borrowing Limit is $_____, calculated as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| An amount of $500,000 until the earlier of (i) the registration date of the security agreement and filing under Uniform Commercial Code (UCC) in North Carolina, and (ii) February 28, 2013 | | | | A | | $500,000 |
| Total accounts receivables owing by Persons located in Canada - total Canadian Accounts Receivable of the Borrower | | | | | | $0.00 |
| Less: | a) | Accounts, any portion of which exceeds 90 days | $0.00 | | | |
| | b) | Accounts due from affiliates | $0.00 | | | |
| | c) | "Under 90 days" accounts where collection is suspect | $0.00 | | | |
| | d) | Accounts subject to prior encumbrances | $0.00 | | | |
| | e) | Holdbacks, contra-accounts or rights of set-off | $0.00 | | | |
| | f) | Accounts included elsewhere in the Borrowing Limit calculation | $0.00 | | | |
| | g) | Other ineligible accounts | $0.00 | | | |
| Plus: | h) | Under 90 day portion of accounts included in a) above, where the over 90 day portion is less than 10% of the amount of accounts, or which the Bank has designated as nevertheless good | $0.00 | | | |
| Good Canadian Accounts Receivable of the Borrower | | | | B | | $0.00 |
| | | | | @ | | 75% % |
| Marginable Good Canadian Accounts Receivable of the Borrower at 75% of B | | | | C | | $0.00 |
| Total accounts receivables owing by Persons located in US - total US Accounts Receivable of the Borrower | | | | | | $0.00 |
| Less: | a) | Accounts, any portion of which exceeds 90 days | $0.00 | | | |
| | b) | Accounts due from affiliates | $0.00 | | | |
| | c) | "Under 90 days" accounts where collection is suspect | $0.00 | | | |
| | d) | Accounts subject to prior encumbrances | $0.00 | | | |
| | e) | Holdbacks, contra-accounts or rights of set-off | $0.00 | | | |
| | f) | Accounts included elsewhere in the Borrowing Limit calculation | $0.00 | | | |
| | g) | Other ineligible accounts | $0.00 | | | |
| Plus: | h) | Under 90 day portion of accounts included in a) above, where the over 90 day portion is less than 10% of the amount of accounts, or which the Bank has designated as nevertheless good | $0.00 | | | |
| Good US Accounts Receivable of the Borrower | | | | | | $0.00 |
| Conversion rate 1.00 | | | | D | | $0.00 |
| | | | | @ | | 75% % |
| Marginable Good US Accounts Receivable of the Borrower at 75% of D | | | | E | | $0.00 |

| Page 2 | | Schedule "G" |
|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Total accounts receivables owing by Persons located in US - total US Accounts Receivable of Solaris Industries, Inc. (up to a maximum of $6,500,000) | | | | | $0.00 |
| | | | MAXIMUM | $6,500,000 | $0.00 |
| Less: | a) | Accounts, any portion of which exceeds 90 days | | $0.00 | |
| | b) | Accounts due from affiliates | | $0.00 | |
| | c) | "Under 90 days" accounts where collection is suspect | | $0.00 | |
| | d) | Accounts subject to prior encumbrances | | $0.00 | |
| | e) | Holdbacks, contra-accounts or rights of set-off | | $0.00 | |
| | f) | Accounts included elsewhere in the Borrowing Limit calculation | | $0.00 | |
| | g) | Other ineligible accounts | | $0.00 | |
| Plus: | h) | Under 90 day portion of accounts included in a) above, where the over 90 day portion is less than 10% of the amount of accounts, or which the Bank has designated as nevertheless good | | $0.00 | |

| | | | |
|---|---|---|---|
| Good US Accounts Receivable of Solaris Industries, Inc. | F | $0.00 | |
| Conversion rate 1.00 | | $0.00 | |
| | @ | 75% | % |
| Marginable Good  US Accounts Receivable of Solaris Industries, Inc. at 75% of F | G | $0.00 | |

| | | | | |
|---|---|---|---|---|
| Total Inventory (valued at lesser of cost or net realizable value) | | | | $0.00 |
| Less: | a) | Inventory subject to prior encumbrances | $0.00 | |
| | b) | Inventory subject to 30 day supplier payables | $0.00 | |
| | c) | Other non qualifying inventory | $0.00 | |
| Unencumbered Inventory | | | H | $0.00 |
| | | | @ | 50% |
| Marginable Unencumbered Inventory at 60% of H (Max $2,500,000) | | | | $0.00 |
| | | MAXIMUM | $2,500,000 | I | $0.00 |

| | | | |
|---|---|---|---|
| Less: | Potential Prior-Ranking Claims while not limited to these may include: | | |
| | Sales tax, Excise & GST | | $0.00 |
| | Employee source deductions such as E.I., CPP, Income Tax | | $0.00 |
| | Workers Compensation Board | | $0.00 |
| | Wages, Commissions, Vacation Pay | | $0.00 |
| | Unpaid Pension Plan Contributions | | $0.00 |
| | Overdue Rent, Property & Business Tax and potential claims from third parties such as subcontractors | | $0.00 |
| | Other | | $0.00 |
| | **Total Potential Prior-Ranking Claims** | J | $0.00 |

| | | |
|---|---|---|
| Borrowing Limit (A+C+E+G+I-J) | | $500,000.00 |
| Less: | Facility (1) | $0.00 |
| Margin Surplus (Deficit) | | $500,000.00 |

3. Annexed hereto are the following reports in respect of the Borrower and Solaris Industries, Inc.:
   a) aged lists of accounts receivable,
   b) status of inventory, and
   c) listings of Potential Prior-Ranking Claims.

4. The reports and information provided herewith are accurate and complete in all respects and all amounts certified as Potential Prior-Ranking Claims are current amounts owing and not in arrears.

Dated this _____ day of _____, 20_____.

DELHI-SOLAC INC.

Per:

Name:

Title:

Schedule "H" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada, as the Bank.

### COMPLIANCE CERTIFICATE

I, _____, representing the Borrower hereby certify as of
_____ 20____:

1. I am familiar with and have examined the provisions of the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and Royal Bank of Canada as the Bank, and have made reasonable investigations of corporate records and inquiries of other officers and senior personnel of the Borrower and any Guarantor if applicable. Terms defined in the Agreement have the same meanings where used in this certificate.

2. The representations and warranties contained in the Agreement are true and correct.

3. No event or circumstance has occurred which constitutes or which, with the giving of notice, lapse of time, or both, would constitute an an breach of any covenant or other term or condition of this Agreement and there is no reason to believe that during the next fiscal quarter of the Borrower, any such event or circumstance will occur.

4. To be measured as at the end of each fiscal quarter:

    a) The ratio of Total Liabilities to Tangible Net Worth is _____:1, being not greater than 2.50:1, the required ratio.

    To be measured as at the end of each fiscal year:

    b) Fixed Charge Coverage is _____:1, being not less than 1.25:1, the required ratio.

5. No loans to affiliated companies or other related parties have been made without the prior written consent of the Bank.

6. No dividends have been paid without the prior written consent of the Bank.

7. Total advances to Solaris Industries, Inc. have not exceeded $4,000,000 reducing to $3,000,000 on March 31, 2013 without the prior written consent of the Bank. Advances are described as loans, advances, investments and accounts receivable exceeding 90 days.

8. The detailed calculations of the foregoing ratios and covenants is set forth in the addendum annexed hereto and are true and correct in all respects.

Dated this _____ day of _____, 20____.

**DELHI-SOLAC INC.**

Per:      _____

Name:   _____

Title:     _____


Per:      _____

Name:   _____

Title:     _____

Schedule "J" to the Agreement dated January 31, 2013, between Delhi-Solac Inc., as Borrower, and
Royal Bank of Canada, as the Bank.

### RBC COVARITY DASHBOARD TERMS AND CONDITIONS

If the Borrower elects to fulfill the reporting requirements relating to the submission of financial information
set out in this Agreement by accessing a secure web based portal ("**RBC Covarity Dashboard**") via the
Internet and using RBC Covarity Dashboard to electronically upload the Borrower's financial information
and to complete online and electronically submit certificates, reports and/or forms (the "**Service**"), then
the following terms and conditions (the "RBC Covarity Dashboard Terms and Conditions") apply and are
deemed to be included in, and form part of, the Agreement.

**1. Definitions.** For the purpose of the RBC Covarity Dashboard Terms and Conditions:

"**Disabling Code**" means any clock, timer, counter, computer virus, worm, software lock, drop dead
device, Trojan horse routine, trap door, time bomb, or any other unauthorized codes, designs, routines or
instructions that may be used to access, modify, replicate, distort, delete, damage or disable any
Electronic Channel, including any related hardware or software.

"**Designated User**" an individual permitted to act on behalf of and bind the Borrower in all respects, and
specifically in the submission of Electronically Uploaded Financial Information and/or Electronically
Submitted Certificates.

"**Electronic Channel**" means any telecommunication or electronic transmission method which may be
used in connection with the Service, including computer, Internet, telephone, e-mail or facsimile.

"**Electronic Communication**" means any information, disclosure, request or other communication or
agreement sent, received or accepted using an Electronic Channel.

"**Electronically Submitted Certificates**" means certificates, reports and/or forms completed online and
electronically submitted by any Designated User accessing the Service.

"**Electronically Uploaded Financial Information**" means financial data, reports and/or information of the
Borrower electronically uploaded by any Designated User accessing the Service.

"**Internet**" means a decentralized global communications medium and the world-wide network of
computer networks, accessible to the public, that are connected to each other using specific protocols,
which provides for file transfer, electronic mail, remote log in, news, database access, and other services.

"**Password**" means a combination of numbers and/or letters selected by a Designated User that is used
to identify the Designated User. The Password is used in conjunction with a User ID to access the
Service.

"**Security Breach**" means any breach in the security of the Service, or any actual or threatened use of
the Service, a Security Device, or Electronic Channel in a manner contrary to the Agreement, including,
without limitation, the introduction of Disabling Code or a Virus to the Service.

"**Security Device**" means a combination of a User ID and Password.

"**Software**" means any computer program or programming (in any code format, including source code),
as modified from time to time, and related documentation.

"**User ID**" means the combination of numbers and/or letters selected by the Borrower used to identify a particular Designated User. The User ID is used in conjunction with a Password to access the Service.

"**Virus**" means an element which is designed to corrupt data or enable access to or adversely impact upon the performance of computer systems, including any virus, worm, logic bomb and Trojan horse.Terms defined in the Agreement have the same meanings where used in the RBC Covarity Dashboard Terms and Conditions.

**2. Access to the Service.** The Borrower will appoint one or more Designated User(s) to access the Service on behalf of the Borrower. The Borrower acknowledges and agrees that each Designated User appointed by the Borrower may electronically upload the Borrower's financial information and may view all previously uploaded financial information and all calculations in the RBC Covarity Dashboard.

At the time of registration for the Service, the Borrower will advise the Bank of the name and e-mail address of each Designated User. The Borrower will immediately advise the Bank if a Designated User changes or is no longer valid.

The Bank will provide the Borrower with a User ID and temporary password for each Designated User. Each Designated User will receive the User ID and temporary password delivered to their e-mail address. Each Designated User will change the temporary password to a unique Password which may not be easily guessed or obtained by others. If it is suspected or known that the Password has been compromised in any way, the Password must be changed immediately.

On first access to the Service, each Designated User will be required to read and agree to terms of use which will thereafter be accessible from a link located on each web page of the Service.

**3. Security Devices.** The Borrower recognizes that possession of a Security Device by any person may result in that person having access to the Service. The Borrower agrees that the use of a Security Device in connection with the Service, including any information sent, received or accepted using the Service, will be deemed to be conclusive proof that such information is accurate and complete, and the submission of which is authorized by, and enforceable against, the Borrower.

The Borrower is responsible for maintaining the security and confidentiality of Security Devices which may be used in connection with the Service. The Borrower is responsible for ensuring that a Security Device will only be provided to and used by a Designated User. The Borrower agrees to be bound by any actions or omissions resulting from the use of any Security Device in connection with the Service.

**4. Security.** Each party shall at all times have in place appropriate policies and procedures to protect the security and confidentiality of the Service, Electronic Channels and Electronic Communication and to prevent any unauthorized access to and use of the Service and Electronic Channels. The Borrower agrees to comply with any additional procedures, standards or other security requirements that the Bank may require in order to access the Service.

The Borrower will not (i) access or use the Service for an illegal, fraudulent, malicious or defamatory purpose, or (ii) take steps or actions that could or do undermine the security, integrity, effectiveness, goodwill or connectivity of the Service (including illegal, fraudulent, malicious, defamatory or other activities that threaten to harm or cause harm to any other person).

The Borrower agrees not to transmit via the Service any viruses, worms, defects, Trojan horses or any items of a destructive nature. The Borrower shall maintain the security of their computer by using anti-virus scanning, a firewall and installing the latest security patches to provide assurance that no Virus is introduced into the systems or Software while accessing the Service.

**5. Unsecure Electronic Channels.** The Borrower acknowledges and agrees that if it uses, or if it authorizes and directs the Bank to use, any unencrypted Electronic Channel, including unencrypted e-mail or facsimile, any Electronic Communication sent, received and/or accepted using such Electronic Channel is not secure, reliable, private or confidential. Any such Electronic Communication could be subject to interception, loss or alteration, and may not be received by the intended recipient in a timely manner or at all. The Borrower assumes full responsibility for the risks associated with such Electronic Communication.

**6. Notice of Security Breach.** The Borrower shall notify the Bank by notifying the RBC Account Manager in writing immediately of any Security Breach including: (i) any application vulnerability or if a Virus is contained in or affects transmission of information to the Service; or (ii) if the Borrower knows or reasonably ought to know that an unauthorized person may have access to the Service, Security Device or Electronic Channel.

If a Security Breach occurs the Borrower shall: (i) assist the Bank in the management of any consequences arising from it; (ii) take any reasonable steps necessary for it to take to mitigate any harm resulting from it; and (iii) take appropriate steps to prevent its recurrence.

**7. Binding Effect.** Any Electronic Communication that the Bank receives from or in the name of, or purporting to be from or in the name of, the Borrower or any other person on the Borrower's behalf in connection with the Service, will be considered to be duly authorized by, and enforceable against, the Borrower. The Bank will be authorized to rely and act on any such Electronic Communication, even if the Electronic Communication was not actually from the Borrower or such other person or differs in any way from any previous Electronic Communication sent to the Bank. Any Electronically Uploaded Financial Information will be considered to be financial information submitted to the Bank by an individual permitted to act on behalf of and bind the Borrower in all respects, and the Bank will be authorized to rely and act on any such Electronically Uploaded Financial Information accordingly. Any Electronically Submitted Certificates will be considered to be certificates, reports and/or forms completed and submitted to the Bank by an individual permitted to act on behalf of and bind the Borrower in all respects, and the Bank will be authorized to rely and act on any such Electronically Submitted Certificates accordingly.

**8. Representations and Warranties.** The Borrower represents and warrants to the Bank that each time Electronically Uploaded Financial Information and/or Electronically Submitted Certificates are submitted: (i) all financial statements, certificates, forms, reports and all information contained therein will be accurate and complete in all respects; (ii) all amounts certified as Potential Prior-Ranking Claims will be current amounts owing and not in arrears; (iii) all representations and warranties contained in the Agreement will be true and correct; and (iv) no event will have occurred which constitutes, or which, with notice, lapse of time, or both, would constitute an Event of Default or breach of any covenant or other term or condition of the Agreement. The Borrower will be deemed to repeat these representations and warranties each time Electronically Uploaded Financial Information and/or Electronically Submitted Certificates are submitted.

**9. Evidence.** Electronic records and other information obtained by the Bank in an Electronic Communication will be admissible in any legal, administrative or other proceedings as conclusive evidence of the contents of those communications in the same manner as an original paper document, and the Borrower waives any right to object to the introduction of any such record or other information into evidence on that basis.

**10. Limitation of Liability.** The Bank is not responsible or liable for any damages arising from: (i) inaccurate, incomplete, false, misleading, or fraudulent information provided to the Bank; (ii) losses incurred as a result of an actual or potential Security Breach; or (iii) losses incurred as a result of application vulnerability or Virus that is contained in or affects any Software or systems used by or on behalf of the Borrower in connection with the Service.

Although every effort is made to provide secure transmission of information, timely communication and confidentiality cannot be guaranteed. In no event shall the Bank be liable for any loss or harm resulting from the use of the Service, or from a breach of confidentiality in respect of use of the Service.

**11. Termination.** The ability of the Borrower to fulfill the reporting requirements relating to the submission of financial information set out in the Agreement using RBC Covarity Dashboard shall terminate upon revocation of access to the Service. In addition, the Bank may suspend or terminate access to or discontinue the Service immediately for any reason at any time without prior notice. The Bank will not be responsible for any loss or inconvenience that may result from such suspension or termination. The Borrower, upon giving notice to the Bank by notifying the RBC Account Manager in writing, may terminate use of the Service at any time.

**12. Amendment.** The Bank may amend these RBC Covarity Dashboard Terms and Conditions upon 30 days notice (which may be given electronically by way of e-mail or in writing) to the Borrower. The Borrower agrees that the continued use of the Service after the effective date of a change will constitute conclusive evidence of consent to all such amendments and the Borrower shall be bound by the amendments.

# EXHIBIT B

FORM # 90055

## GUARANTY AND SUBORDINATION AGREEMENT
### (Particular Guaranty)

To **ROYAL BANK OF CANADA:**

FOR VALUE RECEIVED, and in order to induce Royal Bank of Canada (the "Bank") to grant, extend or continue credit or other financial accommodations to Delhi-Solac Inc. (the "Customer"), the undersigned (the "Guarantor") unconditionally and irrevocably guarantees to the Bank and its successors and assigns the complete and punctual payment when due (whether at the stated maturity or earlier by acceleration or otherwise) of all Liabilities (as defined in the next sentence) at any time owing by the Customer to the Bank. "Liabilities" as used in this Guaranty means all indebtedness, obligations, liabilities and other amounts due, of whatever nature, of the Customer to the Bank, whether now existing or hereafter incurred, whether created directly or acquired by the Bank by assignment or otherwise, whether matured or unmatured, whether absolute or contingent, whether characterized as principal, premium, interest, additional interest, fees, expenses or otherwise and whether the Customer is bound alone or with any others or as principal or as surety. The Guarantor's liability under this Guaranty (but not the Liabilities) is limited to the Liabilities under or arising out of or in connection with the Credit Agreement dated as of January 31, 2013 between the Bank and the Customer, as that agreement may be in effect from time to time, up to a maximum amount of CAD 6,500,000$, together with interest from the date of demand for payment at the prime interest rate of the Bank plus five percent per annum.

«**"Prime Rate" means the annual rate of interest announced from time to time by the Bank as a reference rate in effect for determining the interest rate applicable to Canadian dollar commercial loans in Canada.**»

THE GUARANTOR FURTHER AGREES WITH THE BANK AS FOLLOWS:

## 1. Certain Rights of Bank

At any time and from time to time (and whether once or more than once), without the necessity of any reservation of rights against the Guarantor and without notice to, demand on or further assent by the Guarantor or any other person: (a) any collateral security (which term as used in this Guaranty includes other guaranties) held by or available to the Bank in respect of the Liabilities or in respect of any guaranty of the Liabilities may be sold, exchanged, waived, subordinated, surrendered or released, in whole or in part and in any order; (b) any of the Liabilities or the obligations of any other guarantor of the Liabilities may be changed, renewed, extended, continued, accelerated, surrendered, compromised, subordinated, waived or released, in whole or in part, or any default with respect thereto waived or any demand for payment with respect thereto rescinded; (c) the Bank may set off, refrain from setting off or release, in whole or in part, any balance of any and all deposits (general or special) or credits on its books in favor of the Customer or of any such guarantor, may take or refrain from taking or perfecting any security interest in any collateral security and may exercise or refrain from exercising any right against the Customer or any other person; (d) the Bank may extend or refrain from extending further credit or financial accommodations in any manner whatsoever to, may accept compositions from and may otherwise generally deal with the Customer and any other person and with any collateral security as the Bank may see fit; and (e) the Bank may apply all moneys at any time received from the Customer or any other person or from any collateral security in such manner, in such amounts and against such part of the Liabilities (including Liabilities not covered by this Guaranty) as the Bank considers best and change any such application in whole or in part as the Bank may see fit. All of these actions may be taken without in any way limiting, diminishing or affecting the Guarantor's liability under this Guaranty and without imposing any obligation of trust on the Bank, and no loss of or in respect of any collateral security, whether caused by the fault of the Bank or otherwise, shall in any way limit, diminish or affect the Guarantor's liability under this Guaranty.

## 2. Liability of Guarantor Unconditional

This Guaranty is a guaranty of payment and not merely of collection. The Guarantor's liability under this Guaranty is absolute and unconditional and shall not be limited, diminished or affected by the happening from time to time of any event, including (but not limited to) any event described in paragraph 1 of this Guaranty and any of the following events, whether or not any such event occurs with notice to or with the consent of the Guarantor or once or more than once:

(a) the waiver, surrender, compromise, settlement, discharge, release or termination of any or all of the Liabilities;

(b) the failure to give any notice to the Customer;

(c) the extension of the time for payment or performance of any of the Liabilities;

(d) the change (whether or not material) of the terms of any document relating to the Liabilities (a "**Document**");

(e) the taking of or failure to take any action referred to in any Document;

(f) the illegality, invalidity, unenforceability (including, but not limited to, by reason of any statute of limitations or automatic stay) or irregularity of any of the Liabilities or any Document;

(g) any failure, omission, delay or lack of diligence on the part of the Bank in the enforcement, assertion or exercise of any right, power or remedy conferred on the Bank under any Document, or the inability of the Bank to enforce any provision of any Document for any reason, or any other act or omission on the part of the Bank, including (but not limited to) failure by the Bank to perfect or protect any lien or security interest granted to the Bank, to commence and prosecute any action to collect the Liabilities or to enforce or collect any judgment obtained by the Bank;

(h) the dissolution or liquidation of the Customer, the sale or other disposition of all or substantially all of the assets of the Customer, the marshalling of assets and liabilities of the Customer or the existence of receivership, insolvency, assignment for the benefit of creditors, bankruptcy, reorganization, arrangement, adjustment, composition or other similar proceedings affecting the Customer; and

(i) any other event, action or circumstance that would, in the absence of this subparagraph (i), result in the release or discharge of the Guarantor from the performance or observance of any obligation, covenant or agreement contained in this Guaranty.

### 3. Waiver of Notice

The Guarantor waives all notices of the creation, renewal, extension or accrual of any of the Liabilities and notice or proof of reliance by the Bank on this Guaranty or acceptance of this Guaranty. The Liabilities shall conclusively be considered to have been created, contracted or incurred in reliance on this Guaranty, and all dealings between the Customer and the Bank shall likewise be conclusively presumed to have been had or consummated in reliance on this Guaranty. The Guarantor also waives (to the extent permitted by applicable law) all requirements of notice, presentment, protest or demand on it, the Customer or any other person, all other notices and demands whatsoever relating to the Liabilities and any requirement that the Bank file a claim with a court in any bankruptcy or similar proceedings of the Customer or first proceed against the Customer or any other person or first realize on any collateral security held by it or otherwise exhaust any right, power or remedy under any Document or against the Customer or any other person before proceeding against the Guarantor under this Guaranty. The Bank shall have no responsibility to notify the Guarantor of the Customer's financial condition or the Customer's incurrence or performance of the Liabilities.

### 4. Continuing Guaranty

This Guaranty is a continuing guaranty, shall not be discharged until performance and payment in full of all of the Liabilities, payment of all amounts payable by the Guarantor under this Guaranty and cancellation of this Guaranty by the Bank and shall remain in full force and effect notwithstanding any interruption in the business relations between the Customer and the Bank or any increase or decrease (including a decrease to zero) from time to time in the amount of the Liabilities. If demand for, or acceleration of the time for, payment by the Customer to the Bank of any of the Liabilities is stayed upon the insolvency, bankruptcy, reorganization or proposed compromise or arrangement with creditors of the Customer, all Liabilities of which payment or performance is stayed that would otherwise be subject to demand for payment or acceleration shall nonetheless be payable by the Guarantor immediately on demand by the Bank.

### 5. Reinstatement

This Guaranty shall continue to be effective, or shall be reinstated, if at any time payment, or any part thereof, of any of the Liabilities is rescinded or must otherwise be returned by the Bank for any reason whatsoever (including, but not limited to, the bankruptcy, insolvency, dissolution, liquidation or reorganization of the Customer or any other person), all as though such payment had not been received by the Bank.

### 6. Subordination

All indebtedness, obligations, liabilities and other amounts due, of whatever nature, of the Customer to the Guarantor (the "**Subordinated Debt**"), whether now existing or hereafter incurred, whether created directly or

FORM # 90055

acquired by the Guarantor by assignment or otherwise, whether matured or unmatured, whether absolute or contingent, whether characterized as principal, premium, interest, additional interest, fees, expenses or otherwise and whether the Customer is bound alone or with any others or as principal or as surety, are hereby assigned to the Bank and shall be subject and subordinate to the Liabilities, and all moneys received by the Guarantor in respect of the Subordinated Debt shall immediately on the Bank's demand be received in trust for the Bank and paid over to the Bank. This subordination is independent of the guaranty provided in this Guaranty and shall remain in full force and effect notwithstanding any termination of or decrease in the Guarantor's liability under this Guaranty. Assets of the Customer held by the Guarantor, whether in the form of deposits, collateral security or otherwise, shall not at any time be set off against the Subordinated Debt but shall be held in trust for the Bank. The Guarantor hereby undertakes to execute such additional documents and to do such additional acts as may be necessary or desirable (in the sole opinion of the Bank) in order to carry out, complete or perfect this subordination and assignment.

### 7. Limits on Subrogation

No payment by the Guarantor pursuant to any provision of this Guaranty or other satisfaction of the Guarantor's liability under this Guaranty shall entitle the Guarantor, by subrogation or otherwise, to any right or remedy against the Customer until after the indefeasible payment in full of the Liabilities.

### 8. Costs, Expenses, Etc.

The Guarantor agrees to pay on demand all losses, costs, expenses (including, but not limited to, attorneys' fees (including allocated costs and expenses of counsel who are employees of the Bank)) and damages incurred by the Bank in connection with the preparation of this Guaranty or any amendment, waiver or consent with respect to this Guaranty, in connection with any rescission or return referred to in paragraph 5 of this Guaranty, in enforcing or attempting to enforce this Guaranty or any other guaranty of the Liabilities or in protecting the Bank's rights under this Guaranty or any other guaranty of the Liabilities following any default by the Guarantor under this Guaranty, whether the Bank's rights are enforced by suit or otherwise.

### 9. Obligations Additional

This Guaranty and the Guarantor's liability under this Guaranty are in addition to and not in substitution for (a) any other collateral security, by whomsoever given, at any time held by the Bank and (b) any present or future obligation of the Guarantor or any other obligor to the Bank incurred otherwise than under this Guaranty, whether the Guarantor or such other obligor is bound with or apart from the Customer.

### 10. Setoff, etc.

As security for the payment of the Guarantor's liability under this Guaranty, the Guarantor grants to the Bank a continuing lien on, security interest in and right of setoff against all moneys, securities (other than any "margin stock", as such term is defined in Regulation U of the Board of Governors of the Federal Reserve System) and other property of the Guarantor, and the proceeds thereof, now or hereafter in the possession of or on deposit with the Bank or with any subsidiary or affiliate of the Bank or any third party for the benefit of the Bank or any subsidiary or affiliate of the Bank, whether held in a general or special account or deposit (including, but not limited to, time deposits) or for safekeeping, custody, pledge, transmission, collection or otherwise, and any other credits, indebtedness or claims, in each case whether direct or indirect, absolute or contingent, or matured or unmatured, at any time held or owing by the Bank to or for the credit or account of the Guarantor. In addition to any rights now or hereafter granted under applicable law and not by way of limitation of any such rights, the Guarantor authorizes the Bank, on the occurrence of a default by the Guarantor under this Guaranty, to proceed against all or any part of such moneys, securities and other property of the Guarantor, at any time or from time to time, without notice to the Guarantor or any other person, to the full extent of the Guarantor's liability under this Guaranty, by right of setoff, banker's lien or otherwise, and to appropriate and apply all or any part of such moneys, securities and other property against and on account of the Guarantor's liability under this Guaranty, whether or not the Bank has made any demand under this Guaranty and although the obligations and liabilities held or owing by the Bank may be contingent or unmatured. The Guarantor authorizes the Bank to do all such acts and to execute all such documents in the Guarantor's name or the Bank's name as may be considered by the Bank necessary or appropriate to preserve, protect or perfect its rights and remedies under this paragraph.

### 11. Payments

All payments under this Guaranty shall be made to the Bank at such branch, agency or affiliate of the Bank as the Bank may require, in immediately available funds and without setoff, counterclaim or deduction of any kind, and shall be made in the lawful currency in which the Liabilities are payable ("Primary Currency"). Without in any manner limiting the Guarantor's obligations contained in the preceding sentence, if any sum is paid to and received by the Bank under this Guaranty in a currency other than the Primary Currency (such other currency is called the

"Alternative Currency"), whether by judgment (and notwithstanding the rate of exchange actually applied in such judgment) or otherwise, the Guarantor's liability under this Guaranty shall nevertheless be discharged only to the extent of the net amount of Primary Currency that the Bank is able to purchase with such amount of Alternative Currency. If the Bank is not able to purchase with such amount of Alternative Currency sufficient Primary Currency to discharge the Guarantor's liability under this Guaranty in full, the Guarantor's obligations to the Bank with respect to such difference shall be due as a separate debt and shall not be affected by payment of or judgment being obtained for any other sums due under this Guaranty.

## 12. Successors and Assigns

This Guaranty shall inure to the benefit of the Bank and its successors, transferees and assigns and shall bind the Guarantor and the Guarantor's heirs, executors, administrators, legal representatives, successors and assigns; provided, however, that the Guarantor may not assign its rights or obligations under this Guaranty without the Bank's prior written consent. If the Guarantor is a partnership, the Guarantor's liability under this Guaranty shall remain in full force and effect notwithstanding any change in the parties comprising the partnership and the term "Guarantor" shall include any altered or successive partnerships, but the predecessor partnerships and their partners shall continue to be bound under this Guaranty.

## 13. Joint and Several Obligations

If this Guaranty is executed by more than one party, each party's liability under this Guaranty shall be joint and several; provided, however, that this Guaranty shall be construed for all purposes as if a separate, identical agreement (including «any limitation on the Guarantor's liability » had been executed by each party. The Guarantor's liability under this Guaranty shall not in any way be changed, reduced or terminated as a result of (a) any change or reduction in or termination of the obligations of any other guarantor of the Liabilities, (b) the death or loss or diminution of capacity of any other guarantor of the Liabilities or (c) the failure of any other person to execute this or any other guaranty of the Liabilities.

## 14. No Merger, etc.

The Guarantor shall not, without the Bank's prior written consent, enter into any merger, amalgamation or consolidation or, except in the ordinary course of business, sell, lease or otherwise transfer or dispose of a material portion of the Guarantor's assets.

## 15. Waivers and Amendments, Cumulative Remedies

The Bank shall not be obligated to exercise any right, power or privilege under this Guaranty, and no failure to exercise and no delay in exercising, on the part of the Bank, any such right, power or privilege under this Guaranty shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege. No notice to or demand on the Guarantor shall be deemed to be a waiver of the Bank's right to take further action without notice or demand as provided herein. No waiver shall be applicable except in the specific instance for which given or shall in any way impair the Bank's rights or the Guarantor's liability in any other respect or at any other time, nor in any event shall any modification or waiver of any provision of this Guaranty be effective unless in writing and signed on behalf of the Bank. The rights and remedies provided in this Guaranty are cumulative and are not exclusive of any other right or remedy provided by law, in equity or under any other agreement or instrument.

## 16. Representations and Warranties

The Guarantor represents and warrants to the Bank that: (a) (if the Guarantor is not an individual) it is duly organized, validly existing and in good standing under the laws of the jurisdiction of its organization; (b) the Guarantor has full capacity and authority to execute, deliver and perform this Guaranty, and the execution, delivery and performance of this Guaranty will not (i) violate any law or regulation, (ii) (if the Guarantor is not an individual) violate any provision of the Guarantor's organizational documents, (iii) violate or constitute (with due notice or lapse of time or both) a default under any indenture, agreement, license or other instrument to which the Guarantor is a party or by which the Guarantor or any of the Guarantor's properties may be bound, (iv) violate any order of any court, tribunal or governmental agency binding on the Guarantor or any of the Guarantor's properties or (v) result in the creation or imposition of any lien of any nature whatsoever on any of the Guarantor's properties or assets; (c) no approval or consent of, or filing or registration with, any federal, state or local regulatory authority is required in connection with the execution, delivery and performance of this Guaranty; and (d) this Guaranty constitutes the legal, valid and binding obligation of the Guarantor, enforceable against the Guarantor in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency, moratorium or other similar laws

FORM # 90055

affecting creditors' rights generally and except that enforceability may be subject to general principles of equity. These representations and warranties shall survive the execution of this Guaranty.

17. Financial Information

The Guarantor agrees to furnish promptly to the Bank copies of the Guarantor's annual and quarterly financial statements and such other information relating to the Guarantor's business and financial condition as the Bank may rom time to time request.

18. Stamp Taxes, etc.

The Guarantor agrees to indemnify the Bank against any claim or liability for any stamp, excise or other similar taxes and any penalties or interest with respect thereto that may be imposed, levied, collected, withheld or assessed by any jurisdiction in connection with the execution and delivery of this Guaranty, any document related to this Guaranty or any modification of this Guaranty or any such document. This covenant shall survive the termination of this Guaranty.

19. Governing Law, Submission to Jurisdiction

This Guaranty and the rights and obligations of the Bank and of the Guarantor under this Guaranty shall be governed by and construed in accordance with the laws of the State of North Carolina. For purposes of any suit, action or proceeding involving this Guaranty or any judgment entered by any court in respect of such suit, action or proceeding, the Guarantor expressly submits to the non-exclusive jurisdiction of any State or federal court sitting in The City of Charlotte, North Carolina, and agrees that any order, process or other paper may be served upon the Guarantor within or without such court's jurisdiction by mailing a copy to the Guarantor at the Guarantor's address for notices provided in this Guaranty, provided that a reasonable time for appearance is allowed. The Guarantor irrevocably waives any objection the Guarantor may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Guaranty brought in any such court and further irrevocably waives any claim that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum. Nothing contained in this Guaranty shall affect the Bank's right to serve legal process in any other manner permitted by law or to bring any action or proceeding against the Guarantor or the Guarantor's property in the courts of other jurisdictions.

20. Severability

Any provision of this Guaranty that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Guaranty, and any such prohibition or unenforceability in any jurisdiction shall not invalidate such provision or render it unenforceable in any other jurisdiction.

21. Notices

Notices and other communications with respect to this Guaranty shall be in writing (including telecommunications) and made or delivered to the party to which such notice or other communication is required or permitted to be given or made at the address(es) shown on the signature page of this Guaranty or at such other address as shall be designated by such party in a written notice to the other party given in accordance with this paragraph and shall be considered delivered on receipt if telecommunicated or delivered by messenger or courier service or five days after mailing, postage prepaid. All mailed notices shall be by certified or registered mail.

22. Headings

The headings used in this Guaranty are for convenience only and shall not affect the construction of this Guaranty.

23. Waiver of Jury Trial

**EACH PARTY TO THIS GUARANTY, AND BY ITS ACCEPTANCE OF THIS GUARANTY THE BANK, KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT TO A JURY TRIAL OF ANY DISPUTE RELATING TO THIS GUARANTY AND AGREES THAT ANY SUCH DISPUTE SHALL BE TRIED BEFORE A JUDGE SITTING WITHOUT A JURY.**

IN WITNESS WHEREOF, the Guarantor has executed this Guaranty, or has caused this Guaranty to be executed by its duly authorized officer or partner, as of ___March 13_____, 20 13_____.

Address for Notices:
c/o Delhi-Solac, Inc.
25 John-F.-Kennedy Street
St. Jérôme, Quebec  J7Y 4B4
Attention: Gil Poirier
Tel: (450) 476-1010

SOLARIS INDUSTRIES, INC.

By _____ **GILL POIRIER, MBA**
                    CFO
Title: ____ **SOLARIS INDUSTRIES INC.**

By _____ Denis Boulair

Title: _Président & CEO_


Bank's Address for Notices:
**Royal Bank of Canada**
1 Place Ville Marie, Mezzanine 1
Montreal, Quebec, H3B 3B5
Geneviève Arpin, Account Manager
TEL: (514) 874-3726
FAX: (514) 874-4986
UNIT :

# EXHIBIT C

## SECURITY AGREEMENT

THIS SECURITY AGREEMENT (this "Agreement") is made on March *13*, 2013, by and between **SOLARIS INDUSTRIES, INC.**, a North Carolina corporation ("Debtor"), and **ROYAL BANK OF CANADA**, a Canadian lender ("Lender").

## WITNESSETH:

Lender and Delhi-Solac, Inc., a Canadian corporation ("Borrower") are parties to that certain Loan Agreement dated January 31, 2013 (as at any time amended, restated, supplemented or otherwise modified, the "Loan Agreement"), pursuant to which Lender may from time to time make loans or extend other financial accommodations to or for the benefit of Borrower.

Debtor has agreed to unconditionally guaranty Borrower's payment and performance of the Obligations under (and as defined in) the Loan Agreement, pursuant to that certain Guaranty and Subordination Agreement by Debtor in favor of Lender dated as of the date hereof (as at any time amended, restated, supplemented or otherwise modified, the "Guaranty").

A condition to the effectiveness of the Loan Agreement is Debtor's execution and delivery of the Guaranty and this Agreement, and to induce Lender to extend credit to Borrower under the Loan Agreement in accordance with the terms thereof, Debtor has agreed to execute and deliver this Agreement. Capitalized terms used in this Agreement, unless otherwise defined herein, shall have the meanings ascribed to them in the Loan Agreement.

NOW, THEREFORE, for Ten Dollars ($10.00) and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and to induce Lender to extend credit and make advances to Borrower, Debtor hereby agrees as follows:

1. **Grant of Security Interest**.

(a) To secure the payment and performance of the Secured Obligations (as defined below), Debtor hereby grants to Lender a continuing security interest in and Lien upon the following Property and interests in Property of such Debtor, whether now owned or existing or hereafter created, acquired or arising and wheresoever located (collectively, the "Collateral"):

(i) all Accounts;

(ii) all Inventory;

(iii) all accessions to, substitutions for and all replacements, products and cash and non-cash proceeds of (i) and (ii) above, including proceeds of and unearned premiums with respect to insurance policies insuring any of the Collateral and claims against any Person for loss of, damage to or destruction of any of the Collateral; and

(iv) all books and records (including customer lists, files, correspondence, tapes, computer programs, print-outs, and other computer materials and records) of such Borrower pertaining to any of (i) and (ii) above.

The security interest granted hereby is to secure the payment and performance of all indebtedness, liabilities and obligations of Debtor to Lender of every kind and description, whether direct or indirect, joint or several, absolute or contingent, due or to become due, now existing or hereafter

arising, including, without limitation, all indebtedness, liabilities and obligations now or hereafter owing by Debtor to Lender. All such indebtedness, liabilities and obligations are hereinafter jointly referred to as the "Secured Obligations".

2.     **Representations, Covenants and Warranties of Debtor.** Debtor hereby represents, covenants, warrants, and agrees to and with Lender as follows:

(a)     Debtor is a corporation duly organized, validly existing and in good standing under the laws of the State of North Carolina and maintains its books and records at 133 Industrial Drive, Kings Mountain, North Carolina 28086;

(b)     All risk of loss of the Collateral hereunder shall be upon Debtor;

(c)     Debtor shall keep the Collateral free and clear from any and all security interests, unpaid charges, attachments, levies, and liens of every kind, except for the security interest granted hereunder to Lender and that certain security interest granted to Export Development Canada ("EDC") which shall be subordinate to Lender's security interest as specified in that certain Intercreditor and Subordination Agreement between Lender and EDC dated of even date herewith;

(d)     Debtor shall not change its name, its principal place of business or its chief executive office without having given Lender at least thirty (30) days prior written notice and shall not change its organization identification number or jurisdiction of organization;

(e)     Debtor shall use, keep and maintain the Collateral at its principal place of business as shown above, and shall neither move the Collateral therefrom nor dispose of any of the Collateral;

(f)     Debtor shall keep and maintain all tangible items of Collateral in saleable condition, and Debtor agrees that the Collateral may be inspected and examined by Lender or its agents at any reasonable time, upon reasonable notice, and that Lender shall have the right to inspect, audit, examine, check, or make copies of, or extracts from, the books, files, accounts, and all other records of Debtor pertaining to Debtor's business or any of the Collateral;

(g)     Debtor shall preserve and maintain its corporate existence, rights, franchises and privileges in the jurisdiction of its organization and shall comply with the requirements of all applicable laws, rules, regulations and orders of any governmental authority, the noncompliance with which would materially and adversely affect its properties, business or credit;

(h)     Debtor shall keep all tangible items of the Collateral fully insured against loss and damage by fire, windstorm, water, theft, malicious mischief, and extended coverage in such amounts and by such companies as shall be acceptable to Lender. Such policies of insurance or certificates evidencing such policies shall be deposited by Debtor with Lender. All such policies shall contain a loss payable clause, in a form satisfactory to Lender, naming Lender as lender's loss payee. Unless written consent to the contrary is first obtained from Lender, all proceeds payable under any such policy shall be payable in any event to Lender (regardless of whether an event of default has occurred hereunder). Each such policy of insurance or endorsement shall contain a clause requiring the insurer to give Lender not less than thirty (30) days' written notice before any such policy shall be altered or canceled. Lender may act as Debtor's agent in adjusting or compromising any loss under any such insurance policy and in collecting and receiving the proceeds from any such policy. In the event of any loss under any such policy of

-2-

insurance, the insurer named therein is hereby authorized and directed by Debtor to make payment for such loss to Lender, rather than to Debtor and Lender jointly. If Debtor shall default in its obligation hereunder to insure the Collateral in a manner satisfactory to Lender, then Lender shall have the right (but not the obligation) to procure such insurance and to charge the costs of same to Debtor, which costs shall be added to and become a part of the unpaid principal amount of the Secured Obligations, shall be secured by the Collateral, and shall be repayable to Lender **on demand;**

(i)     Debtor has never carried on business, trade as, been known as, used or organized under any name other than the name appearing on the first page of this Agreement;

(j)     Debtor shall not merge or consolidate with, nor shall Debtor acquire all or substantially all of the capital stock or assets of, any person or entity;

(k)     Debtor shall promptly notify Lender of the commencement of any action, suit or proceeding against Debtor; and

(l)     Debtor shall execute, or cause to be executed, and deliver to Lender any and all documents necessary to give effect to this Agreement and to perfect and preserve the priority of the security interest granted herein, including specifically all necessary financing statements, landlord waivers, mortgagee waivers and subordination agreements, and Debtor shall reimburse Lender for the costs of filing or recording any such documents in all public offices deemed necessary by Lender.

3.     **Events of Default.** It is understood and agreed that an event of default shall be deemed to have occurred under this Agreement, and Lender shall be entitled to take such actions as are elsewhere provided herein, in the event that (a) Debtor fails to pay any of the Secured Obligations to Lender when due (whether due on demand, at stated maturity, by acceleration or otherwise); or (b) any representation, warranty or covenant made by Debtor herein or in any other existing or future agreement with Lender shall prove to have been false in any material respect when made or is breached, violated, or not complied with; or (c) any guarantor of the Secured Obligations shall revoke or attempt to revoke its guaranty or shall become insolvent or unable to pay its debts as they mature; or (d) any judgment shall be entered against Debtor and shall not be paid or discharged within ten (10) days thereafter; or (e) any receiver, conservator or custodian shall be appointed for Debtor or any of its property; or (f) Debtor shall cease to be solvent or shall cease to pay generally or become unable to pay its debts as they mature; or (g) any petition for an order for relief with respect to Debtor shall be filed by or against Debtor under any chapter of the Federal Bankruptcy Code; or (h) Lender shall reasonably and in good faith deem itself insecure.

4.     **Rights and Remedies Upon Default.** Upon or after the occurrence of any one or more of the events of default specified in Section 3 hereof, all of the Secured Obligations shall, at the option of Lender and without any notice to or demand upon Debtor of any kind (all of which Debtor hereby expressly waives), become immediately due and payable, and Lender shall thereupon have and may exercise from time to time any and all rights and remedies afforded to a secured party under the Uniform Commercial Code as adopted and in force in the State of North Carolina, together with every right and remedy available to Lender under any other applicable law. In addition to, and without limiting the generality of the foregoing, Lender shall have the following rights and remedies:

(a)     The right at any time to notify any account debtor on any Collateral to make all payments owing to Debtor directly to Lender for application to the Secured Obligations and to collect all amounts owing from any such account debtor;

(b)    The right at any time or times, without advertisement or publication (unless required by law), to sell, lease or otherwise dispose of any or all of the Collateral at public or private sale, for cash, upon credit or upon such other terms as Lender deems advisable in its sole discretion, or otherwise to realize upon the whole or from time to time any part of the Collateral in which Lender shall have a security interest hereunder, Debtor remaining liable for any deficiency. Lender may bid and be the purchaser at any such sale if permitted by law;

(c)    The right to conduct any such sales of Collateral on Debtor's premises or elsewhere and the right to use Debtor's premises without charge for such time or times as Lender may see fit;

(d)    The right to require Debtor, at Debtor's expense, to assemble the Collateral and make it available to Lender at a place reasonably convenient to both parties (and, for purposes hereof, Debtor stipulates that Lender shall be entitled to the remedy of specific performance). Alternatively, Lender may peaceably by its own means or with judicial assistance enter Debtor's premises and take possession of the Collateral or dispose of the Collateral on Debtor's premises without resistance or interference by Debtor;

(e)    The right to incur reasonable attorney's fees and expenses in exercising any of the rights, remedies, powers or privileges provided hereunder, and the right (but not the obligation) to pay, satisfy and discharge, or to bond, deposit or indemnify against, any tax or other lien which in the opinion of Lender or its counsel may in any manner or to any extent be a lien upon any of the Collateral, all of which fees, payments and expenses shall become part of Lender's expenses of retaking, holding, preparing for sale and the like, and shall be added to and become a part of the principal amount of the Secured Obligations; and

(f)    The right to apply the proceeds realized from any collection, sale, lease or other disposition of the Collateral in the manner provided in the Loan Agreement. If any deficiency shall arise, Debtor shall remain bound and liable to Lender therefor.

Lender shall not be liable or responsible to Debtor in any way for the safeguarding of any of the Collateral, for any loss or damage thereto, for any diminution in the value thereof, or for any act or default of any carrier, warehouseman, forwarding agency, or other person whomsoever, but the same shall be at all times at Debtor's risk.

All rights, remedies, powers, and privileges of Lender hereunder are cumulative and not alternative, and may be exercised concurrently or seriatim, and are in addition to and not in lieu of any other rights of Lender at law, in equity, under statute or under any other agreement with Debtor.

5.    _Waivers_.  In addition to the other waivers contained herein and in any other agreement between Debtor and Lender, Debtor hereby expressly waives, to the extent permitted by law: demand, protest, notice of protest, notice of default or dishonor, notice of payments and nonpayment, or of any default, release, compromise, settlement, extension or renewal of all commercial paper, instruments or guaranties at any time held by Lender on which Debtor may in any way be liable; notice of any action taken by Lender unless expressly required by this Agreement or by law; notice of any hearing in connection with, and the requirement to post a bond as a condition to the issuance of an immediate writ of possession with respect to any of the Collateral.

6.    _Indulgences Not Waivers_.  Neither the failure nor any delay on the part of Lender to exercise any right, remedy, power or privilege hereunder shall operate as a waiver thereof or give rise to any estoppel, nor be construed as an agreement to modify the terms of this Agreement, nor shall any

single or partial exercise by Lender of any right, remedy, power or privilege preclude any other or further exercise by Lender of the same or of any other right, remedy, power, or privilege; nor shall any waiver by Lender of any right, remedy, power or privilege with respect to any occurrence be construed as a waiver of such right, remedy, power or privilege with respect to any other occurrence. No waiver by a party hereunder shall be effective unless it is in writing and signed by the party making such waiver, and then only to the extent specifically stated in such writing.

7.   **Notices.** All notices, requests and demands to or upon a party hereto shall be in writing and sent by personal delivery against receipt, overnight courier or certified or registered mail, return receipt requested, or telecopier transmission and shall be deemed to have been validly served, given or delivered when delivered against receipt, when presented at the noticed party's address or when received at the office of the noticed party by telecopy transmission, as set forth below:

| | | |
|---|---|---|
| (A) | If to Lender: | Royal Bank of Canada<br>1 Place Ville Marie, Mezzanine 1<br>Montreal, Quebec, H3B 3B5<br>Attention: Geneviève Arpin<br>Telecopy No.: (514) 874-4986 |
| (B) | If to Debtor: | Solaris Industries, Inc.<br>c/o Delhi-Solac, Inc.<br>25 John-F.-Kennedy Street<br>St. Jérôme, Quebec J7Y 4B4<br>Attention: Gil Poirier<br>Telecopy No.: (450) 436-2466 |

or to such other address as each party may designate for itself by like notice given in accordance with this Section 7.

The parties hereby agree that a notice sent as specified in this Section at least ten (10) calendar days before the date of any intended public sale or the date after which any private sale or other intended disposition of the Collateral is to be made by Lender shall be deemed to be reasonable notice of such sale or other disposition. All notice is hereby waived with respect to any of the Collateral which threatens to decline speedily in value or is of a type customarily sold on a recognized market.

8.   **Definitions and Applicable Law.** All terms used herein shall be defined in accordance with the appropriate definitions appearing in the Uniform Commercial Code as in force in the State of North Carolina and such definitions are hereby incorporated herein by reference and made a part hereof. This Agreement shall be governed in all respect by, and construed in accordance with, the laws of the State of North Carolina, including without limitation the Uniform Commercial Code of the State of North Carolina.

9.   **Entire Agreement; Amendments.** This Agreement constitutes and expresses the entire understanding between the parties hereto with respect to the subject matter hereof, and supersedes all prior agreements and understandings, inducements or conditions, express or implied, oral or written, except as herein contained. The express terms hereof control and supersede any course of performance or usage of the trade inconsistent with any of the terms hereof. Neither this Agreement nor any portion or provision hereof may be changed, altered, waived, modified, supplemented, discharged, canceled, terminated, or amended orally or in any manner other than by an agreement in writing signed by the parties hereto.

10.    **Section Headings**.  The section headings in this Agreement are for convenience of reference only, and they form no part of this Agreement and shall not affect its interpretation.

11.    **Severability**.  The provisions of this Agreement are independent of and separable from each other.  If any provision hereof shall for any reason be held invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of any other provision hereof, but this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

12.    **Successors and Assigns**.  The rights, remedies, powers, and privileges of Lender shall inure to the benefit of the successors and assigns of Lender, and the duties and obligations of Debtor hereunder shall bind the successors and assigns of Debtor.

13.    **Term of Agreement**.  This Agreement shall continue in full force and effect until terminated in writing by mutual agreement after full payment of the Secured Obligations has occurred and the commitments have been terminated.

14.    **Execution in Counterparts**.  This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument.  In proving this Agreement in any judicial proceeding, it shall not be necessary to produce or account for more than one such counterpart signed by the party against whom such enforcement is sought.

15.    **Forum Selection**.  Lender and Debtor agree that the United States District Court for the Western District of North Carolina, and the Superior Court of Mecklenburg County, North Carolina, or, at the option of Lender, any court in which Lender shall initiate legal or equitable proceedings and which has subject matter jurisdiction over the matter in controversy, shall have jurisdiction to hear and determine any claims or disputes between Debtor and Lender pertaining directly or indirectly to this Agreement, the Guaranty or to any matter arising therefrom.  The choice of forum set forth herein shall not be deemed to preclude the enforcement of any judgment obtained in such forum or the taking of any action by Lender under this Agreement or the Guaranty to enforce same or to realize upon any of the Collateral in any appropriate jurisdictions.

16.    **Miscellaneous**.  Time is of the essence of this Agreement.  This Agreement shall not become effective until accepted by Lender in Montreal, Quebec, notice of which acceptance is hereby waived by Debtor.  **TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, DEBTOR AND LENDER EACH HEREBY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, PROCEEDING OR COUNTERCLAIM CONCERNING THIS AGREEMENT OR ANY OF THE SECURED OBLIGATIONS.**

[Remainder of page intentionally left blank.]

IN WITNESS WHEREOF, Debtor has caused this Agreement to be signed, sealed and delivered, on the day and year first written above.

ATTEST:

_____
Secretary
[COMPANY SEAL]

SOLARIS INDUSTRIES, INC.
("Debtor")

By: _____
Name: _Denis Barbary_
Title: _President & CEO_

[Signatures continue on following page.]

Accepted in Montreal, Quebec, this ____ day of
February, 2013:

ROYAL BANK OF CANADA, as Lender
("Lender")

By: _____
Name: Geneviève Archin
Title: Senior account manager

# EXHIBIT D

# UCC FINANCING STATEMENT

## FILER INFORMATION

| File Number: 20130024810B |
|---|
| Date Filed: 3/14/2013 10:34:00 AM |
| Elaine F. Marshall |
| NC Secretary of State |

CONTACT INFORMATION FOR FILER:

| NTACT EMAIL | CONTACT NAME | CONTACT PHONE | CONTACT FAX |
|---|---|---|---|
| sbeutler@jahlaw.com | Beutler, Sue W | (704) 332-1181 | |

SEND ACKNOWLEDGEMENT TO:

| PACKET SEQ# | CLIENT'S ACCOUNT # | | |
|---|---|---|---|
| 269295000-1 | 8788 | | |
| ORGANIZATION NAME | | | |
| Johnston, Allison & Hord, P.A. | | | |
| MAILING ADDRESS | CITY | STATE | POSTAL CODE |
| 1065 E. Morehead Street | Charlotte | NC | 28204 |
| COUNTY | COUNTRY | | |

# FILE RECORD

## RECORD DATA (UNIQUE SEQUENTIAL ID:0001)

| FILING TYPE | | | |
|---|---|---|---|
| Initial | | | |
| ADDITIONAL INFORMATION | | | ALTERNATE FILING TYPE |
| | | | UCC |
| FILERS UNIQUE ID | | | |

## DEBTOR DATA(UNIQUE SEQUENTIAL ID: 0001)

| ORGANIZATION NAME | | | |
|---|---|---|---|
| Jaris Industries Inc. | | | |
| X ID #: SSN OR EIN | TYPE OF ORGANIZATION | JURISDICTION OF ORGANIZATION | ORGANIZATIONAL ID#, if any |
| | Corporation | North Carolina | 1130793 |
| MAILING ADDRESS | CITY | STATE | POSTAL CODE |
| 133 Industrial Dr | Kings Mountain | NC | 28086 |
| COUNTY | COUNTRY | | |
| | USA | | |

## SECURED PARTY DATA (UNIQUE SEQUENTIAL ID: 0001)

| ORGANIZATION NAME | | | |
|---|---|---|---|
| Royal Bank of Canada | | | |
| TAX ID #: SSN OR EIN | | | |
| MAILING ADDRESS | CITY | STATE | POSTAL CODE |
| 1 Place Ville Marie Mezzanine 1 | Montreal | QC | 00000 |
| COUNTY | COUNTRY | | |
| | CAN | | |

This FINANCING STATEMENT covers the following collateral:

General:

All accounts, inventory and accessions to, substitutions for and all replacements, products and cash and non cash proceeds of the foregoing, whether now or hereafter acquired, including proceeds of and unearned premiums with respect to insurance policies insuring any of the Collateral and claims against any person for loss of, damage to or destruction of any of the collateral; and

all books and records (including customer lists, files, correspondence, tapes, computer programs, print outs, and other computer materials and records) of such Borrower pertaining to any of the foregoing.

# EXHIBIT E

# Corporate Business Account Statement

 **PNC BANK**

Page 1 of 5
Account Number: ████████4716

For the period  05/01/2013 to 05/31/2013

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY
SAINT JEROME QC J5L 2G9
CANADA

Number of enclosures:  0
Tax ID Number: 44-1770044
☎ For Client Services:
Call 1-800-669-1518

🖥 Visit us at PNC.com/treasury

✉ Write to:  Treas Mgmt Client Care
One Financial Parkway
Locator Z1-Yb42-03-1
Kalamazoo MI 49009

## Account Summary Information

### Balance Summary

| | Beginning balance | Deposits and other credits | Checks and other debits | Ending balance |
|---|---|---|---|---|
| | 404,875.86 | 1,509,316.51 | 1,389,572.43 | 524,619.94 |

| Deposits and Other Credits | | | Checks and Other Debits | | |
|---|---|---|---|---|---|
| Description | Items | Amount | Description | Items | Amount |
| Deposits | 2 | 1,085.00 | Checks | 140 | 1,195,556.97 |
| National Lockbox | 22 | 1,467,257.73 | Returned Items | 0 | .00 |
| ACH Credits | 3 | 40,973.78 | ACH Debits | 15 | 28,987.14 |
| Funds Transfers In | 0 | .00 | Funds Transfers Out | 15 | 164,110.88 |
| Trade Services | 0 | .00 | Trade Services | 0 | .00 |
| Investments | 0 | .00 | Investments | 0 | .00 |
| Zero Balance Transfers | 0 | .00 | Zero Balance Transfers | 0 | .00 |
| Adjustments | 0 | .00 | Adjustments | 0 | .00 |
| Other Credits | 0 | .00 | Other Debits | 1 | 917.44 |
| Total | 27 | 1,509,316.51 | Total | 171 | 1,389,572.43 |

### Ledger Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 05/01 | 369,139.59 | 05/13 | 213,940.36 | 05/22 | 535,729.43 |
| 05/02 | 372,338.12 | 05/14 | 334,571.66 | 05/23 | 519,338.35 |
| 05/03 | 396,463.28 | 05/15 | 347,088.29 | 05/24 | 563,521.66 |
| 05/06 | 649,249.85 | 05/16 | 527,434.77 | 05/28 | 575,505.69 |
| 05/07 | 649,735.29 | 05/17 | 524,298.76 | 05/29 | 542,912.23 |
| 05/08 | 509,450.88 | 05/20 | 483,629.97 | 05/30 | 542,044.30 |
| 05/09 | 549,446.56 | 05/21 | 455,383.45 | 05/31 | 524,619.94 |
| 05/10 | 507,675.56 | | | | |

## Deposits and Other Credits

### Deposits

**2 transactions for a total of $1,085.00**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/06 | 465.00 | Mail Deposit | 520265323 |
| 05/17 | 620.00 | Mail Deposit | 521663154 |

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period   05/01/2013 to 05/31/2013
Account number:   ██████4716
Page 2 of 5

## Deposits and Other Credits - continued

### National Lockbox

22 transactions for a total of $1,467,257.73

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/01 | 35,766.00 | Whls Lbx Dep 534640 | 017066202 |
| 05/02 | 24,599.51 | Whls Lbx Dep 534640 | 017282905 |
| 05/03 | 93,361.07 | Whls Lbx Dep 534640 | 017519253 |
| 05/06 | 300,029.54 | Whls Lbx Dep 534640 | 017138165 |
| 05/07 | 986.72 | Whls Lbx Dep 534640 | 017537843 |
| 05/08 | 4,680.00 | Whls Lbx Dep 534640 | 017765499 |
| 05/09 | 49,289.16 | Whls Lbx Dep 534640 | 017093013 |
| 05/10 | 83,298.12 | Whls Lbx Dep 534640 | 017313331 |
| 05/13 | 49,431.33 | Whls Lbx Dep 534640 | 017822954 |
| 05/14 | 160,693.23 | Whls Lbx Dep 534640 | 017333840 |
| 05/15 | 47,202.12 | Whls Lbx Dep 534640 | 017599550 |
| 05/16 | 205,691.44 | Whls Lbx Dep 534640 | 017820210 |
| 05/17 | 21,215.00 | Whls Lbx Dep 534640 | 017158487 |
| 05/20 | 45,844.04 | Whls Lbx Dep 534640 | 017682349 |
| 05/21 | 5,556.57 | Whls Lbx Dep 534640 | 017175472 |
| 05/22 | 99,445.66 | Whls Lbx Dep 534640 | 017420237 |
| 05/23 | 26,544.00 | Whls Lbx Dep 534640 | 017625800 |
| 05/24 | 32,383.52 | Whls Lbx Dep 534640 | 017869182 |
| 05/28 | 150,781.15 | Whls Lbx Dep 534640 | 017511964 |
| 05/29 | 364.43 | Whls Lbx Dep 534640 | 017896455 |
| 05/30 | 23,490.00 | Whls Lbx Dep 534640 | 017222593 |
| 05/31 | 6,605.12 | Whls Lbx Dep 534640 | 017434485 |

### ACH Credits

3 transactions for a total of $40,973.78

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/10 | 12,013.26 | Corporate ACH Solaris Raven Antenna | 00013130000354803 |
| 05/24 | 18,864.95 | Corporate ACH Solaris Raven Antenna | 00013144004344825 |
| 05/31 | 10,095.57 | Corporate ACH Solaris Raven Antenna | 00013151001442889 |

## Checks and Other Debits

### Checks and Substitute Checks

140 transactions for a total of $1,195,556.97

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/01 | 4669 | 800.00 | 084065289 | 05/02 | 4700 | 449.00 | 085250900 | 05/08 | 4685 | 158.05 | 086549955 |
| 05/01 | 4705 | 11,000.00 | 084158440 | 05/02 | 4704 | 3,100.00 | 085433824 | 05/06 | 4642 | 50.00 | 085755763 |
| 05/01 | 4691 | 352.22 | 084586430 | 05/02 | 4709 | 135.87 | 085430842 | 05/06 | 4648 | 47,499.82 | 083073028 |
| 05/01 | 4684 | 102.38 | 084400417 | 05/02 | 4710 | 2,675.16 | 085348029 | 05/07 | 4649 | 151.80 | 084484885 |
| 05/01 | 4688 | 228.21 | 084470179 | 05/03 | 4691 | 223.50 | 085480461 | 05/08 | 4734 | 18,516.45 | 085038244 |
| 05/01 | 4692 | 918.00 | 084560798 | 05/03 | 4693 | 198.30 | 085494976 | 05/08 | 4742 | 38,388.59 | 085300055 |
| 05/01 | 4698 | 1,108.71 | 084578480 | 05/03 | 4697 | 63,199.94 | 074904865 | 05/08 | 4749 | 75,095.61 | 083930056 |
| 05/01 | 4706 | 300.00 | 084414205 | 05/03 | 4711 | 2,950.00 | 085553481 | 05/09 | 4696 | 2,550.00 | 085454927 |
| 05/01 | 4708 | 2,334.15 | 084572919 | 05/03 | 4683 | 827.10 | 085391224 | 05/10 | 4751 | 53,147.33 | 086247068 |
| 05/02 | 4680 | 2,843.06 | 084720074 | 05/03 | 4686 | 1,028.14 | 085791305 | 05/10 | 4690 | 60,978.23 | 086264162 |
| 05/02 | 4682 | 910.00 | 084781076 | 05/03 | 4687 | 79.53 | 086178324 | 05/13 | 4715 | 4,491.19 | 083068036 |
| 05/02 | 4701 | 417.30 | 084793216 | 05/03 | 4694 | 138.94 | 086018452 | 05/13 | 4737 | 9,360.83 | 083132227 |
| 05/02 | 4699 | 4,127.20 | 084833916 | 05/03 | 4703 | 500.46 | 085783347 | 05/13 | 4738 | 10,370.00 | 083116603 |

Checks and Substitute Checks continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period** 05/01/2013 to 05/31/2013
Account number: ▮▮▮▮4716
Page 3 of 5

## Checks and Other Debits  - continued

### Checks and Substitute Checks  - continued     140 transactions for a total of $1,195,556.97

| Date posted | Check number | Amount | Reference number |
|---|---|---|---|
| 05/13 | 4752 | 161,028.00 | 059118606 |
| 05/13 | 4713 | 4,038.01 | 083074723 |
| 05/13 | 4714 | 8,428.24 | 083065689 |
| 05/13 | 4719 | 81,840.09 | 083442513 |
| 05/13 | 4725 | 163.80 | 083846133 |
| 05/13 | 4744 | 3,600.00 | 083412402 |
| 05/13 | 4745 | 1,280.79 | 083768296 |
| 05/13 | 4748 | 58,565.55 | 083442512 |
| 05/14 | 4726 | 271.03 | 084236632 |
| 05/14 | 4728 | 18,053.41 | 084170457 |
| 05/14 | 4733 | 217.17 | 084184053 |
| 05/14 | 4736 | 1,501.80 | 084321793 |
| 05/14 | 4717 | 1,550.00 | 084302896 |
| 05/14 | 4720 | 159.01 | 084480018 |
| 05/14 | 4721 | 5,462.01 | 084741822 |
| 05/14 | 4732 | 9,971.11 | 084737296 |
| 05/14 | 4724 | 2,384.98 | 084795691 |
| 05/15 | 4747 | 114.90 | 084785387 |
| 05/15 | 4739 | 577.50 | 084670382 |
| 05/15 | 4716 | 224.91 | 085080841 |
| 05/15 | 4718 | 828.55 | 085103296 |
| 05/15 | 4727 | 5,377.55 | 085311294 |
| 05/16 | 4712 | 10,113.70 | 085290239 |
| 05/16 | 4730 | 232.54 | 085412844 |
| 05/16 | 4740 | 141.67 | 085312771 |
| 05/16 | 4722 | 592.46 | 085269128 |
| 05/16 | 4783 | 3,893.60 | 085529001 |
| 05/17 | 4723 | 172.08 | 085831703 |
| 05/17 | 4741 | 1,289.97 | 086049355 |
| 05/17 | 4735 | 17,502.76 | 085825893 |
| 05/17 | 4731 | 14,817.78 | 086349019 |
| | | 79.68 | 086480910 |
| | | 104.28 | 086427738 |
| | | 275.00 | 086870491 |

| Date posted | Check number | Amount | Reference number |
|---|---|---|---|
| 05/17 | 4757 | 9,660.00 | 086642881 |
| 05/20 | 4755 | 3,752.95 | 083080576 |
| 05/20 | 4758 | 709.70 | 083343534 |
| 05/20 | 4773 | 2,172.24 | 083325762 |
| 05/20 | 4774 | 647.67 | 083334800 |
| 05/20 | 4775 | 1,641.18 | 070618741 |
| 05/20 | 4760 | 99.73 | 083464640 |
| 05/20 | 4776 | 35,648.72 | 083493183 |
| 05/20 | 4750 | 100.00 | 083842553 |
| 05/20 | 4761 | 18,172.19 | 083580709 |
| 05/20 | 4766 | 3,630.01 | 084022871 |
| 05/20 | 4777 | 1,008.87 | 083693373 |
| 05/20 | 4778 | 229.66 | 084114438 |
| 05/20 | 4785 | 358.14 | 084081100 |
| 05/20 | 4814 | 18,441.66 | 083679070 |
| 05/21 | 4780 | 1,064.43 | 084201692 |
| 05/21 | 4782 | 132.85 | 084558426 |
| 05/21 | 4784 | 11,469.28 | 084295930 |
| 05/21 | 4756 | 12,931.43 | 084492950 |
| 05/21 | 4762 | 93.65 | 084761499 |
| 05/21 | 4763 | 435.00 | 084889101 |
| 05/21 | 4770 | 1,550.00 | 084854017 |
| 05/21 | 4788 | 3,600.00 | 084873082 |
| 05/22 | 4759 | 2,200.00 | 084600484 |
| 05/22 | 4779 | 3,250.00 | 085200535 |
| 05/23 | 4753 | 2,150.00 | 085907305 |
| 05/23 | 4824 | 350.00 | 085743907 |
| 05/23 | 4830 | 35,732.06 | 086012605 |
| 05/23 | 4759 | 44.62 | 086014933 |
| 05/23 | 4768 | 1,054.00 | 086403164 |
| 05/24 | 4769 | 1,568.16 | 086451476 |
| 05/24 | 4772 | 4,167.25 | 083000840 |
| 05/28 | 4764 | 275.75 | 086798265 |
| | | 173.80 | 083054000 |

| Date posted | Check number | Amount | Reference number |
|---|---|---|---|
| 05/28 | 4781 | 780.00 | 083064913 |
| 05/28 | 4806 | 317.45 | 083301278 |
| 05/28 | 4771 | 30,382.30 | 071468806 |
| 05/28 | 4805 | 15,599.42 | 071468895 |
| 05/28 | 4819 | 1,226.00 | 083404280 |
| 05/28 | 4808 | 33,933.67 | 083442240 |
| 05/28 | 4818 | 574.92 | 083464367 |
| 05/28 | 4767 | 4,601.33 | L083806098 |
| 05/28 | 4795 | 48,986.21 | 083681746 |
| 05/28 | 4799 | 1,410.27 | 083820632 |
| 05/28 | 4811 | 262.75 | 084201083 |
| 05/28 | 4822 | 600.00 | 083586058 |
| 05/29 | 4807 | 1,236.50 | 073356598 |
| 05/29 | 4823 | 375.00 | 084437901 |
| 05/29 | 4800 | 14,991.08 | 084521978 |
| 05/29 | 4809 | 1,089.70 | 084511831 |
| 05/29 | 4816 | 1,478.70 | 084511824 |
| 05/29 | 4821 | 915.27 | 084534645 |
| 05/29 | 4802 | 62.12 | 084731091 |
| 05/29 | 4810 | 72.99 | 084729106 |
| 05/29 | 4812 | 780.00 | 085045687 |
| 05/29 | 4820 | 53.32 | 085012844 |
| 05/30 | 4797 | 2,501.04 | 085060785 |
| 05/30 | 4801 | 165.50 | 085197198 |
| 05/30 | 4844 | 15,953.71 | 085264365 |
| 05/30 | 4791 | 55.01 | 085497474 |
| 05/30 | 4792 | 200.75 | 085897448 |
| 05/31 | 4794 | 230.36 | 085902878 |
| 05/31 | 4803 | 279.50 | 085750483 |
| 05/31 | 4813 | 941.58 | 085780506 |
| 05/31 | 4846 | 688.00 | 085523470 |
| 05/31 | 4848 | 1,385.00 | 085623511 |
| 05/31 | 4815 | 209.79 | 085862069 |

### ACH Debits     15 transactions for a total of $28,987.14

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/02 | 597.08 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 755026568589Rcj | 00013121009043263 |
| 05/07 | 349.48 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 050318V01 | 00013126009711667 |
| 05/08 | 1,351.53 | ACH Debit Insur Prem<br>American United 006121070000000o | 00013127002166128 |
| 05/09 | 589.60 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 425018053390Rcj | 00013128007308898 |
| 05/10 | 15,869.42 | Corporate ACH EDI Paymts<br>United Healthcare 20130509004159 | 00013129009659469 |
| 05/10 | 5,262.00 | Corporate ACH Payment Amtrust N A 782280 | 00013129008436710 |
| 05/10 | 1,825.40 | Corporate ACH ADP - Fees ADP Payroll Fees 53Rcj | 00013129008440219 |
| 05/14 | 346.51 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 051019V01 | 00013133005981064 |
| 05/16 | 643.83 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 784042884652Rcj | 00013135003611757 |
| 05/17 | 34.27 | Corporate ACH Sales&Use<br>NC Dept Of Reven 4313614001546 | 00013137008290026 |
| 05/21 | 354.45 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 051720V01 | 00013140003575404 |

ACH Debits continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period** 05/01/2013 to 05/31/2013
Account number: ████4716
Page 4 of 5

## Checks and Other Debits - continued

### ACH Debits - continued

15 transactions for a total of $28,987.14

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/23 | 684.96 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 015056972312Rcj | 00013142010599865 |
| 05/29 | 328.75 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rej 052421V01 | 00013148010831111 |
| 05/30 | 560.20 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 5800178222210Rcj | 000131490054754257 |
| 05/31 | 189.66 | Corporate ACH ADP - Fees<br>ADP Payroll Fees 8Za32Rcj6975959 | 00013150008706980 |

### Funds Transfers Out

15 transactions for a total of $164,110.88

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/01 | 28,750.00 | Fed Wire Out 004241 | W004241 0501 |
| 05/01 | 11,132.87 | Fed Wire Out 004511 | W004511 0501 |
| 05/01 | 14,075.73 | Fed Wire Out 012605 | W012605 0501 |
| 05/02 | 6,145.52 | Fed Wire Out 011391 | W011391 0502 |
| 05/08 | 13,632.03 | Fed Wire Out 012719 | W012719 0508 |
| 05/09 | 5,785.66 | Fed Wire Out 011077 | W011077 0509 |
| 05/09 | 368.22 | Fed Wire Out 012139 | W012139 0509 |
| 05/15 | 12,913.01 | Fed Wire Out 014477 | W014477 0515 |
| 05/16 | 5,736.32 | Fed Wire Out 011780 | W011780 0516 |
| 05/22 | 13,699.68 | Fed Wire Out 021891 | W021891 0522 |
| 05/23 | 6,123.54 | Fed Wire Out 011362 | W011362 0523 |
| 05/29 | 11,533.36 | Fed Wire Out 013372 | W013372 0529 |
| 05/30 | 4,921.72 | Fed Wire Out 013442 | W013442 0530 |
| 05/31 | 28,750.00 | Fed Wire Out 005389 | W005389 0531 |
| 05/31 | 543.22 | Fed Wire Out 015616 | W015616 0531 |

### Other Debits

1 transaction for a total of $917.44

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 05/31 | 917.44 | Corporate Account Analysis Charge | 000000000000019379 |

## Check and Substitute Check Summary

* Gap in check sequence

| Check number | | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number | Check number | | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4642 | * | 50.00 | 05/06 | 086755765 | 4685 | 158.05 | 05/06 | 086640255 | 4695 | | 2,350.00 | 05/06 | 085454927 |
| 4648 | * | 47,499.92 | 05/06 | 085073028 | 4686 | 1,028.14 | 05/03 | 085794305 | 4697 | * | 63,199.94 | 05/03 | 074584605 |
| 4649 | | 151.80 | 05/07 | 084484885 | 4687 | 79.53 | 05/03 | 086128574 | 4698 | | 1,106.71 | 05/01 | 084584640 |
| 4669 | * | 600.00 | 05/01 | 084096289 | 4688 | 228.21 | 05/01 | 084476179 | 4699 | | 4,127.20 | 05/02 | 084833016 |
| 4680 | * | 2,843.96 | 05/02 | 084726074 | 4690 | * | 60,978.25 | 05/10 | 086264102 | 4700 | | 440.00 | 05/02 | 085266900 |
| 4681 | | 352.22 | 05/01 | 084589430 | 4691 | | 223.50 | 05/03 | 085499461 | 4701 | | 417.39 | 05/02 | 084793218 |
| 4682 | | 910.00 | 05/02 | 084781078 | 4692 | | 918.00 | 05/03 | 084660780 | 4703 | * | 590.46 | 05/03 | 085783347 |
| 4683 | | 827.10 | 05/03 | 085891224 | 4693 | | 196.30 | 05/03 | 085494976 | 4704 | | 3,100.00 | 05/02 | 086433824 |
| 4684 | | 102.38 | 05/01 | 084409417 | 4694 | | 138.94 | 05/03 | 086016492 | 4705 | | 11,600.00 | 05/01 | 084158440 |

Check and Substitute Check Summary continued on next page

i

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period   05/01/2013   to   05/31/2013
Account number: ▆▆▆▆▆4716
Page 5 of 5

## Checks and Other Debits   - continued

### Check and Substitute Check Summary   - continued

\* Gap in check sequence

| Check number | Amount | Date paid | Reference number |
|---|---|---|---|
| 4706 | 300.00 | 05/01 | 084414205 |
| 4708 | 2,334.15 | 05/01 | 084572919 |
| 4709 | 135.67 | 05/02 | 084530642 |
| 4710 | 2,675.16 | 05/02 | 085349920 |
| 4711 | 2,950.00 | 05/03 | 085603481 |
| 4712 | 172.08 | 05/16 | 085831763 |
| 4713 | 4,038.01 | 05/13 | 083674723 |
| 4714 | 8,428.24 | 05/13 | 083656689 |
| 4715 | 4,491.19 | 05/13 | 083088033 |
| 4716 | 5,377.55 | 05/15 | 085311264 |
| 4717 | 159.01 | 05/14 | 084430318 |
| 4718 | 10,113.70 | 05/15 | 085236233 |
| 4719 | 81,840.09 | 05/13 | 093442813 |
| 4720 | 5,492.01 | 05/14 | 084741822 |
| 4721 | 9,971.11 | 05/14 | 084727296 |
| 4722 | 1,289.97 | 05/16 | 085049365 |
| 4723 | 14,817.78 | 05/17 | 088381019 |
| 4724 | 577.50 | 05/17 | 084670382 |
| 4725 | 163.80 | 05/13 | 083846183 |
| 4726 | 271.03 | 05/14 | 084298852 |
| 4727 | 232.54 | 05/15 | 085412544 |
| 4728 | 18,053.41 | 05/14 | 084170457 |
| 4729 | 141.67 | 05/15 | 085312771 |
| 4730 | 592.46 | 05/16 | 085066138 |
| 4731 | 275.00 | 05/17 | 086879491 |
| 4732 | 2,384.96 | 05/14 | 084735991 |
| 4733 | 217.17 | 05/14 | 084104063 |
| 4734 | 18,516.45 | 05/08 | 084321793 |
| 4735 | 104.28 | 05/17 | 086427726 |
| 4736 | 1,501.80 | 05/14 | 084321793 |
| 4737 | 9,360.83 | 05/13 | 083132227 |
| 4738 | 10,370.00 | 05/13 | 083116803 |
| 4739 | 628.55 | 05/15 | 085105250 |
| 4740 | 3,883.60 | 05/15 | 085520001 |
| 4741 | 79.68 | 05/17 | 086390910 |
| 4742 | 36,368.59 | 05/08 | 085200056 |
| 4743 | 114.90 | 05/14 | 084783357 |
| 4744 | 3,600.00 | 05/13 | 083412402 |

| Check number | Amount | Date paid | Reference number |
|---|---|---|---|
| 4745 | 1,280.79 | 05/13 | 083758296 |
| 4746 | 1,550.00 | 05/14 | 084325808 |
| 4747 | 224.91 | 05/15 | 085003841 |
| 4748 | 58,565.55 | 05/13 | 083442612 |
| 4749 | 75,095.81 | 05/08 | 085080056 |
| 4750 | 100.00 | 05/20 | 083842553 |
| 4751 | 53,147.33 | 05/10 | 086247059 |
| 4752 | 161,028.03 | 05/13 | 083118828 |
| 4753 | 350.00 | 05/23 | 085764397 |
| 4754 | 95.66 | 05/21 | 084751499 |
| 4755 | 3,752.95 | 05/20 | 083086578 |
| 4756 | 12,931.43 | 05/21 | 084462950 |
| 4757 | 9,660.00 | 05/17 | 086642881 |
| 4758 | 709.76 | 05/20 | 083261287 |
| 4759 | 1,054.00 | 05/24 | 086403164 |
| 4760 | 99.73 | 05/20 | 053446460 |
| 4761 | 18,172.19 | 05/20 | 085580789 |
| 4762 | 435.00 | 05/21 | 084893101 |
| 4763 | 1,550.00 | 05/21 | 084854017 |
| 4764 | 173.80 | 05/28 | 083054060 |
| 4766 | 3,630.01 | 05/20 | 084022871 |
| 4767 | 4,601.33 | 05/28 | L083080968 |
| 4768 | 1,568.16 | 05/24 | 086451476 |
| 4769 | 4,167.26 | 05/24 | 083002849 |
| 4770 | 3,600.00 | 05/21 | 084679082 |
| 4771 | 30,362.30 | 05/28 | 071468896 |
| 4772 | 275.75 | 05/24 | 086765285 |
| 4773 | 2,172.24 | 05/20 | 083325762 |
| 4774 | 647.57 | 05/20 | 083334800 |
| 4775 | 1,641.18 | 05/20 | 070618741 |
| 4776 | 35,548.72 | 05/20 | 083453183 |
| 4777 | 1,008.87 | 05/20 | 083653373 |
| 4778 | 229.68 | 05/20 | 084114183 |
| 4779 | 2,150.00 | 05/22 | 085607612 |
| 4780 | 1,064.43 | 05/21 | 084293692 |
| 4781 | 780.00 | 05/28 | 083064913 |
| 4782 | 102.86 | 05/21 | 064436426 |
| 4783 | 17,502.76 | 05/16 | 085826935 |

| Check number | Amount | Date paid | Reference number |
|---|---|---|---|
| 4784 | 11,469.28 | 05/21 | 084295890 |
| 4785 | 358.14 | 05/20 | 084081500 |
| 4786 | 3,250.00 | 05/22 | 085200535 |
| 4788 | 2,200.00 | 05/21 | 084690484 |
| 4791 | 55.01 | 05/30 | 085487474 |
| 4792 | 200.75 | 05/30 | 085697448 |
| 4794 | 230.38 | 05/31 | 085822878 |
| 4795 | 48,986.21 | 05/28 | 083081746 |
| 4797 | 2,501.04 | 05/30 | 085090785 |
| 4799 | 1,410.27 | 05/28 | 083829832 |
| 4800 | 14,991.08 | 05/29 | 084521978 |
| 4801 | 185.50 | 05/30 | 085337439 |
| 4802 | 62.12 | 05/29 | 084731601 |
| 4803 | 270.00 | 05/31 | 085756483 |
| 4805 | 15,599.42 | 05/28 | 071468995 |
| 4806 | 317.45 | 05/28 | 083031278 |
| 4807 | 1,236.60 | 05/29 | 079556500 |
| 4808 | 33,903.67 | 05/28 | 083442240 |
| 4809 | 1,089.70 | 05/29 | 084511531 |
| 4810 | 72.99 | 05/29 | 084720100 |
| 4811 | 262.75 | 05/28 | 084201083 |
| 4812 | 780.00 | 05/29 | 085045687 |
| 4813 | 941.58 | 05/31 | 085780596 |
| 4814 | 18,441.69 | 05/20 | 083570070 |
| 4815 | 209.79 | 05/31 | 085893366 |
| 4816 | 1,479.70 | 05/29 | 084511824 |
| 4818 | 574.92 | 05/28 | 083464367 |
| 4819 | 1,225.00 | 05/28 | 083404260 |
| 4820 | 93.32 | 05/29 | 085812644 |
| 4821 | 915.27 | 05/29 | 083434845 |
| 4822 | 600.00 | 05/28 | 083088058 |
| 4823 | 375.00 | 05/29 | 084437001 |
| 4824 | 35,732.06 | 05/23 | 086012205 |
| 4830 | 44.52 | 05/23 | 085014933 |
| 4844 | 15,993.71 | 05/30 | 085294395 |
| 4845 | 688.00 | 05/31 | 085923470 |
| 4846 | 1,385.00 | 05/31 | 085823511 |

# Corporate Business Account Statement

 PNC BANK

Page 1 of 5
Account Number: ████-4716

**For the period   06/01/2013 to 06/28/2013**

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY
SAINT JEROME QC J5L 2G9
CANADA

Number of enclosures:   0
Tax ID Number: 44-1770044
☎ For Client Services:
   Call 1-800-669-1518

🖳 Visit us at PNC.com/treasury

✉ Write to:  Treas Mgmt Client Care
   One Financial Parkway
   Locator Z1-Yb42-03-1
   Kalamazoo MI 49009

## Account Summary Information

### Balance Summary

| | Beginning balance | Deposits and other credits | Checks and other debits | Ending balance |
|---|---|---|---|---|
| | 524,619.94 | 1,136,578.34 | 1,334,220.56 | 326,977.72 |

| Deposits and Other Credits | | | Checks and Other Debits | | |
|---|---|---|---|---|---|
| Description | Items | Amount | Description | Items | Amount |
| Deposits | 1 | 620.00 | Checks | 142 | 1,205,441.66 |
| National Lockbox | 17 | 1,015,368.37 | Returned Items | 0 | .00 |
| ACH Credits | 4 | 63,213.81 | ACH Debits | 14 | 28,946.05 |
| Funds Transfers In | 3 | 57,376.16 | Funds Transfers Out | 10 | 98,881.03 |
| Trade Services | 0 | .00 | Trade Services | 0 | .00 |
| Investments | 0 | .00 | Investments | 0 | .00 |
| Zero Balance Transfers | 0 | .00 | Zero Balance Transfers | 0 | .00 |
| Adjustments | 0 | .00 | Adjustments | 0 | .00 |
| Other Credits | 0 | .00 | Other Debits | 1 | 951.82 |
| Total | 25 | 1,136,578.34 | Total | 167 | 1,334,220.56 |

### Ledger Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 06/01 | 524,619.94 | 06/11 | 543,044.72 | 06/20 | 417,678.32 |
| 06/03 | 408,251.30 | 06/12 | 297,188.83 | 06/21 | 408,943.15 |
| 06/04 | 465,146.25 | 06/13 | 389,023.20 | 06/24 | 373,497.09 |
| 06/05 | 506,454.48 | 06/14 | 403,537.87 | 06/25 | 405,637.46 |
| 06/06 | 497,839.77 | 06/17 | 489,454.27 | 06/26 | 468,147.24 |
| 06/07 | 504,031.79 | 06/18 | 345,855.81 | 06/27 | 317,845.37 |
| 06/10 | 424,462.01 | 06/19 | 428,400.73 | 06/28 | 326,977.72 |

## Deposits and Other Credits

### Deposits

**1 transaction for a total of $620.00**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/17 | 620.00 | Mail Deposit | 523884210 |

### National Lockbox

**17 transactions for a total of $1,015,368.37**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/03 | 22,566.38 | Whls Lbx Dep 534640 | 017884655 |
| 06/04 | 72,394.62 | Whls Lbx Dep 534640 | 017417652 |
| 06/05 | 69,154.51 | Whls Lbx Dep 534640 | 017672445 |

National Lockbox continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period   06/01/2013 to 06/28/2013
Account number: ████4716
Page 2 of 5

## Deposits and Other Credits  - continued

### National Lockbox  - continued

**17 transactions for a total of $1,015,368.37**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/10 | 19,166.95 | Whls Lbx Dep 534640 | 017767326 |
| 06/11 | 134,923.79 | Whls Lbx Dep 534640 | 012272725 |
| 06/12 | 12,713.53 | Whls Lbx Dep 534640 | 017513145 |
| 06/13 | 97,988.42 | Whls Lbx Dep 534640 | 017731616 |
| 06/14 | 68,898.97 | Whls Lbx Dep 534640 | 017075616 |
| 06/17 | 130,705.49 | Whls Lbx Dep 534640 | 017607677 |
| 06/18 | 20,157.65 | Whls Lbx Dep 534640 | 017081440 |
| 06/19 | 81,099.32 | Whls Lbx Dep 534640 | 017306318 |
| 06/21 | 4,680.00 | Whls Lbx Dep 534640 | 017757161 |
| 06/24 | 72,336.58 | Whls Lbx Dep 534640 | 017361518 |
| 06/25 | 54,657.90 | Whls Lbx Dep 534640 | 017726812 |
| 06/26 | 80,356.16 | Whls Lbx Dep 534640 | 017073518 |
| 06/27 | 44,275.57 | Whls Lbx Dep 534640 | 017280140 |
| 06/28 | 29,292.53 | Whls Lbx Dep 534640 | 017502257 |

### ACH Credits

**4 transactions for a total of $63,213.81**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/07 | 13,994.11 | Corporate ACH Solaris Raven Antenna | 00013158009424474 |
| 06/11 | 14,124.49 | Corporate ACH Solaris Raven Antenna | 00013162005354588 |
| 06/24 | 21,922.45 | Corporate ACH Invoice PA 06/21/13 Raynor Mfg 508 123582 | 00013117001862249 |
| 06/27 | 13,172.76 | Corporate ACH Solaris Raven Antenna | 00013178007794429 |

### Funds Transfer In

**3 transactions for a total of $57,376.16**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/13 | 8,489.87 | Fed Wire In 039227 | W039227 0613 |
| 06/19 | 24,525.15 | Fed Wire In 014751 | W014751 0619 |
| 06/25 | 24,361.14 | Fed Wire In 030680 | W030680 0625 |

## Checks and Other Debits

### Checks and Substitute Checks

**142 transactions for a total of $1,205,441.66**

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/03 | 4796 | 288.11 | 080539123 | 06/03 | 4846 | 482.95 | 083226113 | 06/06 | 4833 | 1,738.75 | 085021045 |
| 06/03 | 4840 | 483.33 | 088604734 | 06/03 | 4849 | 3,051.40 | 083703540 | 06/07 | 4892 | 1,385.00 | 086430150 |
| 06/03 | 4852 | 4,776.00 | 086772840 | 06/03 | 4853 | 2,610.00 | 083747485 | 06/07 | 4894 | 3,454.12 | 086913109 |
| 06/03 | 4837 | 15,150.92 | 086822587 | 06/04 | 4838 | 918.20 | 084066154 | 06/07 | 4872 | 812.97 | 086916884 |
| 06/03 | 4847 | 900.00 | 088821210 | 06/04 | 4842 | 242.50 | 083769793 | 06/07 | 4874 | 2,150.00 | 085820828 |
| 06/03 | 4855 | 70,863.48 | 086902478 | 06/04 | 4850 | 220.02 | 084063173 | 06/10 | 4859 | 2,990.04 | 083300930 |
| 06/03 | 4798 | 61.90 | 083018593 | 06/04 | 4787 | 50.00 | 084545709 | 06/10 | 4865 | 26,450.44 | 083004085 |
| 06/03 | 4831 | 6,138.47 | 083028583 | 06/04 | 4834 | 421.70 | 084560920 | 06/10 | 4867 | 98.10 | 083302762 |
| 06/03 | 4832 | 16,195.20 | 083026392 | 06/04 | 4836 | 13,295.84 | 084311158 | 06/10 | 4870 | 29,766.09 | 071401242 |
| 06/03 | 4763 | 1,249.50 | 083585477 | 06/04 | 4851 | 57.45 | 084685739 | 06/10 | 4886 | 5,750.00 | 083299091 |
| 06/03 | 4817 | 408.90 | 083210309 | 06/05 | 4854 | 380.00 | 084724921 | 06/10 | 4881 | 6,513.10 | 083343428 |
| 06/03 | 4839 | 3,918.13 | 083551428 | 06/05 | 4839 | 96.53 | 085283935 | 06/10 | 4858 | 1,465.00 | 083783090 |
| 06/03 | 4843 | 313.56 | 083987721 | 06/05 | 4883 | 13,532.33 | 085431171 | 06/10 | 4869 | 639.39 | 084229004 |

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period** 06/01/2013 to 06/28/2013
Account number: ████-4716
Page 3 of 5

## Checks and Other Debits - continued

### Checks and Substitute Checks - continued     142 transactions for a total of $1,205,441.66

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/10 | 4873 | 105.75 | 084241132 | 06/17 | 4918 | 6,800.00 | 083962200 | 06/24 | 4954 | 550.00 | 083642650 |
| 06/11 | 4856 | 2,734.10 | 084316898 | 06/17 | 4891 | 102.38 | 084028721 | 05/24 | 4942 | 35,478.03 | 083692916 |
| 06/11 | 4862 | 460.00 | 084220104 | 06/17 | 4892 | 1,200.00 | 084003322 | 06/24 | 4921 | 160.24 | 083689827 |
| 06/11 | 4887 | 1,271.16 | 084487445 | 06/17 | 4904 | 918.00 | 084235690 | 06/24 | 4922 | 4,485.38 | 084188264 |
| 06/11 | 4804 | 3,750.00 | 084565277 | 06/17 | 4907 | 52.66 | 084028715 | 06/24 | 4926 | 99.63 | 084349303 |
| 06/11 | 4876 | 930.60 | 084576063 | 06/17 | 4915 | 363.47 | 084133591 | 06/24 | 4930 | 19,314.22 | 083845424 |
| 06/11 | 4877 | 314.58 | 084536356 | 06/18 | 4894 | 483.80 | 084524765 | 06/24 | 4934 | 1,242.00 | 084370897 |
| 06/11 | 4878 | 60.00 | 084571068 | 05/18 | 4898 | 491.10 | 084676830 | 06/24 | 4935 | 1,780.06 | 084099327 |
| 06/11 | 4827 | 463.71 | 085135068 | 06/18 | 4913 | 96,397.48 | 084665810 | 06/24 | 4945 | 4,591.07 | 084164199 |
| 06/11 | 4888 | 743.53 | 084706107 | 06/18 | 4829 | 552.72 | 084640097 | 06/24 | 4944 | 706.09 | 084366287 |
| 06/11 | 4885 | 57.45 | 085160027 | 06/18 | 4871 | 500.00 | 085101519 | 06/24 | 4946 | 52.91 | 084136066 |
| 06/12 | 4916 | 19,300.32 | 083086257 | 06/18 | 4900 | 10,910.42 | 085176417 | 06/24 | 4947 | 131.30 | 084367750 |
| 06/12 | 4780 | 68,259.69 | 085340184 | 06/18 | 4957 | 54,072.35 | 085181820 | 06/24 | 4952 | 776.86 | 084133851 |
| 06/12 | 4790 | 59,524.58 | 085340185 | 06/19 | 4903 | 180.00 | 085309792 | 06/24 | 4954 | 45.00 | 084164321 |
| 06/12 | 4886 | 490.50 | 085253820 | 06/19 | 4905 | 457.32 | 085285691 | 06/24 | 4959 | 150.77 | 084370503 |
| 06/12 | 4879 | 114,743.46 | 085264321 | 06/19 | 4895 | 6,924.15 | 085653018 | 06/24 | 4960 | 758.89 | 084322378 |
| 06/12 | 4875 | 500.00 | 085810449 | 06/19 | 4899 | 53.05 | 085710428 | 06/24 | 4963 | 6,050.00 | 083836448 |
| 06/13 | 4880 | 358.14 | 085652187 | 06/19 | 4911 | 472.85 | 085653997 | 06/26 | 4925 | 680.68 | 084490770 |
| 06/13 | 4825 | 1,200.00 | 085600382 | 06/20 | 4890 | 991.00 | 085007739 | 06/25 | 4827 | 267.58 | 084498870 |
| 06/13 | 4857 | 910.00 | 085892088 | 06/20 | 4901 | 599.09 | 085683306 | 06/25 | 4945 | 854.70 | 084536332 |
| 06/13 | 4853 | 313.98 | 085857073 | 06/20 | 4893 | 216.75 | 085637131 | 06/25 | 4956 | 43,748.58 | 084007870 |
| 06/13 | 4914 | 2,300.00 | 085200523 | 06/20 | 4909 | 1,269.00 | 086529142 | 06/26 | 4953 | 918.57 | 084718302 |
| 06/14 | 4765 | 2,452.40 | 086320997 | 06/21 | 4864 | 166.56 | 083213847 | 06/25 | 4924 | 37.40 | 084895890 |
| 06/13 | 4860 | 541.00 | 086365697 | 06/21 | 4908 | 573.57 | 083209663 | 06/26 | 4932 | 164.02 | 085314603 |
| 06/14 | 4861 | 312.71 | 086596847 | 06/21 | 4923 | 9,935.00 | 083163685 | 06/25 | 4938 | 209.00 | 084598284 |
| 06/14 | 4910 | 363.25 | 086606066 | 06/21 | 4933 | 2,740.04 | 083290087 | 06/26 | 4940 | 887.21 | 085452469 |
| 06/14 | 4897 | 1,480.00 | 086845485 | 06/24 | 4928 | 2,996.14 | 083329189 | 06/26 | 4940 | 288.83 | 085090481 |
| 06/14 | 4896 | 50,382.56 | 086792698 | 06/24 | 4929 | 159.01 | 083492082 | 06/27 | 4991 | 170,170.73 | 085091772 |
| 06/14 | 4906 | 295.78 | 083030092 | 06/24 | 4936 | 151.59 | 083646287 | 06/27 | 4990 | 17,960.37 | 086108140 |
| 06/14 | 4919 | 1,550.00 | 083238517 | 06/24 | 4937 | 14,928.82 | 083837285 | 06/27 | 4931 | 2,424.23 | 086330603 |
| 06/17 | 4902 | 14,994.44 | 083524346 | 06/24 | 4941 | 17,418.06 | 072835484 | 06/27 | 4939 | 209.50 | 086307839 |
| 06/17 | 4921 | 1,000.00 | 083523415 | 06/24 | 4949 | 1,762.68 | 083548362 | 06/27 | 4951 | 114.30 | 086306128 |
| 06/17 | 4828 | 15,517.84 | 083233410 | 06/24 | 4950 | 1,840.48 | 083416245 | 06/28 | 4948 | 480.00 | 083202908 |
| 06/17 | 4889 | 3,722.02 | 083007702 | 06/24 | 4955 | 14,061.28 | 072835485 | 06/28 | 4592 | 16,538.70 | 086805691 |
| 06/17 | 4912 | 136.88 | 083607225 | | | | | | | | |

## ACH Debits     14 transactions for a total of $28,946.05

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/04 | 294.36 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 053122V01 | 00013154007339594 |
| 06/06 | 593.80 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 645041823020Rcj | 00013157006393399 |
| 06/10 | 16,518.90 | Corporate ACH EDI Paymts<br>United Healthcar 20130607004388 | 00013161002203350 |
| 06/10 | 1,825.40 | Corporate ACH ADP - Fees ADP Payroll Fees 53Rcj | 00013168009992980 |
| 06/10 | 1,351.53 | ACH Debit Insur Prem<br>American United 006121070000000 | 00013158010886552 |
| 06/10 | 5,262.00 | Corporate ACH Payment Amtrust N A 782280 | 00013161002140437 |
| 06/11 | 351.88 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 050723V01 | 00013161004450274 |
| 06/11 | 38.34 | Corporate ACH Sales&Use<br>NC Dept Of Reven 4316114006784 | 00013162005288668 |
| 06/13 | 582.60 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 727044367209Rcj | 00013163012818817 |
| 06/18 | 358.14 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 061424V01 | 00013168012000844 |
| 06/20 | 584.70 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 517045288357Rcj | 00013170008656238 |

ACH Debits continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period** 06/01/2013 to 06/28/2013
Account number: ●●●●●4716
Page 4 of 5

## Checks and Other Debits - *continued*

### ACH Debits - *continued*

**14 transactions for a total of $28,946.05**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/25 | 370.66 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 062125V01 | 00013175008089116 |
| 06/27 | 624.08 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 546044049226rRcj | 00013177007246654 |
| 06/28 | 189.66 | Corporate ACH ADP - Fees<br>ADP Payroll Fees 8Za32Rcj8138050 | 00013178006592896 |

### Funds Transfers Out

**10 transactions for a total of $98,881.03**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/03 | 12,246.17 | Fed Wire Out 005153 | W005153 0603 |
| 06/05 | 13,857.42 | Fed Wire Out 034829 | W034829 0605 |
| 06/06 | 6,282.16 | Fed Wire Out 010339 | W010339 0606 |
| 06/12 | 14,593.05 | Fed Wire Out 013023 | W013023 0612 |
| 06/13 | 6,333.96 | Fed Wire Out 012414 | W012414 0613 |
| 06/19 | 14,992.18 | Fed Wire Out 022194 | W022194 0619 |
| 06/20 | 6,490.20 | Fed Wire Out 013144 | W013144 0620 |
| 06/20 | 541.67 | Fed Wire Out 012570 | W012570 0620 |
| 06/26 | 16,297.32 | Fed Wire Out 031615 | W031615 0626 |
| 06/27 | 7,246.90 | Fed Wire Out 012572 | W012572 0627 |

### Other Debits

**1 transaction for a total of $951.82**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 06/28 | 951.82 | Corporate Account Analysis Charge | 00000000000019269 |

## Check and Substitute Check Summary

* Gap in check sequence

| Check number | | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4765 | * | 2,462.40 | 06/13 | 089320097 | 4837 | 15,150.92 | 06/03 | 066822687 | 4860 | 541.00 | 06/13 | 086266997 |
| 4787 | * | 50.00 | 06/04 | 084545799 | 4838 | 918.00 | 06/04 | 084066154 | 4861 | 312.71 | 06/14 | 086556847 |
| 4789 | * | 68,259.69 | 06/12 | 085340184 | 4839 | 96.53 | 06/05 | 085253035 | 4862 | 450.00 | 06/11 | 084320104 |
| 4790 | | 58,524.58 | 06/12 | 085340185 | 4840 | 483.33 | 06/03 | 086660734 | 4863 | 313.96 | 06/13 | 085857075 |
| 4793 | * | 1,249.60 | 06/03 | 083386477 | 4842 | 242.50 | 06/04 | 083783789 | 4864 | 3,454.12 | 06/07 | 086913109 |
| 4796 | * | 288.11 | 06/03 | 086538173 | 4843 | 313.56 | 06/03 | 083367721 | 4865 | 26,450.44 | 06/10 | 083304085 |
| 4798 | * | 61.90 | 06/03 | 083916257 | 4845 | 482.95 | 06/03 | 083226113 | 4866 | 490.50 | 06/12 | 085233829 |
| 4804 | * | 3,750.00 | 06/11 | 084585827 | 4847 | 900.00 | 06/03 | 086621210 | 4867 | 98.19 | 06/10 | 083302752 |
| 4817 | * | 408.90 | 06/03 | 083710109 | 4849 | 3,054.40 | 06/03 | 083703949 | 4868 | 743.53 | 06/11 | 084795107 |
| 4825 | * | 1,200.00 | 06/13 | 085905382 | 4850 | 220.02 | 06/03 | 084063173 | 4869 | 639.39 | 06/10 | 084299504 |
| 4827 | * | 463.71 | 06/11 | 085135098 | 4851 | 57.45 | 06/04 | 084585739 | 4870 | 29,766.09 | 06/10 | 071407242 |
| 4828 | | 15,517.84 | 06/17 | 083633416 | 4852 | 4,775.00 | 06/05 | 086772540 | 4871 | 500.00 | 06/18 | 085101519 |
| 4829 | | 552.72 | 06/18 | 084840997 | 4853 | 2,610.00 | 06/03 | 083747495 | 4872 | 812.97 | 06/07 | 086916884 |
| 4831 | * | 6,136.47 | 06/03 | 083028593 | 4854 | 360.00 | 06/05 | 084724921 | 4873 | 105.75 | 06/10 | 084241132 |
| 4832 | | 15,195.20 | 06/03 | 083028392 | 4855 | 70,863.48 | 06/03 | 086902478 | 4874 | 2,150.00 | 06/07 | 086829628 |
| 4833 | | 1,738.75 | 06/06 | 084021045 | 4856 | 2,734.10 | 06/11 | 084316898 | 4875 | 600.00 | 06/10 | 086910449 |
| 4834 | | 421.70 | 06/04 | 084660220 | 4857 | 910.00 | 06/13 | 085892068 | 4876 | 930.50 | 06/11 | 084576003 |
| 4835 | | 13,295.64 | 06/04 | 084317158 | 4858 | 1,465.00 | 06/10 | 083783090 | 4877 | 314.58 | 06/11 | 084586386 |
| 4836 | | 3,918.13 | 06/03 | 083551426 | 4859 | 2,990.94 | 06/10 | 083306630 | 4878 | 60.00 | 06/11 | 084571008 |

Check and Substitute Check Summary continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period** 06/01/2013 to 06/28/2013
Account number: ████4716
Page 5 of 5

## Checks and Other Debits  - continued

### Check and Substitute Check Summary  - continued

* Gap in check sequence

| Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4879 | 114,743.46 | 06/12 | 085284321 | 4909 | 1,296.00 | 06/20 | 086529142 | 4939 | 209.50 | 06/27 | 086307039 |
| 4880 | 358.14 | 06/12 | 085062187 | 4910 | 363.25 | 06/14 | 085606066 | 4940 | 288.83 | 06/26 | 085654881 |
| 4881 | 6,513.10 | 03/10 | 083343428 | 4911 | 472.85 | 08/19 | 085683967 | 4941 | 17,418.05 | 06/24 | 072835484 |
| 4882 | 1,385.00 | 06/07 | 086439150 | 4912 | 138.88 | 06/17 | 083607225 | 4942 | 35,478.03 | 06/24 | 083692018 |
| 4883 | 13,532.33 | 06/05 | 085431171 | 4913 | 96,397.48 | 06/18 | 086605910 | 4943 | 4,591.07 | 06/24 | 084164169 |
| 4884 | 166.58 | 06/21 | 083213847 | 4914 | 2,300.00 | 06/13 | 086920523 | 4944 | 705.09 | 06/24 | 084306287 |
| 4885 | 57.45 | 06/11 | 085160027 | 4915 | 363.47 | 06/17 | 084133591 | 4945 | 854.70 | 06/25 | 084538322 |
| 4886 | 5,750.00 | 06/10 | 083203291 | 4916 | 19,300.32 | 06/11 | 085069257 | 4946 | 52.91 | 06/24 | 084138066 |
| 4887 | 1,271.16 | 06/11 | 084487446 | 4918 | 6,800.00 | 06/17 | 083062030 | 4947 | 131.30 | 06/24 | 084367750 |
| 4889 | 3,722.02 | 06/17 | 083631762 | 4919 | 1,550.00 | 06/14 | 083238517 | 4948 | 480.00 | 06/28 | 083292906 |
| 4890 | 991.00 | 06/20 | 086067739 | 4921 | 1,600.00 | 06/17 | 083523415 | 4949 | 1,762.68 | 06/24 | 083548382 |
| 4891 | 102.38 | 06/21 | 084026721 | 4922 | 4,485.36 | 06/24 | 084188284 | 4950 | 1,840.48 | 06/24 | 083415245 |
| 4892 | 1,200.00 | 06/17 | 084063322 | 4923 | 9,935.00 | 06/21 | 083153645 | 4951 | 114.39 | 06/27 | 086369128 |
| 4893 | 218.75 | 06/20 | L096337151 | 4924 | 37.40 | 06/25 | 084865690 | 4952 | 776.86 | 06/24 | 084156851 |
| 4894 | 483.90 | 06/18 | 084624765 | 4925 | 680.68 | 06/25 | 084490770 | 4953 | 918.57 | 06/24 | 084718302 |
| 4895 | 6,924.15 | 06/19 | 085653018 | 4926 | 99.63 | 06/24 | 084345393 | 4954 | 45.00 | 06/24 | 084184621 |
| 4896 | 50,382.56 | 06/14 | 086702268 | 4927 | 267.98 | 06/25 | 084466670 | 4956 | 43,748.68 | 06/25 | 084607870 |
| 4897 | 1,480.00 | 06/14 | 086045485 | 4928 | 2,990.14 | 06/24 | 083523425 | 4957 | 54,072.35 | 06/18 | 085181809 |
| 4898 | 481.10 | 06/18 | 084678830 | 4929 | 159.01 | 06/24 | 083492082 | 4959 | 150.77 | 06/24 | 084370503 |
| 4899 | 53.05 | 06/19 | 085710428 | 4930 | 19,314.22 | 06/24 | 083845424 | 4960 | 756.89 | 06/24 | 084322376 |
| 4900 | 10,910.42 | 06/18 | 085176417 | 4931 | 2,424.23 | 06/27 | 086334038 | 4961 | 160.24 | 06/24 | 083669327 |
| 4901 | 599.00 | 06/20 | 085580392 | 4932 | 164.02 | 06/24 | 083314600 | 4962 | 887.21 | 06/24 | 085452499 |
| 4902 | 14,994.44 | 06/17 | 083524349 | 4933 | 2,740.04 | 06/21 | 083200597 | 4963 | 6,050.00 | 06/24 | 083336448 |
| 4903 | 150.00 | 06/19 | 085300792 | 4934 | 1,242.00 | 06/24 | 084370897 | 4964 | 550.00 | 06/24 | 083642050 |
| 4904 | 918.00 | 06/19 | 084235669 | 4935 | 1,780.68 | 06/24 | 084090327 | 4965 | 14,091.28 | 06/24 | 072835485 |
| 4905 | 457.32 | 06/19 | 086285091 | 4936 | 151.50 | 03/24 | 083648287 | 4990 | 17,960.37 | 06/27 | 086105140 |
| 4906 | 295.78 | 06/14 | 083030032 | 4937 | 14,928.82 | 08/24 | 083587265 | 4991 | 178,170.73 | 06/27 | 086091772 |
| 4907 | 52.06 | 06/17 | 086428715 | 4938 | 209.00 | 06/26 | 085298374 | 4992 | 16,538.70 | 06/28 | 086505561 |
| 4908 | 573.57 | 06/21 | 083266083 | | | | | | | | |

Equal Housing Lender

# Corporate Business Account Statement

 PNCBANK

Page 1 of 5
Account Number: ████-4716

For the period   06/29/2013 to 07/31/2013

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY
SAINT JEROME QC J5L 2G9
CANADA

Number of enclosures:   0
Tax ID Number: 44-1770044
☎ For Client Services:
   Call 1-800-669-1518

🖨 Visit us at PNC.com/treasury

✉ Write to: Treas Mgmt Client Care
   One Financial Parkway
   Locator Z1-Yb42-03-1
   Kalamazoo MI 49009

## Account Summary Information

### Balance Summary

| | Beginning balance | Deposits and other credits | Checks and other debits | Ending balance |
|---|---|---|---|---|
| | 326,977.72 | 1,411,428.89 | 1,484,612.36 | 253,794.25 |

### Deposits and Other Credits

| Description | Items | Amount |
|---|---|---|
| Deposits | 0 | .00 |
| National Lockbox | 20 | 1,210,115.53 |
| ACH Credits | 5 | 120,143.20 |
| Funds Transfers In | 3 | 81,170.16 |
| Trade Services | 0 | .00 |
| Investments | 0 | .00 |
| Zero Balance Transfers | 0 | .00 |
| Adjustments | 0 | .00 |
| Other Credits | 0 | .00 |
| Total | 28 | 1,411,428.89 |

### Checks and Other Debits

| Description | Items | Amount |
|---|---|---|
| Checks | 152 | 1,305,596.43 |
| Returned Items | 0 | .00 |
| ACH Debits | 15 | 27,652.85 |
| Funds Transfers Out | 12 | 150,486.39 |
| Trade Services | 0 | .00 |
| Investments | 0 | .00 |
| Zero Balance Transfers | 0 | .00 |
| Adjustments | 0 | .00 |
| Other Debits | 1 | 876.69 |
| Total | 180 | 1,484,612.36 |

### Ledger Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 06/29 | 326,977.72 | 07/11 | 554,926.01 | 07/23 | 479,741.26 |
| 07/01 | 304,813.54 | 07/12 | 543,726.69 | 07/24 | 529,188.90 |
| 07/02 | 416,377.51 | 07/15 | 798,607.52 | 07/25 | 545,350.19 |
| 07/03 | 452,147.30 | 07/16 | 663,026.82 | 07/26 | 561,100.15 |
| 07/05 | 515,061.73 | 07/17 | 705,052.25 | 07/29 | 423,760.57 |
| 07/08 | 497,826.99 | 07/18 | 567,296.09 | 07/30 | 412,486.97 |
| 07/09 | 549,608.86 | 07/19 | 583,803.84 | 07/31 | 253,794.25 |
| 07/10 | 524,384.46 | 07/22 | 482,676.04 | | |

## Deposits and Other Credits

### National Lockbox

20 transactions for a total of $1,210,115.53

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/01 | 36,819.29 | Whls Lbx Dep 534640 | 017078778 |
| 07/02 | 185,633.39 | Whls Lbx Dep 534640 | 017488408 |
| 07/03 | 52,425.01 | Whls Lbx Dep 534640 | 017761014 |
| 07/05 | 44,846.42 | Whls Lbx Dep 534640 | 017097621 |
| 07/08 | 24,761.13 | Whls Lbx Dep 534640 | 017684457 |

National Lockbox continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period   06/29/2013 to 07/31/2013
Account number: ███████4716
Page 2 of 5

## Deposits and Other Credits   - continued

### National Lockbox   - continued

20 transactions for a total of $1,210,115.53

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/09 | 52,957.30 | Whls Lbx Dep 534640 | 017169223 |
| 07/10 | 10,077.63 | Whls Lbx Dep 534640 | 017395624 |
| 07/11 | 57,751.79 | Whls Lbx Dep 534640 | 017597133 |
| 07/12 | 29,502.63 | Whls Lbx Dep 534640 | 017632066 |
| 07/15 | 353,394.69 | Whls Lbx Dep 534640 | 017444454 |
| 07/17 | 70,868.83 | Whls Lbx Dep 534640 | 017183096 |
| 07/18 | 28,383.50 | Whls Lbx Dep 534640 | 017412909 |
| 07/19 | 50,782.25 | Whls Lbx Dep 534640 | 017654015 |
| 07/22 | 32,094.71 | Whls Lbx Dep 534640 | 017283496 |
| 07/23 | 46,985.39 | Whls Lbx Dep 534640 | 017658899 |
| 07/24 | 40,169.91 | Whls Lbx Dep 534640 | 017872778 |
| 07/25 | 28,984.50 | Whls Lbx Dep 534640 | 017195232 |
| 07/26 | 30,056.57 | Whls Lbx Dep 534640 | 017415746 |
| 07/30 | 31,455.81 | Whls Lbx Dep 534640 | 017426732 |
| 07/31 | 2,164.78 | Whls Lbx Dep 534640 | 017652637 |

### ACH Credits

5 transactions for a total of $120,143.20

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/03 | 22,156.04 | Corporate ACH Invoice PA Raynor Mfg 508 123582 | 00013183012428306 |
| 07/05 | 20,029.49 | Corporate ACH Solaris Raven Antenna | 00013186008018337 |
| 07/11 | 24,346.43 | Corporate ACH Solaris Raven Antenna | 00013192002724647 |
| 07/19 | 22,159.49 | Corporate ACH Solaris Raven Antenna | 00013200003323970 |
| 07/24 | 31,451.75 | Corporate ACH Solaris Raven Antenna | 00013205002587548 |

### Funds Transfer In

3 transactions for a total of $81,170.16

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/11 | 50,000.00 | Fed Wire In 028635 | W028635 0711 |
| 07/22 | 27,559.66 | Fed Wire In 027879 | W027879 0722 |
| 07/31 | 3,610.50 | Fed Wire In 036968 | W036968 0731 |

## Checks and Other Debits

### Checks and Substitute Checks

152 transactions for a total of $1,305,596.43

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/01 | 4980 | 1,514.71 | 083598532 | 07/01 | 4988 | 5,450.00 | 083768274 | 07/03 | 4977 | 223.50 | 083591638 |
| 07/01 | 4981 | 731.77 | 073840232 | 07/01 | 4955 | 3,520.00 | 084314029 | 07/03 | 4984 | 138.88 | 085584476 |
| 07/01 | 4985 | 1,550.00 | 083563575 | 07/02 | 4983 | 7,998.66 | 084681669 | 07/03 | 4966 | 3,538.34 | 083960121 |
| 07/01 | 4988 | 70.71 | 083567836 | 07/02 | 4989 | 130.50 | 084821790 | 07/03 | 4967 | 9,660.00 | 089073616 |
| 07/01 | 4979 | 14,532.72 | 074065900 | 07/02 | 4958 | 1,744.88 | 084612005 | 07/03 | 4975 | 432.18 | 085859437 |
| 07/01 | 4920 | 20.00 | 083607790 | 07/02 | 4970 | 1,772.55 | 085195623 | 07/05 | 4978 | 1,350.00 | 086369290 |
| 07/01 | 4958 | 1,408.95 | 084325747 | 07/02 | 4974 | 50,787.79 | 085059413 | 07/08 | 4982 | 2,150.00 | 083126531 |
| 07/01 | 4972 | 1,277.16 | 084219030 | 07/03 | 4969 | 480.00 | 085154287 | 07/08 | 4988 | 81.35 | 083463485 |
| 07/01 | 4987 | 57.45 | 084472980 | | | 159.01 | 085528631 | 07/08 | 5020 | 39,784.52 | 084069437 |

Checks and Substitute Checks continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period**   06/29/2013 to 07/31/2013
Account number: ████-4716
Page 3 of 5

---

## Checks and Other Debits   - continued

### Checks and Substitute Checks   - continued   152 transactions for a total of $1,305,596.43

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/09 | 4971 | 687.30 | 084415408 | 07/18 | 5089 | 41,186.54 | 085106848 | 07/23 | 5090 | 8,363.34 | 084212621 |
| 07/09 | 4976 | 1,932.45 | 085695068 | 07/18 | 5093 | 15,715.72 | 084834616 | 07/23 | 5070 | 880.63 | 084470844 |
| 07/11 | 5017 | 576.14 | 086022502 | 07/19 | 5055 | 910.13 | 086025103 | 07/23 | 6035 | 29,175.99 | 084696580 |
| 07/11 | 5027 | 82,318.01 | 086022342 | 07/19 | 5048 | 51,686.25 | 073421977 | 07/23 | 5050 | 170.50 | 084729311 |
| 07/11 | 5001 | 11,092.03 | 086423807 | 07/19 | 4998 | 161.70 | 086060624 | 07/23 | 5069 | 50.00 | 084768552 |
| 07/12 | 5012 | 1,186.60 | 086813148 | 07/19 | 5033 | 109.00 | 083084535 | 07/23 | 5072 | 131.80 | 084594503 |
| 07/12 | 5023 | 1,500.00 | 085633831 | 07/19 | 5039 | 2,700.02 | 083010178 | 07/23 | 5081 | 1,000.00 | 084660008 |
| 07/12 | 4995 | 4,257.63 | 083094275 | 07/22 | 5047 | 950.00 | 083320641 | 07/23 | 5129 | 4,283.70 | 084833810 |
| 07/12 | 5007 | 17,344.44 | 083093767 | 07/22 | 5060 | 367.95 | 083184184 | 07/23 | 5036 | 586.30 | 085112067 |
| 07/12 | 5009 | 131.86 | 083213889 | 07/22 | 5075 | 650.00 | 083304077 | 07/24 | 5038 | 282.19 | 085061592 |
| 07/12 | 5218 | 2,105.47 | 083208486 | 07/22 | 5076 | 4,504.70 | 083326083 | 07/24 | 5077 | 180.36 | 085099799 |
| 07/15 | 5086 | 14,205.05 | 083149521 | 07/22 | 5092 | 346.78 | 083383572 | 07/24 | 5076 | 120.31 | 085061698 |
| 07/15 | 4900 | 450.00 | 083299683 | 07/22 | 5071 | 1,300.00 | 083438726 | 07/24 | 5082 | 255.00 | 085098942 |
| 07/15 | 5004 | 383.91 | 083285253 | 07/22 | 5095 | 7,800.00 | 083439788 | 07/25 | 5087 | 1,944.40 | 085158442 |
| 07/15 | 5008 | 628.21 | 083485808 | 07/22 | 5028 | 9,955.13 | 083486026 | 07/25 | 5078 | 2,322.00 | 085658804 |
| 07/15 | 5005 | 17,494.06 | 076076400 | 07/22 | 5031 | 651.61 | 083610225 | 07/25 | 5096 | 1,293.53 | 085660098 |
| 07/15 | 4903 | 7,427.82 | 083691602 | 07/22 | 5064 | 349.00 | 083512713 | 07/25 | 5084 | 1,350.00 | 086244826 |
| 07/15 | 4994 | 33,228.86 | 083611163 | 07/22 | 5073 | 4,880.75 | 083491986 | 07/26 | 5040 | 11,300.07 | 086341554 |
| 07/15 | 4998 | 32,718.55 | 083776818 | 07/22 | 5080 | 309.38 | 083472511 | 07/26 | 5046 | 1,469.88 | 086776060 |
| 07/15 | 5019 | 1,915.00 | 083899082 | 07/22 | 5088 | 54,178.77 | 083400361 | 07/29 | 5102 | 1,097.24 | 083254442 |
| 07/15 | 5021 | 67.45 | 083439445 | 07/22 | 5050 | 910.00 | 084605031 | 07/29 | 5106 | 14,712.80 | 083232046 |
| 07/15 | 5022 | 4,200.00 | 083687103 | 07/22 | 5032 | 102.38 | 083748790 | 07/29 | 5111 | 32,085.52 | 083203103 |
| 07/16 | 5006 | 1,405.00 | 076852642 | 07/22 | 5037 | 1,552.95 | 083822002 | 07/29 | 5067 | 2,359.13 | 083738905 |
| 07/16 | 5016 | 1,822.35 | 084393745 | 07/22 | 5045 | 57.64 | 083743782 | 07/29 | 5098 | 72,167.75 | 083380015 |
| 07/16 | 5042 | 1,429.74 | 084677779 | 07/22 | 5049 | 308.98 | 084148769 | 07/29 | 5100 | 14,790.86 | 083707132 |
| 07/16 | 5065 | 6,770.00 | 084577769 | 07/22 | 5052 | 4,491.03 | 083754094 | 07/29 | 5106 | 68.73 | 083859366 |
| 07/16 | 5015 | 349.00 | 084067075 | 07/22 | 5056 | 405.30 | 083750731 | 07/30 | 5114 | 57.45 | 083940330 |
| 07/16 | 5024 | 200.00 | 084607026 | 07/22 | 5057 | 67.20 | 083726053 | 07/30 | 5034 | 360.72 | 084153243 |
| 07/16 | 4997 | 5,630.60 | 084692024 | 07/22 | 5058 | 997.04 | 083695965 | 07/30 | 5109 | 126.63 | 084154208 |
| 07/16 | 3013 | 243.29 | 085092360 | 07/22 | 5061 | 8,440.71 | 012335862 | 07/30 | 5104 | 32,116.84 | 070302777 |
| 07/16 | 5014 | 52,938.00 | 085102763 | 07/22 | 5063 | 358.14 | 084126168 | 07/30 | 5099 | 475.00 | 084253040 |
| 07/16 | 5025 | 64,468.42 | 085102784 | 07/22 | 5074 | 150.77 | 084174673 | 07/30 | 5041 | 7,408.16 | 084560318 |
| 07/17 | 5000 | 53.05 | 085196604 | 07/22 | 5085 | 539.56 | 084120228 | 07/30 | 5097 | 933.01 | 084561990 |
| 07/17 | 5033 | 389.00 | 085212841 | 07/22 | 5091 | 4,190.00 | 083746748 | 07/30 | 5103 | 181.72 | 084445243 |
| 07/17 | 5010 | 900.00 | 085194128 | 07/22 | 5094 | 600.00 | 083701870 | 07/30 | 5108 | 600.00 | 084465421 |
| 07/17 | 5059 | 893.75 | 085335584 | 07/22 | 5043 | 51,276.41 | 084119910 | 07/30 | 5110 | 109.24 | 084443171 |
| 07/17 | 4917 | 224.35 | 085439143 | 07/23 | 5043 | 136.50 | 084229250 | 07/31 | 5101 | 505.00 | 084734395 |
| 07/17 | 5002 | 368.04 | 085551080 | 07/23 | 5044 | 100.00 | 084228410 | 07/31 | 5107 | 4,300.00 | 084744775 |
| 07/17 | 5011 | 704.13 | 085464901 | 07/23 | 5054 | 240.00 | 084340263 | 07/31 | 5115 | 212.38 | 084749075 |
| 07/17 | 5029 | 9,600.00 | 085540842 | 07/23 | 5062 | 1,025.00 | 084224975 | 07/31 | 5120 | 36,379.40 | 084744735 |
| 07/18 | 5053 | 2,150.00 | 085832778 | 07/23 | 5083 | 918.00 | 084281185 | 07/31 | 5121 | 103,894.35 | 084859112 |
| 07/18 | 5130 | 99,502.67 | 086003493 | 07/23 | 5088 | 2,150.00 | 084838809 | | | | |

---

### ACH Debits   15 transactions for a total of $27,652.85

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/02 | 393.24 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 062826V01 | 00013182007519241 |
| 07/05 | 611.48 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 564025715894Rcj | 00013186007718652 |
| 07/09 | 420.61 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 070527V01 | 00013189004015778 |
| 07/09 | 67.52 | Corporate ACH Sales&Use<br>NC Dept Of Reven 4319914011354 | 00013190004941411 |
| 07/10 | 14,754.68 | Corporate ACH EDI Paymts<br>United Healthcar 20130709004246 | 00013190007415971 |
| 07/10 | 1,789.90 | Corporate ACH ADP - Fees ADP Payroll Fees 53Rcj | 00013190005695901 |
| 07/10 | 1,225.65 | ACH Debit Insur Prem<br>American United 006121070000000 | 00013190006630088 |
| 07/10 | 5,262.00 | Corporate ACH Payment Amtrust N A 782280 | 00013190005695331 |
| 07/11 | 572.80 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 559043240238Rcj | 00013191012140939 |

ACH Debits continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period**   06/29/2013 to 07/31/2013
Account number: ▓▓▓▓4716
Page 4 of 5

---

## Checks and Other Debits   - continued

### ACH Debits   - continued

**15 transactions for a total of $27,652.85**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/16 | 324.30 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 071228V01 | 00013198012006170 |
| 07/18 | 607.80 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 850028509365Rcj | 00013198009261439 |
| 07/23 | 394.72 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 071929V01 | 00013203008682688 |
| 07/25 | 620.40 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 285047552371Rcj | 00013205005472658 |
| 07/26 | 186.66 | Corporate ACH ADP - Fees<br>ADP Payroll Fees 8Za32Rcj9309048 | 00013206007505879 |
| 07/30 | 421.09 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 072630V01 | 00013210006319207 |

### Funds Transfers Out

**12 transactions for a total of $150,486.39**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/01 | 28,750.00 | Fed Wire Out 005153 | W005153 0701 |
| 07/02 | 10,761.78 | Fed Wire Out 004850 | W004850 0702 |
| 07/03 | 7,668.17 | Fed Wire Out 026507 | W026507 0703 |
| 07/03 | 17,021.18 | Fed Wire Out 029533 | W029533 0703 |
| 07/10 | 12,269.80 | Fed Wire Out 030564 | W030564 0710 |
| 07/11 | 5,065.24 | Fed Wire Out 010699 | W010699 0711 |
| 07/17 | 15,911.08 | Fed Wire Out 012398 | W012398 0717 |
| 07/18 | 6,976.93 | Fed Wire Out 011162 | W011162 0718 |
| 07/19 | 366.89 | Fed Wire Out 004703 | W004703 0719 |
| 07/24 | 18,807.96 | Fed Wire Out 021805 | W021805 0724 |
| 07/25 | 8,587.18 | Fed Wire Out 011718 | W011718 0725 |
| 07/31 | 18,300.18 | Fed Wire Out 028125 | W028125 0731 |

### Other Debits

**1 transaction for a total of $876.69**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 07/31 | 876.69 | Corporate Account Analysis Charge | 000000000000010596 |

## Check and Substitute Check Summary

* Gap in check sequence

| Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3,520.00 | 07/01 | 084314829 | 4969 | 159.01 | 07/03 | 085528631 | 4979 | 14,532.72 | 07/01 | 074005900 |
| 4888 | * 81.35 | 07/08 | 083463485 | 4970 | 50,787.79 | 07/02 | 085609413 | 4980 | 1,614.71 | 07/01 | 083598532 |
| 4917 | * 224.35 | 07/17 | 085933143 | 4971 | 687.30 | 07/09 | 084415698 | 4981 | 731.77 | 07/01 | 073849232 |
| 4920 | * 20.00 | 07/01 | 083897730 | 4972 | 1,277.16 | 07/01 | 084210030 | 4982 | 2,150.00 | 07/08 | 083133931 |
| 4955 | * 7,098.68 | 07/02 | 084681689 | 4974 | 480.00 | 07/02 | 085154287 | 4983 | 130.50 | 07/02 | 084821796 |
| 4958 | * 1,408.95 | 07/01 | 084325747 | 4975 | 432.18 | 07/03 | 085639437 | 4984 | 138.88 | 07/03 | 085409479 |
| 4966 | * 3,508.34 | 07/03 | 085860121 | 4976 | 1,932.45 | 07/11 | 085950088 | 4985 | 1,050.00 | 07/01 | 083653575 |
| 4967 | 9,660.00 | 07/03 | 085073616 | 4977 | 223.50 | 07/03 | 085501636 | 4986 | 70.71 | 07/01 | 083457895 |
| 4968 | 1,772.56 | 07/02 | 085135623 | 4978 | 1,350.00 | 07/05 | 086099300 | 4987 | 57.45 | 07/01 | 084472289 |

Check and Substitute Check Summary continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period**   06/29/2013 to 07/31/2013
Account number: ▓▓▓▓4716
Page 5 of 5

---

## Checks and Other Debits   - continued

### Check and Substitute Check Summary   - continued

* Gap in check sequence

| Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4988 | 5,450.00 | 07/01 | 083766274 | 5034 | 360.72 | 07/30 | 084160243 | 5077 | 180.36 | 07/24 | 085089709 |
| 4989 | 1,744.88 | 07/02 | 084812085 | 5035 | 29,175.68 | 07/23 | 084586580 | 5078 | 2,322.00 | 07/25 | 085838804 |
| 4993 | 7,427.82 | 07/12 | 085601502 | 5036 | 586.30 | 07/24 | 085112987 | 5079 | 120.31 | 07/24 | 085061566 |
| 4994 | 33,228.86 | 07/15 | 082811163 | 5037 | 1,552.96 | 07/22 | 083823502 | 5080 | 309.38 | 07/22 | 083477951 |
| 4995 | 4,257.63 | 07/12 | 083004275 | 5038 | 282.19 | 07/24 | 085061892 | 5081 | 1,900.00 | 07/23 | 084639005 |
| 4996 | 461.70 | 07/19 | 086580024 | 5039 | 2,700.00 | 07/19 | 083019178 | 5082 | 252.50 | 07/24 | 085085942 |
| 4997 | 5,630.60 | 07/16 | 084862024 | 5040 | 11,300.07 | 07/26 | 083241654 | 5083 | 918.00 | 07/23 | 084381185 |
| 4998 | 32,718.55 | 07/15 | 083778818 | 5041 | 7,405.16 | 07/30 | 084500016 | 5084 | 1,350.00 | 07/26 | 086244626 |
| 4999 | 450.00 | 07/15 | 083239553 | 5042 | 1,429.74 | 07/18 | 084577779 | 5085 | 4,190.00 | 07/22 | 083748749 |
| 5000 | 53.05 | 07/17 | 085198604 | 5043 | 136.50 | 07/23 | 084278250 | 5086 | 54,179.77 | 07/22 | 083490361 |
| 5001 | 11,092.03 | 07/11 | 084423807 | 5044 | 100.00 | 07/23 | 084228410 | 5087 | 1,944.40 | 07/24 | 085159442 |
| 5002 | 308.04 | 07/17 | 085561000 | 5045 | 57.64 | 07/22 | 083748782 | 5088 | 2,150.00 | 07/23 | 084336909 |
| 5003 | 389.00 | 07/11 | 085212891 | 5046 | 1,469.88 | 07/23 | 083779069 | 5089 | 41,186.54 | 07/18 | 086106048 |
| 5004 | 393.91 | 07/15 | 083265253 | 5047 | 950.00 | 07/22 | 083303641 | 5090 | 8,363.34 | 07/23 | 084212621 |
| 5005 | 17,494.08 | 07/15 | 075075400 | 5048 | 51,886.25 | 07/19 | 073421077 | 5091 | 600.00 | 07/22 | 083701870 |
| 5006 | 1,405.00 | 07/16 | 076852842 | 5049 | 398.96 | 07/22 | 084148709 | 5092 | 346.78 | 07/22 | 083385372 |
| 5007 | 17,344.44 | 07/12 | 083063797 | 5050 | 170.50 | 07/23 | 084723911 | 5093 | 15,715.72 | 07/18 | 086346616 |
| 5008 | 628.21 | 07/16 | 083485808 | 5052 | 4,491.03 | 07/22 | 083754994 | 5094 | 51,275.41 | 07/22 | 084113616 |
| 5009 | 131.86 | 07/12 | 083212889 | 5053 | 2,150.00 | 07/18 | 085832778 | 5095 | 7,800.00 | 07/22 | 083438788 |
| 5010 | 900.00 | 07/17 | 085104128 | 5054 | 240.00 | 07/23 | 084240269 | 5096 | 1,293.63 | 07/25 | 085658508 |
| 5011 | 704.13 | 07/17 | 085454501 | 5055 | 910.13 | 07/19 | 086525103 | 5097 | 933.01 | 07/30 | 084561300 |
| 5012 | 1,156.60 | 07/12 | 085615445 | 5056 | 405.30 | 07/22 | 083750731 | 5098 | 72,167.75 | 07/29 | 083386015 |
| 5013 | 243.29 | 07/16 | 085002303 | 5057 | 57.20 | 07/22 | 083726053 | 5099 | 475.00 | 07/22 | 084257946 |
| 5014 | 52,938.00 | 07/16 | 083102703 | 5058 | 997.04 | 07/22 | 083659805 | 5100 | 14,790.89 | 07/29 | 083797122 |
| 5015 | 349.00 | 07/16 | 084607075 | 5059 | 693.75 | 07/17 | 085336584 | 5101 | 506.00 | 07/31 | 084734505 |
| 5016 | 1,922.35 | 07/16 | 084353345 | 5060 | 367.95 | 07/22 | 083184184 | 5102 | 1,097.24 | 07/29 | 083234442 |
| 5017 | 576.14 | 07/11 | 080022902 | 5061 | 8,440.71 | 07/22 | 012335892 | 5103 | 181.72 | 07/30 | 084445243 |
| 5018 | 2,105.47 | 07/12 | 083206485 | 5062 | 1,025.00 | 07/23 | 084334975 | 5104 | 32,116.84 | 07/30 | 070202777 |
| 5019 | 1,915.00 | 07/15 | 083886082 | 5063 | 358.14 | 07/22 | 084125158 | 5105 | 14,712.80 | 07/29 | 083232048 |
| 5020 | 39,764.52 | 07/08 | 084059437 | 5064 | 340.00 | 07/22 | 083812713 | 5106 | 68.73 | 07/29 | 083535366 |
| 5021 | 57.45 | 07/15 | 084309445 | 5065 | 6,770.00 | 07/16 | 084577769 | 5107 | 4,300.00 | 07/31 | 084766778 |
| 5022 | 4,200.00 | 07/15 | 076852903 | 5066 | 14,205.05 | 07/12 | 083146521 | 5108 | 600.00 | 07/30 | 084695421 |
| 5023 | 1,500.00 | 07/11 | 086033831 | 5067 | 2,369.13 | 07/29 | 083778605 | 5109 | 126.63 | 07/30 | 084164208 |
| 5024 | 200.00 | 07/16 | 084667036 | 5068 | 150.77 | 07/22 | 084174576 | 5110 | 109.24 | 07/30 | 084443171 |
| 5025 | 64,468.42 | 07/16 | 085102764 | 5069 | 50.00 | 07/23 | 084768552 | 5111 | 32,085.62 | 07/29 | 083203103 |
| 5027 | 82,318.01 | 07/11 | 080022342 | 5070 | 880.63 | 07/23 | 084478044 | 5114 | 57.45 | 07/29 | 083846336 |
| 5028 | 9,955.13 | 07/17 | 083486526 | 5071 | 1,300.00 | 07/22 | 083439726 | 5115 | 212.38 | 07/31 | 084749578 |
| 5029 | 9,660.00 | 07/17 | 085540842 | 5072 | 131.80 | 07/23 | 084664830 | 5120 | 36,376.40 | 07/31 | 084850111 |
| 5030 | 910.00 | 07/22 | 084995931 | 5073 | 4,880.75 | 07/22 | 083481906 | 5121 | 163,394.35 | 07/31 | 084850112 |
| 5031 | 651.61 | 07/22 | 083611225 | 5074 | 539.55 | 07/22 | 084129226 | 5129 | 4,283.70 | 07/23 | 084533616 |
| 5032 | 102.38 | 07/22 | 083748760 | 5075 | 650.00 | 07/22 | 083398077 | 5130 | 98,502.57 | 07/18 | 086003483 |
| 5033 | 109.00 | 07/19 | 083084535 | 5076 | 4,504.70 | 07/22 | 083329083 | | | | |

# Corporate Business Account Statement

 **PNC BANK**

Page 1 of 4
Account Number: ⬛⬛⬛⬛4716

For the period  01/01/2014 to 01/31/2014

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY
SAINT-JEROME QC J5L 2G9
CANADA

Number of enclosures:   0
Tax ID Number: 44-1770044
☎ For Client Services:
   Call 1-800-669-1518

🖳 Visit us at PNC.com/treasury

✉ Write to: Treas Mgmt Client Care
   One Financial Parkway
   Locator Z1-Yb42-03-1
   Kalamazoo MI 49009

## Account Summary Information

### Balance Summary

| | Beginning balance | Deposits and other credits | Checks and other debits | Ending balance |
|---|---|---|---|---|
| | 1,142,471.34 | 3,379,934.76 | 3,859,917.84 | 662,488.26 |

| Deposits and Other Credits | | | Checks and Other Debits | | |
|---|---|---|---|---|---|
| Description | Items | Amount | Description | Items | Amount |
| Deposits | 0 | .00 | Checks | 16 | 89,854.49 |
| National Lockbox | 17 | 844,309.40 | Returned Items | 0 | .00 |
| ACH Credits | 3 | 70,260.48 | ACH Debits | 16 | 35,081.71 |
| Funds Transfers In | 3 | 2,465,364.88 | Funds Transfers Out | 16 | 3,734,175.03 |
| Trade Services | 0 | .00 | Trade Services | 0 | .00 |
| Investments | 0 | .00 | Investments | 0 | .00 |
| Zero Balance Transfers | 0 | .00 | Zero Balance Transfers | 0 | .00 |
| Adjustments | 0 | .00 | Adjustments | 0 | .00 |
| Other Credits | 0 | .00 | Other Debits | 1 | 806.61 |
| Total | 23 | 3,379,934.76 | Total | 49 | 3,859,917.84 |

### Ledger Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 01/01 | 1,142,471.34 | 01/13 | 1,371,384.33 | 01/23 | 502,357.19 |
| 01/02 | 1,103,756.50 | 01/14 | 1,414,495.45 | 01/24 | 524,104.82 |
| 01/03 | 1,128,115.04 | 01/15 | 1,422,607.09 | 01/27 | 570,471.77 |
| 01/06 | 1,159,596.48 | 01/16 | 1,435,841.67 | 01/28 | 637,228.36 |
| 01/07 | 1,207,955.88 | 01/17 | 1,447,122.87 | 01/29 | 568,696.04 |
| 01/08 | 1,266,137.86 | 01/21 | 1,568,226.39 | 01/30 | 576,064.15 |
| 01/09 | 1,279,963.73 | 01/22 | 1,682,644.52 | 01/31 | 662,488.26 |
| 01/10 | 1,276,400.31 | | | | |

## Deposits and Other Credits

### National Lockbox

17 transactions for a total of $844,309.40

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/06 | 31,531.44 | Whls Lbx Dep 534640 | 017089681 |
| 01/07 | 28,849.76 | Whls Lbx Dep 534640 | 017481390 |
| 01/08 | 58,181.98 | Whls Lbx Dep 534640 | 017672968 |
| 01/09 | 31,100.13 | Whls Lbx Dep 534640 | 017844617 |
| 01/10 | 23,760.26 | Whls Lbx Dep 534640 | 017149677 |

National Lockbox continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period** 01/01/2014 to 01/31/2014
Account number: ▮▮▮▮-4716
Page 2 of 4

## Deposits and Other Credits - continued

### National Lockbox - continued — 17 transactions for a total of $844,309.40

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/13 | 96,933.62 | Whls Lbx Dep 534640 | 017622193 |
| 01/14 | 43,347.47 | Whls Lbx Dep 534640 | 017127221 |
| 01/15 | 25,992.26 | Whls Lbx Dep 534640 | 017352446 |
| 01/16 | 21,956.00 | Whls Lbx Dep 534640 | 017573597 |
| 01/17 | 11,281.20 | Whls Lbx Dep 534640 | 017814787 |
| 01/21 | 134,908.98 | Whls Lbx Dep 534640 | 017539762 |
| 01/22 | 150,456.57 | Whls Lbx Dep 534640 | 017047832 |
| 01/23 | 25,208.12 | Whls Lbx Dep 534640 | 017272644 |
| 01/24 | 25,293.29 | Whls Lbx Dep 534640 | 017500475 |
| 01/27 | 46,366.95 | Whls Lbx Dep 534640 | 017092139 |
| 01/28 | 67,166.46 | Whls Lbx Dep 534640 | 017472462 |
| 01/31 | 21,974.91 | Whls Lbx Dep 534640 | 017174942 |

### ACH Credits — 3 transactions for a total of $70,260.48

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/03 | 24,358.54 | Corporate ACH Invoice PA Raynor Mfg 508 123582 | 00014002007829715 |
| 01/07 | 20,818.23 | Corporate ACH Payments Raven Antenna Solaris | 00014007009928670 |
| 01/30 | 25,083.71 | Corporate ACH Invoice PA Raynor Mfg 508 123582 | 00014029006615476 |

### Funds Transfer In — 3 transactions for a total of $2,465,364.88

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/23 | 1,200,000.00 | Fed Wire In 023003 | W023003 0123 |
| 01/23 | 1,200,000.00 | Fed Wire In 025687 | W025687 0123 |
| 01/31 | 65,364.88 | Fed Wire In 039213 | W039213 0131 |

## Checks and Other Debits

### Checks and Substitute Checks — 16 transactions for a total of $89,854.49

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/02 | 5766 | 910.00 | 083852201 | 01/21 | 5819 | 1,876.80 | 083072385 | 01/24 | 5823 | 3,350.00 | 072751850 |
| 01/02 | 5788 | 284.41 | 084333298 | 01/21 | 5817 | 4,575.39 | 083472946 | 01/28 | 5821 | 218.07 | 083438017 |
| 01/06 | 5757 | 50.00 | 086994165 | 01/22 | 5806 | 7,183.17 | 094224130 | 01/29 | 5834 | 45,680.00 | 084269323 |
| 01/07 | 5776 | 1,075.00 | 083190867 | 01/22 | 5792 | 13,781.09 | 084175712 | 01/29 | 5822 | 392.87 | 084297917 |
| 01/21 | 5789 | 881.60 | 081907279 | 01/22 | 5815 | 3,015.35 | 084548420 | 01/31 | 5824 | 100.07 | 085100032 |
|  |  |  | 083085349 |  |  |  |  |  |  |  |  |

### ACH Debits — 16 transactions for a total of $35,081.71

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/02 | 665.82 | Corporate ACH ADP - Tax<br>ADP Tx/Flncl Svc 395046675229Rcj | 00014002004758014 |
| 01/07 | 233.59 | Corporate ACH ADP - Tax<br>ADP Tx/Flncl Svc ADRcj 010301V01 | 00014006005718216 |
| 01/09 | 1,301.19 | ACH Debit Insur Prem<br>American United 006121070000000 | 00014008012285490 |
| 01/09 | 649.15 | Corporate ACH ADP - Tax<br>ADP Tx/Flncl Svc 605044979002Rcj | 00014009004356414 |

ACH Debits continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

**For the period**  01/01/2014 to 01/31/2014
Account number: ⬛⬛⬛⬛4716
Page 3 of 4

## Checks and Other Debits - *continued*

### ACH Debits - *continued*

16 transactions for a total of $35,081.71

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/10 | 19,833.61 | Corporate ACH EDI Paymts United Healthcar 20140109008827 | 0001400900638919 |
| 01/10 | 2,228.07 | Corporate ACH ADP - Fees ADP Payroll Fees 53Rcj | 0001400900499228 |
| 01/10 | 5,262.00 | Corporate ACH Payment Amtrust N A 782280 | 0001401000719243 |
| 01/14 | 236.35 | Corporate ACH ADP - Tax ADP Tx/Fincl Svc A0Rcj 011002V01 | 0001401301341529 |
| 01/16 | 661.26 | Corporate ACH ADP - Tax ADP Tx/Fincl Svc 778046455441Rcj | 0001401501149889 |
| 01/22 | 397.85 | Corporate ACH ADP - Tax ADP Tx/Fincl Svc A0Rcj 011703V01 | 0001402101393211 |
| 01/22 | 43.34 | Corporate ACH Sales&Use NC Dept Of Raven 4402014004865 | 0001402200530165 |
| 01/23 | 355.34 | Corporate ACH ADP - Tax ADP Tx/Fincl Svc 687051082665Rcj | 0001402200838352 |
| 01/24 | -195.66 | Corporate ACH ADP - Fees ADP Payroll Fees 8Zarrcj 7587314 | 0001402301067834 |
| 01/28 | 191.80 | Corporate ACH ADP - Tax ADP Tx/Fincl Svc A0Rcj 012404V01 | 0001402700767680 |
| 01/30 | 2,506.99 | Corporate ACH Recurr ACH Afco Credit Corp 90-10-100051-9 | 0001402900656478 |
| 01/30 | 319.69 | Corporate ACH ADP - Tax ADP Tx/Fincl Svc 591018265831Rcj | 0001402900652208 |

### Funds Transfers Out

16 transactions for a total of $3,734,175.03

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/02 | 31,250.00 | Fed Wire Out 005994 | W005994 0102 |
| 01/02 | 5,604.61 | Fed Wire Out 013029 | W013029 0102 |
| 01/09 | 4,595.15 | Fed Wire Out 011284 | W011284 0109 |
| 01/09 | 10,111.77 | Fed Wire Out 012594 | W012594 0109 |
| 01/09 | 617.00 | Fed Wire Out 019437 | W019437 0109 |
| 01/13 | 539.61 | Fed Wire Out 012584 | W012584 0113 |
| 01/13 | 1,409.99 | Fed Wire Out 013738 | W013738 0113 |
| 01/15 | 17,880.62 | Fed Wire Out 024846 | W024846 0115 |
| 01/16 | 8,060.16 | Fed Wire Out 012054 | W012054 0116 |
| 01/22 | 11,617.64 | Fed Wire Out 021905 | W021905 0122 |
| 01/23 | 5,140.11 | Fed Wire Out 011589 | W011589 0123 |
| 01/23 | 1,200,000.00 | Fed Wire Out 021462 | W021462 0123 |
| 01/23 | 1,200,000.00 | Fed Wire Out 025118 | W025118 0123 |
| 01/23 | 1,200,000.00 | Int'L Wire Out 029519 | W029519 0123 |
| 01/29 | 22,459.45 | Fed Wire Out 022322 | W022322 0129 |
| 01/30 | 14,888.92 | Fed Wire Out 011798 | W011798 0130 |

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period **01/01/2014 to 01/31/2014**
Account number: ████4716
Page 4 of 4

## Checks and Other Debits - *continued*

### Other Debits

1 transaction for a total of $806.61

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 01/31 | 806.61 | Corporate Account Analysis Charge | 0000000000000019930 |

### Check and Substitute Check Summary

* Gap in check sequence

| Check number | | Amount | Date paid | Reference number | Check number | | Amount | Date paid | Reference number | Check number | | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5757 | * | 50.00 | 01/06 | 096094198 | 5805 | * | 7,183.17 | 01/22 | 084224130 | 5821 | * | 216.07 | 01/28 | 052436017 |
| 5766 | * | 910.00 | 01/02 | 083050201 | 5816 | * | 3,015.35 | 01/22 | 084548420 | 5822 | | 392.87 | 01/29 | 084297517 |
| 5776 | * | 1,075.00 | 01/07 | 083100587 | 5817 | | 4,575.39 | 01/21 | 083472849 | 5823 | | 3,350.00 | 01/24 | 070751890 |
| 5768 | * | 284.41 | 01/02 | 084323298 | 5818 | | 6,471.07 | 01/21 | 001907279 | 5824 | | 109.07 | 01/31 | 086109932 |
| 5789 | | 881.60 | 01/21 | 083085340 | 5819 | | 1,876.80 | 01/21 | 083072585 | 5834 | * | 45,680.00 | 01/29 | 084268323 |
| 5792 | * | 13,781.09 | 01/22 | 084475712 | | | | | | | | | | |

Member FDIC          Equal Housing Lender

# Corporate Business Account Statement

 **PNC BANK**

Page 1 of 4
Account Number: ████-4716

**For the period  02/01/2014 to 02/28/2014**

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY
SAINT-JEROME QC J5L 2G9
CANADA

Number of enclosures:   0
Tax ID Number: 44-1770044
☎ For Client Services:
   Call 1-800-669-1518

🖳 Visit us at PNC.com/treasury

✉ Write to:  Treas Mgmt Client Care
   One Financial Parkway
   Locator Z1-Yb42-03-1
   Kalamazoo MI 49009

## Account Summary Information

### Balance Summary

| | Beginning balance | Deposits and other credits | Checks and other debits | Ending balance |
|---|---|---|---|---|
| | 662,488.26 | 954,420.93 | 993,523.26 | 623,385.93 |

| Deposits and Other Credits | | | Checks and Other Debits | | |
|---|---|---|---|---|---|
| Description | Items | Amount | Description | Items | Amount |
| Deposits | 0 | .00 | Checks | 29 | 165,000.53 |
| National Lockbox | 15 | 635,472.21 | Returned Items | 1 | 47,498.23 |
| ACH Credits | 5 | 177,954.33 | ACH Debits | 14 | 30,861.87 |
| Funds Transfers In | 6 | 140,994.39 | Funds Transfers Out | 13 | 749,156.78 |
| Trade Services | 0 | .00 | Trade Services | 0 | .00 |
| Investments | 0 | .00 | Investments | 0 | .00 |
| Zero Balance Transfers | 0 | .00 | Zero Balance Transfers | 0 | .00 |
| Adjustments | 0 | .00 | Adjustments | 0 | .00 |
| Other Credits | 0 | .00 | Other Debits | 1 | 1,005.85 |
| Total | 26 | 954,420.93 | Total | 58 | 993,523.26 |

### Ledger Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| 02/01 | 662,488.26 | 02/11 | 654,346.72 | 02/21 | 631,539.80 |
| 02/03 | 762,300.15 | 02/12 | 695,719.96 | 02/24 | 657,834.45 |
| 02/04 | 756,900.53 | 02/13 | 693,824.31 | 02/25 | 585,875.54 |
| 02/05 | 888,433.94 | 02/18 | 741,038.74 | 02/26 | 574,765.36 |
| 02/06 | 889,630.50 | 02/19 | 753,429.94 | 02/27 | 658,986.15 |
| 02/07 | 927,822.03 | 02/20 | 749,837.85 | 02/28 | 623,385.93 |
| 02/10 | 659,829.92 | | | | |

## Deposits and Other Credits

### National Lockbox

**15 transactions for a total of $635,472.21**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/03 | 115,919.59 | Whls Lbx Dep 534640 | 017617624 |
| 02/04 | 4,516.00 | Whls Lbx Dep 534640 | 017060519 |
| 02/05 | 136,062.44 | Whls Lbx Dep 534640 | 017312272 |
| 02/07 | 21,783.37 | Whls Lbx Dep 534640 | 017766710 |
| 02/10 | 24,768.37 | Whls Lbx Dep 534640 | 017360078 |
| 02/12 | 28,198.41 | Whls Lbx Dep 534640 | 017071018 |

National Lockbox continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period   02/01/2014  to  02/28/2014
Account number: ⬛⬛⬛⬛-4716
Page 2 of 4

## Deposits and Other Credits   - continued

### National Lockbox   - continued

**15 transactions for a total of $635,472.21**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/13 | 12,971.60 | Whls Lbx Dep 534640 | 017260495 |
| 02/18 | 57,387.79 | Whls Lbx Dep 534640 | 017158870 |
| 02/19 | 17,986.49 | Whls Lbx Dep 534640 | 017549963 |
| 02/20 | 20,181.00 | Whls Lbx Dep 534640 | 017756088 |
| 02/21 | 77,573.83 | Whls Lbx Dep 534640 | 017108730 |
| 02/24 | 26,294.65 | Whls Lbx Dep 534640 | 017608843 |
| 02/25 | 25,039.37 | Whls Lbx Dep 534640 | 017132493 |
| 02/26 | 41,440.75 | Whls Lbx Dep 534640 | 017372529 |
| 02/27 | 25,348.55 | Whls Lbx Dep 534640 | 017599739 |

### ACH Credits

**5 transactions for a total of $177,954.33**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/03 | 20,003.77 | Corporate ACH Invoice PA Raynor Mfg 508 123582 | 00014034005121583 |
| 02/05 | 4.51 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rej 9764854Vv | 00014035012047977 |
| 02/06 | 13.56 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rej 9774827Vv | 00014036006404279 |
| 02/10 | 134,243.20 | Corporate ACH Payments Raven Antenna Solaris | 00014041909093896 |
| 02/12 | 23,689.29 | Corporate ACH Payments Raven Antenna Solaris | 00014042911406200 |

### Funds Transfer In

**6 transactions for a total of $140,994.39**

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/06 | 25,615.77 | Fed Wire In 016723 | W016723 0206 |
| 02/06 | 5,982.61 | Fed Wire In 025400 | W025400 0206 |
| 02/07 | 25,893.55 | Fed Wire In 035903 | W035903 0207 |
| 02/21 | 4,128.12 | Fed Wire In 024894 | W024894 0221 |
| 02/27 | 61,317.06 | Fed Wire In 033605 | W033605 0227 |
| 02/28 | 18,057.28 | Fed Wire In 031656 | W031656 0228 |

## Checks and Other Debits

### Checks and Substitute Checks

**29 transactions for a total of $165,000.53**

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/03 | 5827 | 349.46 | 067451055 | 02/06 | 5839 | 25,839.00 | 085537835 | 02/13 | 5847 | 12,525.00 | 085545828 |
| 02/03 | 5832 | 1,480.00 | 086544499 | 02/06 | 5828 | 874.13 | 085160735 | 02/13 | 5843 | 799.42 | 085785596 |
| 02/03 | 5820 | 382.01 | 083064169 | 02/06 | 5820 | 1,666.67 | 085145674 | 02/18 | 5838 | 8,976.88 | 083168915 |
| 02/03 | 5831 | 1,625.00 | 063229670 | 02/07 | 5825 | 9,485.59 | 085840787 | 02/18 | 5846 | 1,202.48 | 083561711 |
| 02/03 | 5836 | 1,025.00 | 086892165 | 02/11 | 5841 | 823.18 | 084042162 | 02/19 | 5851 | 2,458.05 | 083330005 |
| 02/04 | 5829 | 3,683.19 | 083578222 | 02/11 | 5842 | 3,427.64 | 084137697 | 02/19 | 5850 | 111.20 | 084812233 |
| 02/04 | 5835 | 2,425.73 | 083322083 | 02/11 | 5837 | 910.00 | 084619190 | 02/20 | 5848 | 650.61 | 085027380 |
| 02/04 | 5830 | 3,350.00 | 075080484 | 02/11 | 5844 | 300.00 | 084439906 | 02/20 | 5852 | 21,252.00 | 085091888 |
| 02/05 | 5833 | 1,200.00 | 084758251 | 02/12 | 5840 | 7,983.55 | 085302400 | 02/25 | 5849 | 46,090.00 | 083860302 |

Checks and Substitute Checks continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period  02/01/2014 to 02/28/2014
Account number:  ████4716
Page 3 of 4

---

## Checks and Other Debits  - continued

### Checks and Substitute Checks  - continued    29 transactions for a total of $165,000.53

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|---|---|---|---|---|---|---|---|
| 02/25 | 5855 | 388.90 | 084229058 | 02/27 | 5854 | 872.01 | 085628593 |

### Returned Items    1 transaction for a total of $47,498.23

| Date posted | Amount | Transaction description | | | Reference number |
|---|---|---|---|---|---|
| 02/25 | 47,498.23 | Ret Dep Item | Fabritex | 101041 | 0221017108733STOP |

### ACH Debits    14 transactions for a total of $30,861.87

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/04 | 456.70 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 013105V01 | 0001403400810932 |
| 02/06 | 173.22 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 352545062204Rcj | 0001403600641340 |
| 02/10 | 18,061.63 | Corporate ACH EDI Paymts<br>United Healthcar 20140207005161 | 0001404100398095 |
| 02/10 | 1,982.40 | Corporate ACH ADP - Fees ADP Payroll Fees 53Rcj | 0001403800167040 |
| 02/10 | 1,697.65 | ACH Debit Insur Prem<br>American United 006121070000000 | 0001403800218871 |
| 02/10 | 5,262.00 | Corporate ACH Payment Amtrust N A 782280 | 0001404100392039 |
| 02/11 | 22.38 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 020706V01 | 0001404100668503 |
| 02/13 | 173.22 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 385047434557Rcj | 0001404300518880 |
| 02/19 | 13.43 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 021407V01 | 0001404900704120 |
| 02/20 | 173.22 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 746028998042Rcj | 0001405001205731 |
| 02/25 | 21.15 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc A0Rcj 022108V01 | 0001405501317959 |
| 02/27 | 173.22 | Corporate ACH ADP - Tax<br>ADP Tx/Fincl Svc 516048404741Rcj | 0001405701260112 |
| 02/28 | 2,506.99 | Corporate ACH Recurr ACH<br>Aico Credit Corp 90-10-100051-9 | 0001405800624755 |
| 02/28 | 144.66 | Corporate ACH ADP - Fees<br>ADP Payroll Fees 8Zemcj 9175848 | 0001405800431215 |

### Funds Transfers Out    13 transactions for a total of $749,156.78

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/03 | 31,250.00 | Fed Wire Out 005249 | W005249 0203 |
| 02/05 | 3,333.54 | Fed Wire Out 011567 | W011567 0205 |
| 02/06 | 1,862.36 | Fed Wire Out 010423 | W010423 0206 |
| 02/10 | 400,000.00 | Int'L Wire Out 017224 | W017224 0210 |
| 02/12 | 2,550.91 | Fed Wire Out 011837 | W011837 0212 |
| 02/13 | 1,399.61 | Fed Wire Out 012477 | W012477 0213 |
| 02/19 | 3,012.58 | Fed Wire Out 012484 | W012484 0219 |

Funds Transfers Out continued on next page

# Corporate Business Account Statement

SOLARIS INDUSTRIES INC
25 JOHN F KENNEDY

For the period   02/01/2014 to 02/28/2014
Account number:          4716
Page 4 of 4

## Checks and Other Debits   - continued

### Funds Transfers Out   - continued

13 transactions for a total of $749,156.78

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/20 | 1,797.26 | Fed Wire Out 012184 | W012184 0220 |
| 02/21 | 200,000.00 | Int'L Wire Out 028558 | W028558 0221 |
| 02/26 | 2,550.93 | Fed Wire Out 012628 | W012628 0226 |
| 02/26 | 50,000.00 | Int'L Wire Out 019331 | W019331 0226 |
| 02/27 | 1,399.59 | Fed Wire Out 013011 | W013011 0227 |
| 02/28 | 50,000.00 | Int'L Wire Out 025136 | W025136 0228 |

### Other Debits

1 transaction for a total of $1,005.85

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|
| 02/28 | 1,005.85 | Corporate Account Analysis Charge | 0000000000000019707 |

### Check and Substitute Check Summary
* Gap in check sequence

| Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number | Check number | Amount | Date paid | Reference number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5820 * | 1,666.67 | 02/06 | 085149574 | 5835 * | 2,425.73 | 02/04 | 083532061 | 5846 * | 1,202.46 | 02/18 | 083581711 |
| 5825 * | 9,485.39 | 02/07 | 085840787 | 5836 | 1,025.00 | 02/03 | 086892156 | 5847 | 12,525.00 | 02/13 | 085545828 |
| 5826 | 3,683.19 | 02/04 | 083578222 | 5837 | 910.00 | 02/11 | 084019180 | 5848 | 550.61 | 02/20 | 085227360 |
| 5827 | 349.46 | 02/03 | 057451055 | 5838 | 8,970.88 | 02/18 | 083164018 | 5849 | 49,080.00 | 02/25 | 083880302 |
| 5828 | 874.13 | 02/06 | 085186739 | 5839 | 25,839.00 | 02/06 | 085137895 | 5850 | 111.20 | 02/19 | 084812293 |
| 5829 | 382.01 | 02/03 | 083064163 | 5840 | 7,963.55 | 02/12 | 085302450 | 5851 | 2,458.08 | 02/19 | 003339606 |
| 5830 | 3,350.00 | 02/04 | 076080484 | 5841 | 823.18 | 02/11 | 084042182 | 5852 | 21,252.00 | 02/20 | 085091888 |
| 5831 | 1,625.00 | 02/03 | 083229670 | 5842 | 3,427.04 | 02/11 | 034137697 | 5854 * | 872.01 | 02/27 | 085628593 |
| 5832 | 1,480.00 | 02/03 | 086544490 | 5843 | 769.42 | 02/13 | 085785536 | 5855 | 388.90 | 02/25 | 084229058 |
| 5833 | 1,200.00 | 02/05 | 084756251 | 5844 | 300.00 | 02/11 | 084430805 | | | | |

Member FDIC           Equal Housing Lender

# EXHIBIT F



ROYAL BANK OF CANADA
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

May 3, 2013 to May 10, 2013

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ▓▓▓▓855-1

**How to reach us:**
Please contact your RBC Banking representative or call
**1-800-Royal®2-0**
**(1-800-769-2520)**
www.rbcroyalbank.com/business

## Account Summary for this Period

Business Current Account

Royal Bank of Canada
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---|
| Opening balance on May 3, 2013 | $16,647.17 |
| Total deposits & credits (2) | + 214,175.36 |
| Total cheques & debits (2) | - 55,109.95 |
| **Closing balance on May 10, 2013** | **= $175,712.58** |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---|---|---|
| | Opening balance | | | 16,647.17 |
| 06 May | Activity fee | 109.95 | | 16,537.22 |
| 09 May | BR TO BR - 7841 | | 53,147.33 ✓ | 69,684.55 |
| 10 May | BR TO BR - 7841 | | 161,028.03 ✓ | |
| | Royal Foreign Exchange withdrawal Reference 00024142384 | 55,000.00 | | 175,712.58 |
| | **Closing balance** | | | 175,712.58 |

Account Fees: $109.95



ROYAL BANK OF CANADA
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

June 7, 2013 to June 14, 2013

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

Account number: ████████-855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

Royal Bank of Canada
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---|
| Opening balance on June 7, 2013 | $1,347.45 |
| Total deposits & credits (3) | + 341,864.75 |
| Total cheques & debits (8) | - 311,659.58 |
| Closing balance on June 14, 2013 | = $31,552.62 |

## Account Activity Details

| Date | Description | | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---|---|---|---|
| | Opening balance | | | | 1,347.45 |
| 10 Jun | Cheque | 8,050.00 | 139,679.21 | | |
| | Serial # | 3074 | 3066 | | |
| | LOAN CREDIT | | | | -146,381.76 |
| 11 Jun | BR TO BR - 7841 | | | 150,000.00 | 3,618.24 |
| | Cheque | 6,125.00 | *59524.58 + 68259.69* 127,784.27 ✓ | | |
| | Serial # | 3069 | | | |
| | LOAN PAYMENT | | | | 125,277.51 |
| 13 Jun | BR TO BR - 7841 | | 95,000.00 | | 30,277.51 |
| | Cheque | 6,720.00 | 40,885.83 | 64,080.48 | |
| | Serial # | 3065 | 3070 | | |
| | LOAN PAYMENT | | | | 46,752.16 |
| | | | 15,000.00 | | 31,752.16 |

1 of 4



# Business Account Statement
## U.S. Funds

June 7, 2013 to June 14, 2013
Account number: ▓▓▓▓▓▓▓▓▓85-1

## Account Activity Details - continued

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|------|-------------|---------------------:|-----------------------:|------------:|
| 14 Jun | Direct Deposits (PDS) service total GRADS8955210000 | 199.54 | | 31,552.62 |
| | Closing balance | | | 31,552.62 |

 ROYAL BANK OF CANADA
P.O. BOX 6011 STATION A
MONTREAL QC   H3C 3B8

# Business Account Statement

## U.S. Funds

June 21, 2013 to June 28, 2013

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

Account number: ⬛⬛⬛-855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

Business Current Account

Royal Bank of Canada
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---|
| Opening balance on June 21, 2013 | $1,857.99 |
| Total deposits & credits (2) | + 196,879.38 |
| Total cheques & debits (1) | - 150,000.00 |
| Closing balance on June 28, 2013 | = $48,737.37 |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---|---|---|
| | Opening balance | | | 1,857.99 |
| 26 Jun | BR TO BR - 7841 | | 179,170.73 | 181,028.72 |
| 27 Jun | BR TO BR - 7841 | | 17,708.65 | |
| | Royal Foreign Exchange withdrawal Reference 00024289584 | 150,000.00 | | 48,737.37 |
| | Closing balance | | | 48,737.37 |

1 of 1



ROYAL BANK OF CANADA
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

July 5, 2013 to July 12, 2013

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

Account number: ██████855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

Business Current Account

Royal Bank of Canada
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---:|
| Opening balance on July 5, 2013 | $35,796.68 |
| Total deposits & credits (3) | + 3,152,318.01 |
| Total cheques & debits (7) | - 3,158,155.28 |
| Closing balance on July 12, 2013 | = $29,959.41 |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---:|---:|---:|
| | Opening balance | | | 35,796.68 |
| 08 Jul | Royal Foreign Exchange deposit Reference 00024315153 | | 70,000.00 | 105,796.68 |
| 09 Jul | Royal Foreign Exchange withdrawal Reference 00024211409 | 3,000,000.00 | | |
| | Cheque 40,058.41  Serial # 3080 | 61,479.54 3079 | | |
| | LOAN CREDIT | | | -2,995,741.27 |
| 10 Jul | BR TO BR - 7841 | | 3,000,000.00 82,318.01 ✓ | 4,258.73 |
| | Cheque 1,256.00  Serial # 3077 | | | |
| | LOAN PAYMENT | | | 85,320.74 |
| 11 Jul | Cheque 246.76  Serial # 3076 | 55,000.00 | | 30,320.74 |
| | | | | 30,073.98 |

1 of 3



# Business Account Statement
## U.S. Funds

July 5, 2013 to July 12, 2013
Account number: ▆▆▆▆▆855-1

## Account Activity Details - continued

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|------|-------------|---------------------|------------------------|-------------|
| 12 Jul | Direct Deposits (PDS) service total GRADS8955210000 | 114.57 | | 29,959.41 |
| | Closing balance | | | 29,959.41 |



ROYAL BANK OF CANADA
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

July 12, 2013 to July 19, 2013

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ████████855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

Business Current Account

Royal Bank of Canada
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---:|
| Opening balance on July 12, 2013 | $29,959.41 |
| Total deposits & credits (1) | + 154,383.14 |
| Total cheques & debits (2) | - 156,261.26 |
| Closing balance on July 19, 2013 | = $28,081.29 |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---:|---:|---:|
| | Opening balance | | | 29,959.41 |
| 17 Jul | BR TO BR - 7841 | | 154,383.14 | 184,342.55 |
| | LOAN PAYMENT | 155,000.00 | | 29,342.55 |
| 18 Jul | Direct Deposits (PDS) service total GRADS8955210000 | 1,261.26 | | 28,081.29 |
| | Closing balance | | | 28,081.29 |

1 of 1



**ROYAL BANK OF CANADA**
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

July 26, 2013 to August 2, 2013

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ▓▓▓▓▓▓855-1

**How to reach us:**
Please contact your RBC Banking representative or call
**1-800-Royal®2-0**
**(1-800-769-2520)**
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

**Royal Bank of Canada**
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC H3C 3B5

| | |
|---|---:|
| Opening balance on July 26, 2013 | -$8,327.13 |
| Total deposits & credits (5) | + 214,284.15 |
| Total cheques & debits (6) | - 206,421.24 |
| **Closing balance on August 2, 2013** | **= -$464.22** |

> *Have your business needs changed? We can help.*
>
> *Let us help identify opportunities to take your business to the next level, whether it's making your cash flow cycle more efficient or helping to set the stage for future growth. Your account manager would be pleased to help, or call an RBC Business Advisor at 1-800-769-2520.*

## Account Activity Details

| Date | Description | Cheques & Debits ($) | | Deposits & Credits ($) | Balance ($) |
|---|---|---:|---:|---:|---:|
| | **Opening balance** | | | | |
| 26 Jul | LOAN CREDIT | | | | **-8,327.13** |
| 29 Jul | Cheque | | | 10,000.00 | 1,672.87 |
| | Serial # | 505.00 | 2,099.00 | | |
| | | 3081 | 3083 | | |
| | LOAN CREDIT | | | | -931.13 |
| 30 Jul | BR TO BR - 7841 | | | 5,000.00 | 4,068.87 |
| | BR TO BR - 7841 | | | 40,389.80 ✓ | |
| | LOAN PAYMENT | | | 103,894.35 ✓ | 148,353.02 |
| | | 120,000.00 | | | 28,353.02 |
| 01 Aug | Cheque | | | | |
| | Serial # | 40,679.91 | 40,887.33 | | -53,214.22 |
| | | 3090 | 3089 | | |
| | LOAN CREDIT | | | 55,000.00 | 1,785.78 |

*$ 36,379.40 ~~~*

1 of 4



# Business Account Statement
## U.S. Funds

July 26, 2013 to August 2, 2013
Account number: ████████855-1

## Account Activity Details - continued

| Date | Description | | | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|------|-------------|---|---|----------------------|------------------------|-------------|
| 02 Aug | Cheque | 2,250.00 | | | | |
| | Serial # | 3088 | | | | -464.22 |
| | Closing balance | | | | | -464.22 |

## Important Account Information

**RBC Business Advisors are available 24 hours a day, 7 days a week**

Our team of business advisors are available whenever you need them.

Call us at 1-800-769-2520 for:

- Business account transaction information
- Credit and debit card processing solutions
- Your nearest ATM or Night Deposit location
- Help with your personal banking needs
- And more

Please check this Account Statement without delay and advise us of any error or omission within 45 days of the statement date.
An image included on this Account Statement does not indicate that a cheque has been successfully processed as of the statement date.
Please retain this statement for your records. Additional copies will be subject to a nominal fee.
®Registered trademarks of Royal Bank of Canada.
† Bank of Canada GST Registration Number: R105240165.



ROYAL BANK OF CANADA
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement

## U.S. Funds

January 17, 2014 to January 24, 2014

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ⬛⬛⬛⬛⬛⬛-855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

---

## Account Summary for this Period

**Business Current Account**

**Royal Bank of Canada**
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---|
| Opening balance on January 17, 2014 | $1,433.39 |
| Total deposits & credits (3) | + 1,600,400.00 |
| Total cheques & debits (2) | − 399,408.43 |
| Closing balance on January 24, 2014 | = $1,202,424.96 |

---

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---|---|---|
| | Opening balance | | | 1,433.39 |
| 21 Jan | Debit adjustment | 29,408.43 | | −27,975.04 |
| 22 Jan | BR TO BR - 7512 | | 400.00 | −27,575.04 |
| 23 Jan | Royal Foreign Exchange deposit<br>Reference 00904028426 | | 400,000.00 | 372,424.96 |
| | Funds transfer credit  TT SOLARIS INDU | | 1,200,000.00 | |
| | Loan payment/interest   NO.33828112 003 | 370,000.00 | | 1,202,424.96 |
| | Closing balance | | | 1,202,424.96 |



**ROYAL BANK OF CANADA**
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

January 24, 2014 to January 31, 2014

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ▓▓▓▓-855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

Royal Bank of Canada
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---|
| Opening balance on January 24, 2014 | $1,202,424.96 |
| Total deposits & credits (2) | + 55,680.00 |
| Total cheques & debits (2) | - 1,255,000.00 |
| Closing balance on January 31, 2014 | = $3,104.96 |

## Account Activity Details

| Date | Description | | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---|---|---|---|
| | Opening balance | | | | 1,202,424.96 |
| 24 Jan | Loan payment/interest | NO.33828112 003 | 1,200,000.00 | | 2,424.96 |
| 28 Jan | BR TO BR - 7841 | | | 10,000.00 | |
| | BR TO BR - 7841 | | | 45,680.00 ✓ | 58,104.96 |
| | Loan payment/interest | NO.33828112 003 | 55,000.00 | | 3,104.96 |
| | Closing balance | | | | 3,104.96 |

1 of 1



**ROYAL BANK OF CANADA**
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement
## U.S. Funds

January 31, 2014 to February 7, 2014

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ⬛⬛⬛⬛855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

**Royal Bank of Canada**
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---:|
| Opening balance on January 31, 2014 | $3,104.96 |
| Total deposits & credits (3) | + 29,038.97 |
| Total cheques & debits (2) | - 25,124.85 |
| Closing balance on February 7, 2014 | = $7,019.08 |

*Have your business needs changed? We can help.*

*Let us help identify opportunities to take your business to the next level, whether it's making your cash flow cycle more efficient or helping to set the stage for future growth. Your account manager would be pleased to help, or call an RBC Business Advisor at 1-800-769-2520.*

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---:|---:|---:|
| | Opening balance | | | 3,104.96 |
| 03 Feb | Deposit Interest | | 0.99 | 3,105.95 |
| 05 Feb | BR TO BR - 7841 | | 25,839.00 ✓ | 28,944.95 |
| | Loan payment/interest    NO.33828112 003 | 25,000.00 | | 3,944.95 |
| 06 Feb | Activity fee | 124.85 | | 3,820.10 |
| 07 Feb | BR TO BR - 7841 | | 3,198.98 | 7,019.08 |
| | Closing balance | | | 7,019.08 |

Deposit Interest Earned: $0.99

Account Fees: $124.85



**ROYAL BANK OF CANADA**
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement

# U.S. Funds

February 7, 2014 to February 14, 2014

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

**Account number:** ████████-855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

**Royal Bank of Canada**
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---:|
| Opening balance on February 7, 2014 | $7,019.08 |
| Total deposits & credits (2) | + 412,525.00 |
| Total cheques & debits (3) | - 415,000.00 |
| Closing balance on February 14, 2014 | = $4,544.08 |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---:|---:|---:|
| | Opening balance | | | 7,019.08 |
| 07 Feb | Loan payment/interest   NO.33828112 003 | 5,000.00 | | 2,019.08 |
| 10 Feb | Funds transfer credit   TT SOLARIS INDU | | 400,000.00 | 402,019.08 |
| | Loan payment/interest   NO.33828112 003 | 400,000.00 | | 2,019.08 |
| 12 Feb | BR TO BR - 7841 | | 12,525.00 | 14,544.08 |
| | Loan payment/interest   NO.33828112 003 | 10,000.00 | | 4,544.08 |
| | Closing balance | | | 4,544.08 |

1 of 1



**ROYAL BANK OF CANADA**
P.O. BOX 6011 STATION A
MONTREAL QC  H3C 3B8

# Business Account Statement

## U.S. Funds

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ  J7Y 4B4

February 14, 2014 to February 21, 2014

**Account number:** ⬛⬛⬛⬛-855-1

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

**Royal Bank of Canada**
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC  H3C 3B5

| | |
|---|---:|
| Opening balance on February 14, 2014 | $4,544.08 |
| Total deposits & credits (1) | + 21,252.00 |
| Total cheques & debits (2) | - 5,723.52 |
| Closing balance on February 21, 2014 | = $20,072.56 |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
|---|---|---:|---:|---:|
| | Opening balance | | | 4,544.08 |
| 18 Feb | Overdraft interest  @ USBR+05.00%PA | 13.32 | | 4,530.76 |
| 19 Feb | BR TO BR - 7841 | | 21,252.00 ✓ | 25,782.76 |
| 21 Feb | Debit adjustment | 5,710.20 | | 20,072.56 |
| | Closing balance | | | 20,072.56 |



**ROYAL BANK OF CANADA**
P.O. BOX 6011 STATION A
MONTREAL QC H3C 3B8

# Business Account Statement
## U.S. Funds

February 21, 2014 to February 28, 2014

DELHI-SOLAC INC
25 RUE JOHN-F.-KENNEDY
ST-JEROME PQ J7Y 4B4

| Account number: | ███████855-1 |
| --- | --- |

**How to reach us:**
Please contact your RBC Banking representative or call
1-800-Royal®2-0
(1-800-769-2520)
www.rbcroyalbank.com/business

## Account Summary for this Period

**Business Current Account**

**Royal Bank of Canada**
1 PLACE VILLE MARIE-GROUND FLR, MONTREAL, QC H3C 3B5

| | |
| --- | --- |
| Opening balance on February 21, 2014 | $20,072.56 |
| Total deposits & credits (4) | + 620,000.00 |
| Total cheques & debits (2) | - 340,000.00 |
| Closing balance on February 28, 2014 | = $300,072.56 |

## Account Activity Details

| Date | Description | Cheques & Debits ($) | Deposits & Credits ($) | Balance ($) |
| --- | --- | --- | --- | --- |
| | Opening balance | | | 20,072.56 |
| 21 Feb | Loan payment/interest    NO.33828112 003 | 90,000.00 | | -69,927.44 |
| 24 Feb | Loan credit    NO.33828112 003 | | 70,000.00 | 72.56 |
| 26 Feb | Funds transfer credit  TT SOLARIS INDU | | 50,000.00 | |
| | Funds transfer credit  TT SOLARIS INDU | | 200,000.00 | 250,072.56 |
| 27 Feb | Loan payment/interest    NO.33828112 003 | 250,000.00 | | 72.56 |
| 28 Feb | Royal Foreign Exchange deposit  Reference 00024957885 | | 300,000.00 | 300,072.56 |
| | Closing balance | | | 300,072.56 |

1 of 1

# EXHIBIT G

**AVIS DE RETRAIT D'AUTORISATION DE
PERCEVOIR LES CRÉANCES /
NOTICE OF WITHDRAWAL OF AUTHORIZATION TO
COLLECT CLAIMS**
(Article 2745 du *Code civil du Québec*)

| | |
|---|---|
| **DE/FROM :** | **BANQUE ROYALE DU CANADA/ ROYAL BANK OF CANADA**, Banque à charte canadienne dûment constituée en vertu de la *Loi sur les Banques*, ayant une place d'affaires au 1, Place Ville-Marie, 9ᵉ étage ouest, en les ville et district de Montréal, province de Québec, H3C 3A9; |
| **À/TO :** | **DELHI-SOLAC INC.** ayant son siège au 25, rue John-F. Kennedy, St-Jérôme, province de Québec, J7Y 4B4; |
| **À/TO :** | **SOLARIS INDUSTRIES INC.**, 133 Industrial Drive, Kings Mountain, North Carolina, USA 27603 |

Tous les débiteurs ou détenteurs de sommes d'argent, chèques ou de créances dues à **DELHI-SOLAC INC.**

All debtors or holders of any sums of money, cheques or amount owed to **DELHI-SOLAC INC.**

SOYEZ par les présentes avisés qu'en vertu d'hypothèques mobilières conventionnelles sans dépossession consenties par **DELHI-SOLAC INC.** à Banque Royale du Canada datées des :
1) **12 février 2010** et dûment publiée au Registre des droits personnels et réels mobiliers (le « RDPRM ») en date du **19 février 2010** sous le numéro **10-0097075-0003**;
2) **24 août 2010** et dûment publiée au RDPRM en date du 26 août 2010 sous le numéro **10-0589805-0001.**

(ci-après les «Hypothèques ») :

**DELHI-SOLAC INC.** a notamment hypothéqué en faveur de Banque Royale du Canada les biens décrits à l'Annexe ci-jointe.

NOTICE is hereby given that pursuant movable conventional hypothecs without delivery granted by **DELHI-SOLAC INC.** to Royal Bank of Canada dated:
1) **February 12, 2010**, and duly registered at the Register of Personal and Movable Real Rights (the "RPMRR") on **February 19, 2010**, under number **10-0097075-0003**;
2) **August 24, 2010**, and duly registered at the RPMRR on **August 26, 2010**, under number **10-0589805-0001.**

(the "Hypothecs")

**DELHI-SOLAC INC.** has namely hypothecated in favour of Royal Bank of Canada the movables described in the attached Schedule.

Les Hypothèques ont été consenties pour la somme totale de 11 339 000 $ portant intérêts.

**DELHI-SOLAC INC.** étant en défaut envers Banque Royale du Canada en vertu des Hypothèques, soyez avisés que par les présentes Banque Royale du Canada retire à **DELHI-SOLAC INC.** le droit de percevoir les créances et percevra désormais elle-même lesdites créances, et qu'à compter de ce jour, vous êtes requis de payer toutes telles créances, et toutes les sommes que vous devez ou pourriez devoir à **DELHI-SOLAC INC.** a/s de :

The said Hypothecs were granted for a total amount of **$11,339,000** bearing interests.

**DELHI-SOLAC INC.** being in default towards Royal Bank of Canada in accordance of the above-mentioned Hypothecs, Royal Bank of Canada hereby withdraws to **DELHI-SOLAC INC.** its authorization to collect said claims and will collect same, and you are hereby notified that as of the date of reception of this Notice, you are required from now on to pay all such claims, and pay and all monies owing or which may become due to **DELHI-SOLAC INC.** to the c/o:

Heenan Blaikie S.E.N.C.R.L., SRL / LLP
c/o Me Claude Paquet
1250 René-Lévesque Ouest, Bureau 2500
Montréal, Province de Québec, Canada, H3B 4Y1
Tél. : (514) 846-2378
Fax : (514) 921-1378
Courriel : cpaquet@heenan.ca
Chèques libellés à l'ordre de Banque Royale du Canada
Cheques payable to the order of Royal Bank of Canada

DE PLUS soyez avisés que tout chèque ou effet postdaté qui a été remis par vous ou qui sera émis par vous à une autre partie que Banque Royale du Canada a/s de Heenan Blaikie S.E.N.C.R.L., SRL en paiement de toutes telles créances ou dettes de livres, présentes ou futures, doit être immédiatement annulé par vous sans tarder.

FURTHER NOTICE is hereby given that any cheque or post-dated instrument which has been or may be made payable to any other party than Royal Bank of Canada c/o Heenan Blaikie LLP in payment of any such claims or book debts, present or future, must be stopped immediately.

EN EFFET, SOYEZ AVISÉS que tout paiement à une personne autre que BANQUE ROYALE DU CANADA a/s de Heenan Blaikie S.E.N.C.R.L., SRL sera nul à compter de la réception du présent Avis et vous rendra susceptible de poursuites judiciaires pour non-paiement des sommes dues par vous.

YOU ARE HEREBY NOTIFIED that any payment to any person other than ROYAL BANK OF CANADA c/o Heenan Blaikie LLP shall be of no effect as of the date of reception of the present Notice and will render you liable and henceforth subject to legal proceedings for non-payment of the monies owing by you.

| VEUILLEZ AGIR EN CONSÉQUENCE. | DO GOVERN YOURSELVES ACCORDINGLY. |
|---|---|

SIGNÉ À MONTRÉAL, ce 16 janvier 2014

HEENAN BLAIKIE, S.E.N.C.R.L., SRL/LLP,

Claude Paquet, avocat
**Heenan Blaikie S.E.N.C.R.L., SRL/LLP**
Procureurs de Banque Royale du Canada
Attorneys for Royal Bank of Canada

HBdocs - 16289316v1

Registre
des droits personnels
et réels mobiliers

Québec ⬛⬛

Date, heure, minute de certification : 2013-08-12 09:00
Critère de recherche  Nom d'organisme : Delhi-solac inc.

Critère de sélection  Nom d'organisme : DELHI SOLAC INC  Code Postal : J7Y4B4
Fiche 004 - Détail de l'inscription 1 (de 2)

INSCRIPTION
10-0589805-0001                    DATE-HEURE-MINUTE
                                   2010-08-26 14:46              DATE EXTRÊME D'EFFET
HYPOTHÈQUE CONVENTIONNELLE SANS DÉPOSSESSION                     2020-08-24

PARTIES

Titulaire

BANQUE ROYALE DU CANADA
1 PVM, 12e étage, Aile est,  Montréal, QC
Constituant                                                     H3C 3A9

DELHI-SOLAC INC
25 J.-F. KENNEDY STREET, ST-JEROME, QC
                                                                J7Y 4B4
BIENS

THE HYPOTHEC CHARGES ALL PRESENT AND FUTURE PROPERTY INCLUDED IN THE
UNIVERSALITY DESCRIBED HEREINBELOW :

ALL ACCOUNTS RECEIVABLE, ALL CLAIMS AND ALL DEBTS, OF ANY NATURE OR
ORIGIN, WETHER DUE OR NOT AND WHETHER SECURED OR NOT, AS WELL AS ALL
CLAIMS BY THE GRANTOR PURSUANT TO INSURANCE POLICIES, AS WELL AS ALL
AMOUNTS DERIVED FROM PAYMENT OR COLLECTION OF SUCH ACCOUNTS RECEIVABLE,
DEBTS AND CLAIMS.

ALL THE GRANTOR'S PRESENT AND FUTURE INVENTORY, AS WELL AS ALL THE
INVENTORY ACQUIRED IN REPLACEMENT THEREOF OR OTHERWISE BY THE GRANTOR,
WHERESOEVER SITUATED.

THE HYPOTHEC ALSO CHARGES THE FOLLOWING PRESENT AND FUTURE PROPERTY,
RELATING TO THE ABOVE-DESCRIBED HYPOTHECATED PROPERTY:  THE PRODUCTS
AND CLAIMS RESULTING FROM THEIR SALE OR RENTAL;
THE FRUITS AND REVENUES THEY MIGHT PRODUCE, INCLUDING ALL INSURANCES OR
EXPROPRIATION INDEMNITIES;
THE RIGHTS, TITLES AND DOCUMENTS, OF WHATEVER FORM OR NATURE,
PERTAINING THERETO;
THE PROPERTY (INCLUDING MONEY) OBTAINED AS A RESULT OF ANY REPLACEMENT,
RENEWAL, SUBSTITUTION, ADDITION OR TRANSFORMATION OF SUCH PROPERTY.

MENTIONS

Somme de l'hypothèque

$5,819,000.00
PRIME RATE + 5.000%
Référence à l'acte constitutif

Forme de l'acte : Sous seing privé

Page 7 de 18

Date : 2010-08-24
Lieu : ST-JEROME

REMARQUES

INSCRIPTION
10-0536726-0017
Cession de rang

DATE-HEURE-MINUTE
2010-09-14 14:48

AVIS D'ADRESSE

N° 000114

Page 8 de 18

*Registre*
*des droits personnels*
*et réels mobiliers*
**Québec** ⊞⊞
⊞⊞

Date, heure, minute de certification : 2013-08-12 09:00

Critère de recherche Nom d'organisme : Delhi-Solac inc.

Critère de sélection Nom d'organisme : DELHI SOLAC INC Code Postal : J7Y4B4
Fiche 005 - Détail de l'inscription 1 (de 2)

| INSCRIPTION | DATE-HEURE-MINUTE | |
|---|---|---|
| 10-0097075-0003 | 2010-02-19 14:52 | DATE EXTRÊME D'EFFET |
| HYPOTHÈQUE CONVENTIONNELLE SANS DÉPOSSESSION | | 2020-02-12 |

PARTIES

**Titulaire**

BANQUE ROYALE DU CANADA
1 PVM, 12e étage, Aile est,  Montréal, QC

**Constituant**                                                          H3C 3A9

DELHI-SOLAC INC
25 RUE J.-F.-KENNEDY, ST-JEROME, QC
                                                                         J7Y 4B4

BIENS

THE HYPOTHEC CHARGES ALL PRESENT AND FUTURE PROPERTY INCLUDED IN THE
UNIVERSALITY DESCRIBED HEREINBELOW :

ALL ACCOUNTS RECEIVABLE, ALL CLAIMS AND ALL DEBTS, OF ANY NATURE OR
ORIGIN, WETHER DUE OR NOT AND WHETHER SECURED OR NOT, AS WELL AS ALL
CLAIMS BY THE GRANTOR PURSUANT TO INSURANCE POLICIES, AS WELL AS ALL
AMOUNTS DERIVED FROM PAYMENT OR COLLECTION OF SUCH ACCOUNTS RECEIVABLE,
DEBTS AND CLAIMS.

ALL THE GRANTOR'S PRESENT AND FUTURE INVENTORY, AS WELL AS ALL THE
INVENTORY ACQUIRED IN REPLACEMENT THEREOF OR OTHERWISE BY THE GRANTOR,
WHERESOEVER SITUATED.

THE HYPOTHEC ALSO CHARGES THE FOLLOWING PRESENT AND FUTURE PROPERTY,
RELATING TO THE ABOVE-DESCRIBED HYPOTHECATED PROPERTY:   THE PRODUCTS
AND CLAIMS RESULTING FROM THEIR SALE OR RENTAL;
THE FRUITS AND REVENUES THEY MIGHT PRODUCE, INCLUDING ALL INSURANCES OR
EXPROPRIATION INDEMNITIES;
THE RIGHTS, TITLES AND DOCUMENTS, OF WHATEVER FORM OR NATURE,
PERTAINING THERETO;
THE PROPERTY (INCLUDING MONEY) OBTAINED AS A RESULT OF ANY REPLACEMENT,
RENEWAL, SUBSTITUTION, ADDITION OR TRANSFORMATION OF SUCH PROPERTY.

MENTIONS

**Somme de l'hypothèque**

$5,520,000.00
PRIME RATE + 5.000%

**Référence à l'acte constitutif**

Forme de l'acte : Sous seing privé

Date : 2010-02-12
Lieu : ST-JEROME

**REMARQUES**

INSCRIPTION
10-0175322-0014
Cession de rang

DATE-HEURE-MINUTE
2010-03-25 14:46

**NOTES**

De l'officier :

Date: 2010-07-20.
Pour faciliter la consultation du registre, l'Officier de la publicité des droits a ajouté, dans le champ « Remarques », la référence à des inscriptions qui se rapportent à la présente inscription.
Christine Lessard, officier-adjoint.

**AVIS D'ADRESSE**

N° 000114

À :    DELHI-SOLAC INC.

DE :    BANQUE ROYALE DU CANADA

**AVIS DE RETRAIT D'AUTORISATION DE
PERCEVOIR LES CRÉANCES/NOTICE OF
WITHDRAWAL OF AUTHORIZATION TO
COLLECT CLAIMS**
(Art. 2745 C.c.Q.)

DELHI-SOLAC INC.
25, RUE JOHN-F. KENNEDY
ST-JÉRÔME, QC J7Y 4B4

Code: BJ-0039                    N/Réf. : 023458.1608
Me Claude Paquet               Tél. : 514.846.2378
                                        Télécopie : 514.921.1378

**Heenan Blaikie** S.E.N.C.R.L., SRL
A V O C A T S / L A W Y E R S
1250, boul. René-Lévesque Ouest, bureau 2500
Montréal (Québec)  H3B 4Y1